**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF M. OWEN, Individually and on behalf of all others similarly situated, | Case No. 1:21-cv-06176-DG-RML |
| Plaintiff, | |
| v. | |
| RECONNAISSANCE ENERGY AFRICA LTD. f/k/a LUND ENTERPRISES CORP., JAMES JAY PARK, SCOT EVANS, IAN D. BROWN, CARLOS ESCRIBANO, SHIRAZ DHANANI, MARK GERLITZ, JAMES GRANATH, CLAIRE PREECE, NDAPEWOSHALI SHAPWANALE, CHRIS GILMOUR, and SINDILA MWIYA, | Date of Service: December 27, 2021 |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT PARTOVY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Robert Partovy ("Partovy") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Partovy as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Partovy's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired the publicly traded securities of Reconnaissance Energy Africa Ltd. f/k/a Lund Enterprises Corp. ("ReconAfrica" or the "Company") between February 28, 2019 and September 7, 2021, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Partovy is the "most adequate plaintiff" as defined by the PSLRA.

Partovy believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Partovy satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff

provision, Partovy respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Partovy's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.      FACTUAL BACKGROUND[1]

ReconAfrica purportedly identifies, explores, and develops oil and/or gas assets in Namibia and Botswana, including in the Kalahari Desert and other fragile areas. Defendant ReconAfrica purports to hold a 90% interest in a petroleum exploration license that covers an area of approximately 25,341.33 square kilometers located in Namibia; and a 100% working interest in a petroleum license which covers an area of 9,921 square kilometers in northwestern Botswana.

The complaint filed in this action alleges that throughout the Class Period, the defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects, including: (1) that ReconAfrica planned to use unconventional means for energy extraction (including fracking) in the fragile Kavango area; (2) that ReconAfrica would begin unlicensed drilling tests; (3) that ReconAfrica would illegally use water for well testing; (4) that ReconAfrica would illegally store used water in unlined pools; (5) that ReconAfrica would skirt Namibian law and hire an inadequate and inappropriate consultant; (6) that, as a result, ReconAfrica risked future well, drilling, and water-related licenses in Namibia and Botswana; (7) that, as opposed to its representations, ReconAfrica did not reach out nor provide adequate information (including in

---

[1] This section is adapted from the complaints in the above-captioned action. Dkt. No. 1.

relevant local languages) through accessible means to those to be impacted by its testing and potential energy extraction; (8) that ReconAfrica's interests are in the Owambo Basin, not the so-called Kavango Basin; (9) that ReconAfrica has continuously engaged in stock pumping; and (10) as a result of the foregoing, Defendants' public statements were materially false and/or misleading at all relevant times.

Through a series of disclosures and reporting by *National Geographic*, the Petroleum Commissioner in the Namibian Ministry of Mines and Energy, *Yale Environment 360*, *New Era*, Namibia's Minister of Agriculture, Water and Land Reform, and Viceroy Research, that occurred on October 28, 2020, March 8, 2021, April 22, 2021, May 11, 2021, May 12, 2021, May 26, 2021, June 24, 2021, July 14, 2021, August 16, 2021, and September 7, 2021, the truth regarding ReconAfrica's misrepresentations was gradually revealed, and ReconAfrica's share price fell in response to each disclosure.

As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Partovy Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

3

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Partovy satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Partovy has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Partovy is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Partovy respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Partovy Filed a Timely Motion

Partovy has made a timely motion in response to a PSLRA early notice. On October 25, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with the first-filed action against the defendants herein. *See* Declaration of Gregory B. Linkh in Support of Robert Partovy's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Partovy had sixty days (*i.e.*, until December 27,

4

2021) to file a motion to be appointed as lead plaintiff. As a purchaser of ReconAfrica securities during the Class Period, Partovy is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Partovy attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Partovy satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Partovy Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Partovy believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Partovy purchased ReconAfrica securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Partovy is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Partovy believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Partovy Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Partovy's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Partovy's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Partovy alleges that the defendants' material misstatements and

omissions concerning ReconAfrica's business, operations, and financial prospects violated the federal securities laws. Partovy, like all members of the class, purchased ReconAfrica securities in reliance on the defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Partovy's interests and claims are "typical" of the interests and claims of the class.

### b) Partovy Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Partovy has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Partovy is not aware of any conflict between his claims and those asserted on behalf of the class. Partovy has also submitted a declaration herewith, attesting to his adequacy. *See* Linkh Decl., Ex. D. Partovy resides in Beverly Hills, California, has a Doctor of Osteopathy (D.O.) Degree from Western University of Health Sciences, and has been a Family Physician for approximately 23 years. *Id.* ¶ 2. Partovy is well-equipped to represent the class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Partovy has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay &

Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.     CONCLUSION

For the foregoing reasons, Robert Partovy respectfully requests that the Court grant his Motion and enter an Order (1) appointing Partovy as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: December 27, 2021          **GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Robert Partovy and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 27, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 27, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh