UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *In Re Reconnaissance Energy Africa Ltd. Securities Litigation*, Case No. 1:21-cv-06176-NRM-RML (the "U.S. Action");

WHEREAS, (a) lead plaintiff Robert Partovy ("U.S. Lead Plaintiff"), on behalf of himself and the U.S. Settlement Class (defined below), and (b) defendant Reconnaissance Energy Africa Ltd. ("ReconAfrica"), and James Jay Park, Scot Evans, Ian D. Brown, Carlos Escribano, Shiraz Dhanani, Mark Gerlitz, and James Granath (collectively, the "Individual Defendants"; and, together with ReconAfrica, the "Defendants"; and together with U.S. Lead Plaintiff, the "U.S. Parties") have determined to settle all claims asserted against Defendants in this U.S. Action with prejudice on the terms and conditions set forth in the Global Stipulation and Agreement of Settlement dated February 27, 2024 (the "Stipulation") subject to approval of this Court (the "U.S. Settlement");

WHEREAS, the Stipulation also provides for the settlement of claims asserted against ReconAfrica in related litigation pending in Canada in the Supreme Court of British Columbia, *Bowles v. Reconnaissance Energy Africa Ltd.*, Court File No. VLC-S-S-233808, subject to the approval of the Canadian Court;

WHEREAS, U.S. Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the U.S. Settlement in accordance with the Stipulation, certifying the U.S. Settlement Class for purposes of the U.S. Settlement only, and allowing notice to U.S. Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) U.S. Lead Plaintiff's motion for preliminary approval of the U.S. Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed U.S. Settlement, a U.S. Settlement Class consisting of all persons and entities that purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market, between February 28, 2019 and September 7, 2021, both dates inclusive, and were damaged thereby. Excluded from the U.S. Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of ReconAfrica and/or its predecessor Lund Enterprises Corp. during the U.S. Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of ReconAfrica and/or Lund; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or

member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the U.S. Settlement Class are any persons and entities who or which submit a request for exclusion from the U.S. Settlement Class that is accepted by the U.S. Court. For the avoidance of doubt: (a) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants; and (b) while investors that purchased ReconAfrica Securities exclusively on the TSXV or Frankfurt markets are excluded from the U.S. Settlement Class, investors that purchased ReconAfrica Securities on the TSXV or Frankfurt markets in addition to the U.S. OTC market may be members of the U.S. Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund.

2. **Class Findings** – Solely for purposes of the proposed U.S. Settlement of this U.S. Action, the Court finds that each element required for certification of the U.S. Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the U.S. Settlement Class are so numerous that their joinder in the U.S. Action would be impracticable; (b) there are questions of law and fact common to the U.S. Settlement Class which predominate over any individual questions; (c) the claims of U.S. Lead Plaintiff in the U.S. Action are typical of the claims of the U.S. Settlement Class; (d) U.S. Lead Plaintiff and U.S. Lead Counsel have and will fairly and adequately represent and protect the interests of the U.S. Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the U.S. Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the U.S. Settlement only, U.S. Lead Plaintiff Robert Partovy is an adequate class representative and certifies him as the Class Representative for the U.S. Settlement Class. The Court also appoints U.S. Lead Counsel as Class Counsel for the U.S. Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the U.S. Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the U.S. Settlement Class, subject to further consideration at the U.S. Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "U.S. Settlement Hearing") on _____, 2024 at __:__ _.m. in Courtroom 6E North of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, for the following purposes: (a) to determine whether the proposed U.S. Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the U.S. Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the U.S. Action with prejudice against Defendants; (c) to determine whether the proposed U.S. Plan of Allocation for the proceeds of the U.S. Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by U.S. Lead Counsel for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the U.S. Settlement. Notice of the U.S. Settlement and the U.S. Settlement Hearing shall be given to U.S. Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the U.S. Settlement Hearing without further notice to the U.S. Settlement Class, and may approve the proposed U.S. Settlement with such modifications as the U.S. Parties may agree to, if appropriate, without further notice to the U.S. Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** – U.S. Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "U.S. Claims Administrator") to supervise and administer the notice procedure in connection with the proposed U.S. Settlement as well as the processing of U.S. Claims as more fully set forth below. Notice of the U.S. Settlement and the U.S. Settlement Hearing shall be given by U.S. Lead Counsel as follows:

(a) for the purposes of identifying and providing notice to the U.S. Settlement Class, within five (5) business days after the Court's entry of this Order, ReconAfrica, or its successor entity, will provide or cause to be provided to the U.S. Claims Administrator in an electronic format such as Excel (at no cost to the U.S. Settlement Fund, U.S. Lead Plaintiff, U.S. Lead Counsel, or the U.S. Claims Administrator), its shareholder lists (consisting of names and addresses) of the purchasers of publicly traded ReconAfrica Securities during the U.S. Settlement Class Period. To the extent not already contained in said shareholder list(s), ReconAfrica shall also provide information, if known to ReconAfrica, identifying the distinction by which shareholders purchased shares listed on the TSXV, the Frankfurt Stock Exchange, and the U.S. OTC market;

(b) not later than twenty (20) business days after the date of entry of this Order (the "U.S. Notice Date"), the U.S. Claims Administrator shall cause a copy of the U.S. Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential U.S. Settlement Class Members at the addresses set forth in the records provided by

ReconAfrica or in the records which ReconAfrica caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)   contemporaneously with the mailing of the U.S. Postcard Notice, the U.S. Claims Administrator shall cause copies of the U.S. Notice and the U.S. Claim Form to be posted on a website to be developed for the U.S. Settlement, from which copies of the U.S. Notice and U.S. Claim Form can be downloaded;

(d)   not later than ten (10) business days after the U.S. Notice Date, the U.S. Claims Administrator shall cause the U.S. Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)   not later than seven (7) calendar days prior to the U.S. Settlement Hearing, U.S. Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.   **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the U.S. Notice, the U.S. Claim Form, the U.S. Summary Notice, and the U.S. Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the U.S. Postcard Notice, the posting of the U.S. Notice and U.S. Claim Form online, and the publication of the U.S. Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise U.S. Settlement Class Members of the pendency of the U.S. Action, of the effect of the proposed U.S. Settlement (including the Releases to be provided thereunder), of U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses, of their right to object to the

6

U.S. Settlement, the U.S. Plan of Allocation and/or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of U.S. Litigation Expenses, of their right to exclude themselves from the U.S. Settlement Class, and of their right to appear at the U.S. Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed U.S. Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the U.S. Settlement Hearing shall be included in the U.S. Postcard Notice, U.S. Notice, and U.S. Summary Notice before they are mailed, posted online, and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market during the U.S. Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the U.S. Postcard Notice, request from the U.S. Claims Administrator sufficient copies of the U.S. Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those U.S. Postcard Notices forward them to all such beneficial owners; (b) request from the U.S. Claims Administrator a link to the U.S. Notice and U.S. Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the U.S. Postcard Notice send a list of the names and addresses of all such beneficial owners to the U.S. Claims Administrator, in which event the U.S. Claims Administrator shall promptly mail the U.S. Postcard Notice to such beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable

expenses actually incurred up to a maximum of $0.03 per name and address provided to the U.S. Claims Administrator; up to $0.03 per U.S. Postcard Notice actually mailed, plus postage at the rate used by U.S. Claims Administrator; or up to $0.03 per link to the U.S. Notice and U.S. Claim Form transmitted by email, by providing the U.S. Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the U.S. Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice. Postcard Notices may only be printed by the Court-appointed Claims Administrator.

10. **Participation in the Settlement** – U.S. Settlement Class Members who wish to participate in the U.S. Settlement and to be eligible to receive a distribution from the U.S. Net Settlement Fund must complete and submit a U.S. Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all U.S. Claim Forms must be postmarked or submitted online no later than one hundred and twenty (120) calendar days after the U.S. Notice Date. Notwithstanding the foregoing, U.S. Lead Counsel may, at its discretion, accept for processing late U.S. Claims provided such acceptance does not delay the distribution of the U.S. Net Settlement Fund to the U.S. Settlement Class. By submitting a U.S. Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its U.S. Claim and the subject matter of the U.S. Settlement.

11. Each U.S. Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for

the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by U.S. Lead Counsel or the U.S. Claims Administrator; (c) if the person executing the U.S. Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the U.S. Settlement Class Member must be included in the U.S. Claim Form to the satisfaction of U.S. Lead Counsel or the U.S. Claims Administrator; and (d) the U.S. Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any U.S. Settlement Class Member that does not timely and validly submit a U.S. Claim Form or whose U.S. Claim is not otherwise approved by the U.S. Court: (a) shall be deemed to have waived his, her or its right to share in the U.S. Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the U.S. Settlement and all proceedings, determinations, orders and judgments in the U.S. Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the U.S. Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released U.S. Plaintiff's Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and U.S. Notice. Notwithstanding the foregoing, late U.S. Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **<u>Exclusion From the U.S. Settlement Class</u>** – Any member of the U.S. Settlement Class who wishes to exclude himself, herself or itself from the U.S. Settlement Class must request

9

exclusion in writing within the time and in the manner set forth in the U.S. Notice, which shall provide that: (a) any such request for exclusion from the U.S. Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the U.S. Settlement Hearing, to: *In re Reconnaissance Energy Africa Ltd. Securities Litigation*, EXCLUSIONS, c/o Epiq, P.O. Box 6929, Portland, OR 97228-6929, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the U.S. Settlement Class in *In Re Reconnaissance Energy Africa Ltd. Securities Litigation*, Case No. 1:21-cv-06176-NRM-RML"; (iii) state the number of shares of publicly traded ReconAfrica Securities that the person or entity requesting exclusion purchased/acquired and/or sold on the U.S. OTC market during the U.S. Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the U.S. Settlement Class shall not be a U.S. Settlement Class Member, shall not be bound by the terms of the U.S. Settlement or any orders or judgments in the U.S. Action and shall not receive any payment out of the U.S. Net Settlement Fund.

15. Any U.S. Settlement Class Member who or which does not timely and validly request exclusion from the U.S. Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the U.S. Settlement Class; (b) shall

be forever barred from requesting exclusion from the U.S. Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and U.S. Settlement and all proceedings, determinations, orders and judgments in the U.S. Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the U.S. Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released U.S. Plaintiff's Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and U.S. Notice.

16. **<u>Appearance and Objections at U.S. Settlement Hearing</u>** – Any U.S. Settlement Class Member who does not request exclusion from the U.S. Settlement Class may enter an appearance in the U.S. Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both U.S. Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the U.S. Settlement Hearing, or as the Court may otherwise direct. Any U.S. Settlement Class Member who does not enter an appearance will be represented by U.S. Lead Counsel.

17. Any U.S. Settlement Class Member who does not request exclusion from the U.S. Settlement Class may file a written objection to the proposed U.S. Settlement, the proposed U.S. Plan of Allocation, and/or U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed U.S. Settlement, the proposed U.S. Plan of Allocation and/or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of U.S. Litigation Expenses should not be approved; *provided, however,* that no U.S. Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed U.S. Settlement, the proposed

11

U.S. Plan of Allocation and/or the motion for attorneys' fees and reimbursement of U.S. Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on U.S. Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the U.S. Settlement Hearing.

| **U.S. Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP<br>Garth Spencer, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Neal Gerber Eisenberg LLP<br>Karl Barnickol, Esq.<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, Illinois 60602-3801 |

18. Any objections, filings and other submissions by the objecting U.S. Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the U.S. Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the U.S. Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the U.S. Settlement Class, including the number of shares of publicly traded ReconAfrica Securities that the objecting U.S. Settlement Class Member purchased/acquired and/or sold on the U.S. OTC market during the U.S. Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the U.S. Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any U.S. Settlement Class Member who or which does not make his, her or its

objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed U.S. Settlement, the proposed U.S. Plan of Allocation, and U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the U.S. Settlement, the U.S. Plan of Allocation or the requested attorneys' fees and U.S. Litigation Expenses, or from otherwise being heard concerning the U.S. Settlement, the U.S. Plan of Allocation or the requested attorneys' fees and U.S. Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the U.S. Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the U.S. Settlement should be approved, the Court bars and enjoins U.S. Lead Plaintiff, and all other members of the U.S. Settlement Class, from commencing or prosecuting any and all of the Released U.S. Plaintiff's Claims against each and all of the Released Defendant Parties.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying U.S. Settlement Class Members and notifying them of the U.S. Settlement, as well as in administering the U.S. Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

22. **U.S. Settlement Fund** – The contents of the U.S. Settlement Fund held by The Huntington National Bank (which the Court approves as the U.S. Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **U.S. Taxes** – U.S. Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the U.S. Settlement Fund, to pay from the U.S. Settlement Fund any U.S. Taxes owed with respect to the U.S. Settlement Fund, and to otherwise perform all obligations with respect to U.S. Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the U.S. Settlement is terminated as provided in the Stipulation, the U.S. Settlement is not approved, or the Effective Date of the U.S. Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of U.S. Lead Plaintiff, the other U.S. Settlement Class Members and Defendants, and the U.S. Parties shall revert to their respective positions in the U.S. Action as of December 20, 2023, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the U.S. Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the U.S. Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by U.S. Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this U.S. Action or in any

other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the U.S. Complaint would not have exceeded the U.S. Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the U.S. Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the U.S. Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the U.S. Settlement.

26. **Supporting Papers** – U.S. Lead Counsel shall file and serve the opening papers in support of the proposed U.S. Settlement, the U.S. Plan of Allocation, and U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses no later than thirty-five (35) calendar days prior to the U.S. Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the U.S. Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed U.S. Settlement.

SO ORDERED this _____ day of _____, 2024.

                                             _____
                                             The Honorable Nina R. Morrison
                                             United States District Judge