# Exhibit 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

IN RE RECONNAISSANCE ENERGY
AFRICA LTD. SECURITIES LITIGATION

Case No. 1:21-cv-06176-NRM-RML


# AND


No.: VLC-S-S-233808
Vancouver Registry

# IN THE SUPREME COURT OF BRITISH COLUMBIA

CATHERINE BOWLES

Plaintiff

- and –

RECONNAISSANCE ENERGY AFRICA LTD.,

Defendant

Proceeding under the *Class Proceedings Act*, RSBC 1996, c.50


# GLOBAL STIPULATION AND AGREEMENT OF SETTLEMENT

**TABLE OF CONTENTS**

DEFINITIONS.................................................................................................................8

CLASS CERTIFICATION.............................................................................................26

PRELIMINARY APPROVAL OF SETTLEMENT ....................................................27

RELEASE OF CLAIMS...............................................................................................27

THE SETTLEMENT CONSIDERATION....................................................................29

USE OF SETTLEMENT FUNDS ...............................................................................31

ATTORNEYS' FEES AND LITIGATION EXPENSES .............................................34

NOTICE AND SETTLEMENT ADMINISTRATION................................................37

TERMS OF THE JUDGMENTS.................................................................................46

CONDITIONS OF SETTLEMENT AND EFFECT OF  DISAPPROVAL,
        CANCELLATION OR TERMINATION .........................................................46

NO ADMISSION OF WRONGDOING .....................................................................51

MISCELLANEOUS PROVISIONS............................................................................52

This Global Stipulation and Agreement of Settlement, dated as of February 27, 2024 (the "Stipulation"), is entered into between (a) Robert Partovy ("U.S. Lead Plaintiff"), the Lead Plaintiff in the action captioned *In re Reconnaissance Energy Africa Ltd. Securities Litigation*, No. 1:21-cv-06176-NRM-RML (the "U.S. Action") pending in the United States District Court for the Eastern District of New York (the "U.S. Court"), on behalf of himself and the U.S. Settlement Class (defined below); (b) Catherine Bowles ("Canadian Plaintiff"), the Representative Plaintiff in the action captioned *Bowles v. Reconnaissance Energy Africa Ltd.*, Court File No. VLC-S-S-233808 ("Canadian Action") pending in the Supreme Court of British Columbia (the "Canadian Court"), individually and on behalf of each member of the Canadian Settlement Class (defined below); (c) defendant Reconnaissance Energy Africa Ltd. ("ReconAfrica" or the "Company"), and James Jay Park, Scot Evans, Ian D. Brown, Carlos Escribano, Shiraz Dhanani, Mark Gerlitz, and James Granath (collectively, the "Individual Defendants"; and, together with ReconAfrica, the "Defendants"; and together with U.S. Lead Plaintiff and Canadian Plaintiff, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned actions (the "Actions").[1]

Subject to the approval of the U.S. Court and the Canadian Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Actions and all claims asserted therein against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

**WHEREAS:**

A.     On November 5, 2021, the initial complaint in the U.S. Action was filed in the United States District Court for the Eastern District of New York.  (ECF No. 1.)  On December 13, 2021, a related action styled *Huq v. Reconnaissance Energy Africa Ltd.*, Case No. 21-cv-06864 was filed in the United States District Court for the Eastern District of New York.

B.     On February 17, 2022 lead plaintiff movants Robert Partovy, Jeff Owen, and Ahmed Huq filed a stipulation to consolidate the U.S. Action and the *Huq* action, appoint Robert Partovy as Lead Plaintiff, and approve Partovy's selection of Glancy Prongay & Murray LLP as Lead Counsel for the proposed class.  (ECF 20.)  On March 1, 2022 the U.S. Court granted that stipulation.

C.     On April 11, 2022, the U.S. Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws ("U.S. Complaint") in the U.S. Action, alleging that Defendants made material misstatements and omissions in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  (ECF No. 31.)  The 82-page (335-paragraph) U.S. Complaint alleged, among other things, that Defendants made material omissions and misleading statements about: (1) ReconAfrica's lack of regulatory approval to use hydraulic fracturing to extract oil and gas in Namibia; (2) ReconAfrica's intent to use hydraulic fracturing to extract oil and gas in Namibia; and (3) the results of ReconAfrica's test wells in Namibia.  According to the U.S. Complaint, the alleged misrepresentations proximately caused class member losses when the truth was revealed over a series of partial corrective disclosures throughout the class period.

D.     On November 29, 2022, Defendants filed a motion to dismiss the U.S. Complaint in the U.S. Action.  (ECF No. 42-43.)  The U.S. Plaintiff opposed the motion to dismiss.  (ECF

No. 44.) Defendants served a reply in support of their motion to dismiss. (ECF No. 46.) Judge Morrison held oral argument on Defendants' motion to dismiss on April 26, 2023, and ruled from the bench denying the motion.

E.      On May 23, 2023, Canadian Plaintiff filed a Notice of Civil Claim in the British Columbia Supreme Court of Canada ("Canadian Action") asserting against ReconAfrica causes of action for common law negligent misrepresentation primary market liability, statutory law primary market liability under Section 131 of the British Columbia Securities Act ("BCSA"), common law negligent misrepresentation secondary market liability, and statutory secondary market liability under Section 140.3 of the BCSA. Similar facts form the foundation for both actions even though there are differences in the claims asserted under U.S. and Canadian law, the Canadian Action does not name the Individual Defendants, and the class periods are not identical.

F.      Defendants answered the U.S. Complaint in the U.S. Action on June 9, 2023. (ECF No. 52.)

G.      Following the denial of Defendants' motion to dismiss the U.S. Complaint in the U.S. Action, and negotiation over the scope and manner of document production and the treatment of electronically stored information, the Defendants and the U.S. Lead Plaintiff began discovery pursuant to a stipulated confidentiality order and discovery protocol approved by the U.S. Court on May 18, 2023. (ECF Nos. 49-50.)

H.      From May through October, 2023, Defendants and the U.S. Lead Plaintiff exchanged and responded to initial disclosures, document requests, and interrogatories. Defendants produced over 70,000 documents (totaling over 540,000 pages) to U.S. Lead Plaintiff, and U.S. Lead Plaintiff produced 20 documents (totaling 125 pages) to Defendants. Third parties produced over 11,000 documents in response to U.S. Lead Plaintiff's subpoenas. Among the

documents produced were documents related to all major theories of liability in the case, Defendants' insurance policies, and U.S. Lead Plaintiff's transactions in ReconAfrica stock.

I.        On October 18, 2023, the Parties held a full-day, in-person mediation session that was overseen by a well-respected mediator of complex actions, Jed Melnick, Esq. of JAMS.  The Pparties failed to reach an agreement at the mediation, but the next day, Mr. Melnick recommended in writing that the Parties settle the Actions for a $14.5 million CAD cash payment, subject to certain adjustments, to be allocated among the U.S. Settlement Class and the Canadian Settlement Class, in return for releases of their claims against Defendants.

J.        With Mr. Melnick's assistance, the U.S. Lead Plaintiff and the Canadian Plaintiff continued to negotiate concerning the allocation of settlement proceeds between the U.S. Settlement Class and the Canadian Settlement Class.  On October 24, 2023, Mr. Melnick recommended that 65% of the proposed $14.5 million CAD settlement amount be allocated to the U.S. Settlement Class, and 35% to the Canadian Settlement Class.  On October 25, 2023, the U.S. Lead Plaintiff and the Canadian Plaintiff accepted Mr. Melnick's recommendation concerning allocation of settlement proceeds, and all Parties accepted Mr. Melnick's recommendation concerning the $14.5 million CAD total settlement amount.

K.        The Parties drafted a proposed term sheet to memorialize the global settlement of the Actions, and continued to negotiate concerning such terms.  On December 20, 2023, the Parties executed the finalized term sheet (the "Term Sheet"), setting out certain components of the settlement in principle, and thereafter have negotiated the terms of this Stipulation.

L.        This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

M.        Based upon their investigation, prosecution and mediation of the case, U.S. Lead

Plaintiff and U.S. Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to U.S. Lead Plaintiff and the other members of the U.S. Settlement Class, and in their best interests. Based on U.S. Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, U.S. Lead Plaintiff has agreed to settle and release the claims raised in the U.S. Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that U.S. Lead Plaintiff and the other members of the U.S. Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

N. Based upon their investigation, prosecution and mediation of the case, Canadian Plaintiff and Canadian Plaintiff's Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Canadian Plaintiff and the other members of the Canadian Settlement Class, and in their best interests. Based on Canadian Plaintiff's direct oversight of the prosecution of this matter and with the advice of her counsel, Canadian Plaintiff has agreed to settle and release the claims raised in the Canadian Action pursuant to the terms and provisions of this Stipulation.

O. This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that U.S. Lead Plaintiff or Canadian Plaintiff has asserted any valid claims as to any of them, and expressly deny any and

all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of U.S. Lead Plaintiff or Canadian Plaintiff of any infirmity in any of the claims asserted in the Actions, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Actions have been initiated, filed and prosecuted by U.S. Lead Plaintiff and Canadian Plaintiff in good faith and defended by Defendants in good faith, that the Actions are being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among U.S. Lead Plaintiff (individually and on behalf of all other members of the U.S. Settlement Class), Canadian Plaintiff (individually and on behalf of all other members of the Canadian Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the U.S. Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the approval of the Canadian Court pursuant to s. 35(1) of the British Columbia *Class Proceedings Act*, that in consideration of the benefits flowing to the Parties from the Settlement, all Released U.S. Plaintiff's Claims and Released Canadian Plaintiff's Claims as against the Released Defendant Parties and all Released Defendants' Claims as against the Released Plaintiff Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Actions" means the U.S. Action and the Canadian Action.

(b)     "Alternate Judgment" means a form of final judgment that may be entered

by the U.S. Court or the Canadian Court but in a form other than the form of Judgments provided for in this Stipulation.

(c)     "Authorized Canadian Claimant" means a Canadian Settlement Class Member who submits a Canadian Claim Form to the Canadian Claims Administrator that is approved by the Canadian Court for payment from the Canadian Net Settlement Fund.

(d)     "Authorized Claimant" means an Authorized Canadian Claimant or an Authorized U.S. Claimant.

(e)     "Authorized U.S. Claimant" means a U.S. Settlement Class Member who submits a U.S. Claim Form to the U.S. Claims Administrator that is approved by the U.S. Court for payment from the U.S. Net Settlement Fund.

(f)     "Canadian Action" means the civil action captioned *Bowles v. Reconnaissance Energy Africa Ltd.*, Court File No. VLC-S-S-233808, pending in the Supreme Court of British Columbia.

(g)     "Canadian Claim" means a Canadian Claim Form submitted to the Canadian Claims Administrator.

(h)     "Canadian Claim Form" means the form, substantially in the form attached hereto as Exhibit C-4, that a Canadian Claimant or Canadian Settlement Class Member must complete and submit should that Canadian Claimant or Canadian Settlement Class Member seek to share in a distribution of the Canadian Net Settlement Fund.

(i)     "Canadian Claimant" means a person or entity who or which submits a Canadian Claim Form to the Canadian Claims Administrator seeking to be eligible to share in the proceeds of the Canadian Settlement Fund.

(j)     "Canadian Claims Administrator" means the firm retained by Canadian

Plaintiff and Canadian Plaintiff's Counsel, subject to approval of the Canadian Court, to provide all notices approved by the Canadian Court to potential Canadian Settlement Class Members and to administer the Canadian Settlement.

(k)     "Canadian Class Distribution Order" means an order entered by the Canadian Court authorizing and directing that the Canadian Net Settlement Fund be distributed, in whole or in part, to Authorized Canadian Claimants.

(l)     "Canadian Court" means the Supreme Court of British Columbia.

(m)     "Canadian Escrow Account" means an account maintained at Royal Bank of Canada ("RBC"), wherein the Canadian Settlement Amount shall be deposited and held in escrow under the control of Canadian Plaintiff's Counsel.

(n)     "Canadian Escrow Agent" means Berger Montague (Canada) PC.

(o)     "Canadian Escrow Agreement" means the agreement between Canadian Plaintiff's Counsel and the Canadian Escrow Agent setting forth the terms under which the Canadian Escrow Agent shall maintain the Canadian Escrow Account.

(p)     "Canadian First Notice" means the Canadian forms of Notice of Pendency and Proposed Settlement of Class Action to be sent to Canadian Settlement Class Members, which, subject to approval of the Canadian Court, shall be substantially in the form attached as Exhibit C-2 hereto and disseminated in accordance with Part 1 of the Canadian Plan of Notice.

(q)     "Canadian First Order" means the Canadian Order providing for notice, setting the opt-out procedure, setting the objection procedure, and scheduling the Canadian Second Order, which, subject to the approval of the Canadian Court, shall be substantially in the form of the proposed order attached hereto as Exhibit C-1.

(r) "Canadian Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Canadian Action (which may include the costs and expenses of Canadian Plaintiff directly related to her representation of the Canadian Settlement Class), for which Canadian Plaintiff's Counsel intends to apply to the Canadian Court for reimbursement from the Canadian Settlement Fund.

(s) "Canadian Net Settlement Fund" means the Canadian Settlement Fund less: (i) any Canadian Taxes; (ii) any Canadian Notice and Administration Costs; (iii) any Canadian Litigation Expenses (costs and disbursements) awarded by the Canadian Court; and (iv) any legal fees awarded by the Canadian Court.

(t) "Canadian Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Canadian Claims Administrator and/or Canadian Plaintiff's Counsel in connection with: (i) providing notices to the Canadian Settlement Class; and (ii) administering the Canadian Settlement, including but not limited to the Canadian Claims process, as well as the costs, fees and expenses incurred in connection with the Canadian Escrow Account.

(u) "Canadian Plaintiff" means Catherine Bowles.

(v) "Canadian Plaintiff's Counsel" or "Canadian Class Counsel" means the law firm of Berger Montague (Canada) PC.

(w) "Canadian Plan of Allocation" means the document attached as Exhibit C-5 hereto stipulating the proposed distribution of the Canadian Net Settlement Fund or such other plan of allocation for the Canadian Net Settlement Fund as may be approved by the Canadian Court.

(x) "Canadian Second Notice" means the Canadian forms of Notice of

Settlement Approval to be sent to Canadian Settlement Class Members, which, subject to approval of the Canadian Court, shall be substantially in the form attached as Exhibit C-3 hereto and disseminated in accordance with Part 2 of the Canadian Plan of Notice.

(y)     "Canadian Second Order" means the proposed Canadian Final Order to be entered by the Canadian Court approving the Canadian Settlement, substantially in the form attached hereto as Exhibit C-6.

(z)     "Canadian Settlement" means the settlement between Canadian Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(aa)    "Canadian Settlement Amount" means five million, seventy-five thousand Canadian dollars ($5,075,000 CAD) in cash.

(bb)    "Canadian Settlement Class" means all investors, except excluded investors, that purchased ReconAfrica Securities between May 30, 2020 and September 7, 2021, and held all or some of those purchased ReconAfrica Securities after September 7, 2021. Excluded investors are defined as: (a) any person who served as an officer or director of ReconAfrica during the Canadian Settlement Class Period or the U.S. Settlement Class Period; (b) his/her Immediate Family; (c) any member of Advanced Media Solutions Ltd., Bull Market Media GmbH, Digitonic Ltd., or Quester Advisors; (d) any officer or director of Canaccord Genuity Group Inc.; and (e) any investor that purchased ReconAfrica Securities exclusively on the U.S. OTC Market. For the avoidance of doubt, while investors that purchased ReconAfrica Securities exclusively on the U.S. OTC Market are excluded from the Canadian Settlement Class, investors that purchased ReconAfrica Securities on the U.S. OTC market in addition to the TSXV or Frankfurt market may be members of the Canadian Settlement Class; provided, however, ReconAfrica Securities purchased on the

U.S. OTC Market may only be compensated from the U.S. Settlement Fund and are not eligible for compensation from the Canadian Settlement Fund.

(cc)     "Canadian Settlement Class Member" means each person and entity who or which is a member of the Canadian Settlement Class.

(dd)     "Canadian Settlement Class Period" means the period between May 30, 2020 and September 7, 2021, both dates inclusive.

(ee)     "Canadian Settlement Fund" means the Canadian Settlement Amount plus any and all interest earned thereon.

(ff)     "Canadian Settlement Notice Hearing" (the "First Hearing") means the hearing to be held by the Canadian Court to approve the Certification of the Class for Settlement purposes, Notice Program, and scheduling of the hearing date for approval of the Settlement Agreement, pursuant to Rule 35(1) of the BCCPA.

(gg)     "Canadian Settlement Hearing" (the "Second Hearing") means the hearing to be held by the Canadian Court to determine whether the proposed Canadian Settlement is fair, reasonable, and adequate and should be approved.

(hh)     "Canadian Taxes" means: (i) all federal, provincial and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Canadian Settlement Fund; and (ii) the expenses and costs incurred by Canadian Plaintiff's Counsel in connection with determining the amount of, and paying, any taxes owed by the Canadian Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ii)     "Claim" means a Canadian Claim or a U.S. Claim.

(jj)     "Claim Form" or "Proof of Claim Form" means a Canadian Claim Form or a U.S. Claim Form.

(kk)   "Claimant" means a Canadian Claimant or a U.S. Claimant.

(ll)   "Claims Administrator" means the Canadian Claims Administrator or the U.S. Claims Administrator.

(mm)   "Class Distribution Order" means a Canadian Class Distribution Order or a U.S. Class Distribution Order.

(nn)   "British Columbia *Class Proceedings Act*" means the British Columbia *Class Proceedings Act*, RSBC 1996, c.50.

(oo)   "Defendants" means ReconAfrica and the Individual Defendants.

(pp)   "Defendants' Counsel" means the law firms of Neal, Gerber & Eisenberg LLP and Cassels Brock & Blackwell LLP.

(qq)   "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 49 of this Stipulation have been met and have occurred or have been waived.

(rr)   "Escrow Account" means the Canadian Escrow Account or the U.S. Escrow Account.

(ss)   "Escrow Agent" means the U.S. Escrow Agent or the Canadian Escrow Agent.

(tt)   "Escrow Agreement" means the U.S. Escrow Agreement or the Canadian Escrow Agreement.

(uu)   "Excluded Canadian Claim" means any claims asserted in the U.S. Action that are separately released pursuant to this Stipulation.

(vv)   "Excluded Claims" means Excluded Canadian Claims and Excluded U.S. Claims.

(ww)    "Excluded U.S. Claim" means: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Canadian Action that are separately released pursuant to this Stipulation; or (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the U.S. Court.

(xx)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal (in the U.S. Action, as provided under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order); or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(yy)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(zz)    "Individual Defendants" means James Jay Park, Scot Evans, Ian D. Brown,

Carlos Escribano, Shiraz Dhanani, Mark Gerlitz, and James Granath.

(aaa)     "Judgment" means the Canadian Second Order or the U.S. Judgment.

(bbb)     "Litigation Expenses" means Canadian Litigation Expenses and U.S. Litigation Expenses.

(ccc)     "Lund" means Lund Enterprises Corp.

(ddd)     "Net Settlement Fund" means the U.S. Net Settlement Fund or the Canadian Net Settlement Fund.

(eee)     "Notice" means the U.S. Notice or the Canadian First Notice.

(fff)     "Notice and Administration Costs" means U.S. Notice and Administration Costs and Canadian Notice and Administration Costs.

(ggg)     "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(hhh)     "Parties" means Defendants, Canadian Plaintiff on behalf of herself and the Canadian Settlement Class, and U.S. Lead Plaintiff on behalf of himself and the U.S. Settlement Class.

(iii)     "Plan of Allocation" means the U.S. Plan of Allocation or the Canadian Plan of Allocation.

(jjj)     "ReconAfrica" or the "Company" means Reconnaissance Energy Africa Ltd.

(kkk)     "ReconAfrica Securities" means the publicly traded common stock of Reconnaissance Energy Africa Ltd., or its predecessor Lund, that was publicly traded on the TSXV market under the ticker symbol "RECO"; the Frankfurt market under the ticker symbol "0XD"; and the U.S. OTC market under the ticker symbols "RECAF," "LGDOD"

and/or "LGDOF".

(lll)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(mmm)"Released Defendant Parties" means: (i) any Defendant in the Actions; (ii) the Immediate Family members of the Individual Defendants in the U.S. Action; (iii) direct or indirect parent entities, subsidiaries, related entities, and affiliates of ReconAfrica; (iv) any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (v) any entity in which a Defendant has a controlling interest; all in their capacities as such.

(nnn)   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, provincial, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Actions against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the U.S. Settlement Class that is accepted by the Court or any claims against any person or entity who or which opts out of the Canadian

Settlement Class pursuant to s. 16(1) of the British Columbia *Class Proceedings Act*.

(ooo)  "Released Plaintiff Parties" means: (i) the Canadian Plaintiff in the Canadian Action; (ii) the U.S. Lead Plaintiff and all U.S. Settlement Class members, and (iii) each of their respective counsel, attorneys, family members, partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

(ppp)  "Released Canadian Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under statutory, common or foreign law, that Canadian Lead Plaintiff or any other member of the Canadian Settlement Class: (i) asserted in the Canadian Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Canadian Action and that relate to the purchase and/or acquisition of publicly traded ReconAfrica Securities during the Canadian Settlement Class Period.  Released Canadian Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims asserted in the U.S. Action that are separately released pursuant to this Stipulation; or (iii)  any claims of any person or entity who or which submits a request for exclusion that is accepted by the Canadian Court.

(qqq)  "Released Plaintiffs' Claims" means Released Canadian Plaintiff's Claims and Released U.S. Plaintiff's Claims.

(rrr)    "Released U.S. Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that U.S. Lead Plaintiff or any other member of the U.S. Settlement Class: (i) asserted in the U.S. Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the U.S. Complaint and that relate to the purchase and/or acquisition of publicly traded ReconAfrica Securities during the U.S. Settlement Class Period.  Released U.S. Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Canadian Action that are separately released pursuant to this Stipulation; or (iii)  any claims of any person or entity who or which submits a request for exclusion that is accepted by the U.S. Court.

(sss)    "Released Parties" means each and any of the Released Defendant Parties and the Released Plaintiff Parties.

(ttt)    "Releases" means the releases set forth in ¶¶ 7-9 of this Stipulation.

(uuu)    "Settlement" means the Canadian Settlement and the U.S. Settlement.

(vvv)    "Settlement Amount" means the U.S. Settlement Amount and the Canadian Settlement Amount.

(www) "Settlement Classes" means the U.S. Settlement Class and the Canadian Settlement Class.

(xxx)    "Settlement Class Member" means a Canadian Settlement Class Member or a U.S. Settlement Class Member.

(yyy)    "Settlement Fund" means the U.S. Settlement Fund and the Canadian

Settlement Fund.

(zzz)  "Stipulation" means this Global Stipulation and Agreement of Settlement.

(aaaa)  "Taxes" means Canadian Taxes and U.S. Taxes.

(bbbb)  "Unknown Claims" means any Released U.S. Plaintiff's Claims which U.S. Lead Plaintiff, any other U.S. Settlement Class Member, or any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims on behalf of any U.S. Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, U.S. Lead Plaintiff and Defendants shall expressly waive, and each of the other U.S. Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

U.S. Lead Plaintiff and Defendants acknowledge, and each of the other releasing

parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(cccc)  "U.S. Action" means the consolidated securities class action in the matter styled *In re Reconnaissance Energy Africa Ltd. Securities Litigation*, No. 1:21-cv-06176-NRM-RML pending in the United States District Court for the Eastern District of New York, and includes all actions consolidated therein.

(dddd) "U.S. Claim" means a U.S. Claim Form submitted to the U.S. Claims Administrator.

(eeee) "U.S. Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a U.S. Claimant or U.S. Settlement Class Member must complete and submit should that U.S. Claimant or U.S. Settlement Class Member seek to share in a distribution of the U.S. Net Settlement Fund.

(ffff)  "U.S. Claimant" means a person or entity who or which submits a U.S. Claim Form to the U.S. Claims Administrator seeking to be eligible to share in the proceeds of the U.S. Settlement Fund.

(gggg) "U.S. Claims Administrator" means the firm retained by U.S. Lead Plaintiff and U.S. Lead Counsel, subject to approval of the U.S. Court, to provide all notices approved by the U.S. Court to potential U.S. Settlement Class Members and to administer the Settlement with respect to the U.S. Action.

(hhhh) "U.S. Class Distribution Order" means an order entered by the U.S. Court authorizing and directing that the U.S. Net Settlement Fund be distributed, in whole or in part, to Authorized U.S. Claimants.

(iiii)  "U.S. Complaint" means the Amended Class Action Complaint for

Violations of the Federal Securities Laws (ECF No. 31) filed in the U.S. Action by U.S. Lead Plaintiff on April 11, 2022.

(jjjj)   "U.S. Court" means the United States District Court for the Eastern District of New York.

(kkkk) "U.S. Escrow Account" means an account maintained at The Huntington National Bank wherein the U.S. Settlement Amount shall be deposited and held in escrow under the control of U.S. Lead Counsel.

(llll)   "U.S. Escrow Agent" means The Huntington National Bank.

(mmmm)   "U.S. Escrow Agreement" means the agreement between U.S. Lead Counsel and the U.S. Escrow Agent setting forth the terms under which the U.S. Escrow Agent shall maintain the U.S. Escrow Account.

(nnnn) "U.S. Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the U.S. Court approving the Settlement.

(oooo) "U.S. Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

(pppp) "U.S. Lead Plaintiff" means Robert Partovy.

(qqqq) "U.S. Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the U.S. Action (which may include the costs and expenses of U.S. Lead Plaintiff directly related to his representation of the U.S. Settlement Class), for which U.S. Lead Counsel intends to apply to the U.S. Court for reimbursement from the U.S. Settlement Fund.

(rrrr)   "U.S. Net Settlement Fund" means the U.S. Settlement Fund less: (i) any U.S. Taxes; (ii) any U.S. Notice and Administration Costs; (iii) any U.S. Litigation Expenses awarded by the U.S. Court; and (iv) any attorneys' fees awarded by the U.S.

Court.

(ssss) "U.S. Notice" means the Notice of (i) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the U.S. Claims Administrator or mailed to U.S. Settlement Class Members upon request.

(tttt) "U.S. Notice and Administration Costs" means the costs, fees and expenses that are incurred by the U.S. Claims Administrator and/or U.S. Lead Counsel in connection with: (i) providing notices to the U.S. Settlement Class; and (ii) administering the U.S. Settlement, including but not limited to the U.S. Claims process, as well as the costs, fees and expenses incurred in connection with the U.S, Escrow Account.

(uuuu) "U.S. Plaintiff's Counsel" means U.S. Lead Counsel and the Law Offices of Frank R. Cruz.

(vvvv) "U.S. Plan of Allocation" means the proposed plan of allocation of the U.S. Net Settlement Fund set forth in the U.S. Notice.

(wwww) "U.S. Postcard Notice" means the Postcard Notice of (i) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to U.S. Settlement Class Members.

(xxxx) "U.S. Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the U.S. Court preliminarily approving

the U.S. Settlement and directing that notice of the U.S. Settlement be provided to the U.S. Settlement Class.

(yyyy) "U.S. Settlement" means the settlement between U.S. Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(zzzz) "U.S. Settlement Amount" means nine million, four hundred twenty-five thousand Canadian dollars ($9,425,000 CAD) in cash, subject to adjustment relating to the exchange rate between the U.S. dollar and Canadian dollar, as provided in ¶ 12 of this Stipulation.

(aaaaa) "U.S. Settlement Class" means all persons and entities that purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market, between February 28, 2019 and September 7, 2021, both dates inclusive, and were damaged thereby. Excluded from the U.S. Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of ReconAfrica and/or its predecessor Lund during the U.S. Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of ReconAfrica and/or Lund; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the U.S. Settlement Class are any persons and entities who or which submit a request for exclusion from the U.S. Settlement Class that is

accepted by the U.S. Court. For the avoidance of doubt: (a) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants; and (b) while investors that purchased ReconAfrica Securities exclusively on the TSXV or Frankfurt markets are excluded from the U.S. Settlement Class, investors that purchased ReconAfrica Securities on the TSXV or Frankfurt markets in addition to the U.S. OTC market may be members of the U.S. Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund.

(bbbbb)    "U.S. Settlement Class Member" means each person and entity who or which is a member of the U.S. Settlement Class.

(ccccc) "U.S. Settlement Class Period" means the period between February 28, 2019 and September 7, 2021, both dates inclusive.

(ddddd)    "U.S. Settlement Fund" means the U.S. Settlement Amount plus any and all interest earned thereon.

(eeeee) "U.S. Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(fffff) "U.S. Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the U.S. Preliminary Approval Order.

(ggggg)    "U.S. Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the U.S. Settlement Fund; and (ii) the expenses and costs incurred by U.S. Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the U.S. Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

## CLASS CERTIFICATION

2.    Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the U.S. Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the U.S. Settlement Class; (b) certification of U.S. Lead Plaintiff as Class Representative for the U.S. Settlement Class; and (c) appointment of U.S. Lead Counsel as Class Counsel for the U.S. Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.    Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and consent to certification of the Canadian Action pursuant to s. 4(1) of the British Columbia *Class Proceedings Act* and that:

(a)    the pleading discloses causes of action in common law and statutory for primary and secondary market negligent misrepresentations;

(b)    the Canadian Settlement Class includes more than 2 persons;

(c)    the claims of the class members raise common issues;

(d)    a class proceeding would be the preferable procedure for the fair and efficient resolution of the common issues;

(e)    Catherine Bowles may serve as the representative plaintiff because:

(i)    she would fairly and adequately represent the interests of the Canadian

Settlement Class;

(ii)　she is represented by counsel who have experience litigating shareholder class proceedings; and

(iii)　she does not have, on the common issues, an interest that is in conflict with the interests of the other class members.

## PRELIMINARY APPROVAL OF SETTLEMENT

4.　Promptly upon execution of this Stipulation, U.S. Lead Plaintiff will move for preliminary approval of the U.S. Settlement, certification of the U.S. Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the U.S. Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, U.S. Lead Plaintiff shall apply to the U.S. Court for, and Defendants shall agree to, entry of the U.S. Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

5.　Promptly upon execution of this Stipulation, Canadian Plaintiff's Counsel shall apply to the Canadian Court for entry of the Canadian First Order, which shall be substantially in the form annexed hereto as Exhibit C-1.  The Canadian First Order will, *inter alia*, set the date for the Canadian Settlement Hearing, approve the form of the Notices for the Canadian Action, prescribe the method for giving notice of the Canadian Settlement to the Canadian Settlement Class, set the opt out procedure, set the claims procedure and set the objection procedure.

## RELEASE OF CLAIMS

6.　The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Actions as against Defendants; and (ii) the Releases provided for herein.

7.      Pursuant to the U.S. Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, U.S. Lead Plaintiff and each of the other U.S. Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims on behalf of the respective U.S. Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released U.S. Plaintiff's Claim against the Defendants and the other Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released U.S. Plaintiff's Claims against any of the Released Defendant Parties.  This release shall not apply to any Excluded U.S. Claim.

8.      By operation of the Canadian Second Order or an Alternative Judgment, as of the Effective Date, the Canadian Plaintiff and each and every other member of the Canadian Settlement Class, on behalf of themselves and on behalf of any other person or entity legally entitled to bring Released Canadian Plaintiff's Claims on behalf of the respective Canadian Settlement Class Member in such capacity only, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Canadian Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Canadian Plaintiff's Claims against any and all of the Released Defendant Parties. This release shall not apply to any Excluded Canadian Claim.

9.      Pursuant to the Judgments, or the Alternate Judgments, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released

Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against U.S. Lead Plaintiff, Canadian Plaintiff, and the other Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties. This release shall not apply to any person or entity to the extent such person or entity submits a request for exclusion from the U.S. Settlement Class that is accepted by the U.S. Court and/or a request for exclusion from the Canadian Settlement Class that is accepted by the Canadian Court.

10.     Notwithstanding ¶¶ 7-9 above, nothing in the Judgments, or the Alternate Judgments, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgments, or Alternate Judgments, if applicable.

## THE SETTLEMENT CONSIDERATION

11.     In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the U.S. Settlement Amount into the U.S. Escrow Account, and the Canadian Settlement Amount into the Canadian Escrow Account, no later than thirty (30) days after the later of: (i) the entry of the Canadian First Order and the U.S. Preliminary Approval Order, and (ii) Defendants having received the information necessary to effectuate a transfer of funds to Escrow Accounts, including: (a) wiring instructions that include the bank name and ABA routing number, account name and number; (b) for the U.S. Action, a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the U.S. Settlement Amount is to be deposited; and (c) verbal or written confirmation of wire transfer instructions from the institution holding the Escrow

Account sufficient to satisfy the electronic funds transfer protocols established by the Defendants and/or their insurers.

12.      In order to protect the U.S. Lead Plaintiff and U.S. Settlement Class from a decrease in the consideration attributable to the U.S. Action resulting from a potential decline in the value of the Canadian dollar compared to the U.S. dollar after the Term Sheet was fully executed and before payment of the U.S. Settlement Amount into the U.S. Escrow Account as provided above, Defendants and/or their insurers agree that the U.S. Settlement Amount will be the greater of: (a) nine million, four hundred twenty-five thousand Canadian dollars ($9,425,000 CAD); or (b) if on the date that the U.S. Settlement Amount is paid into the U.S. Escrow Account the value of $1 Canadian dollar is less than $.75 U.S. dollar (*i.e.* the U.S. dollar - Canadian dollar exchange rate as of 5:00 p.m. Eastern time on December 20, 2023), Canadian dollars equal to seven million, sixty eight thousand, seven hundred fifty U.S. dollars ($7,068,750 USD) (*i.e.* the value of the U.S. Settlement Amount on the day that the Term Sheet was executed); provided, however, under no circumstances will the U.S. Settlement Amount exceed nine million, eight hundred ninety-six thousand, two hundred fifty Canadian dollars ($9,896,250 CAD).

13.      If Defendants fail to cause the Settlement Amount, or any portion thereof, to be paid in accordance with the terms of this Stipulation, (a) Defendants cannot terminate the Settlement; and (b) U.S. Lead Plaintiff may apply to the U.S. Court to enforce the terms of the Settlement, and further request that the U.S. Court order the non-funding party (*i.e.*, either Defendants and/or their insurers) to pay interest on the unfunded portion of the Settlement Amount for which it is obligated to fund at the Compounded Daily Secured Overnight Financing Rate ("SOFR"), from the time funding was due.  In the event the payment is more than 45-days late, the interest rate shall be SOFR, plus two percent, from the time funding was due.

## USE OF SETTLEMENT FUNDS

14.     The U.S. Settlement Fund shall be used to pay: (a) any U.S. Taxes; (b) any U.S. Notice and Administration Costs; (c) any U.S. Litigation Expenses awarded by the U.S. Court; and (d) any attorneys' fees awarded by the U.S. Court.  The balance remaining in the U.S. Settlement Fund, that is, the U.S. Net Settlement Fund, shall be distributed to Authorized U.S. Claimants as provided in ¶¶ 28-46 below.

15.     The Canadian Settlement Fund shall be used to pay: (a) any Canadian Taxes; (b) any Canadian Notice and Administration Costs; (c) any Canadian Litigation Expenses awarded by the Canadian Court; and (d) any legal fees awarded by the Canadian Court (costs and disbursements).  The balance remaining in the Canadian Settlement Fund, that is, the Canadian Net Settlement Fund, shall be distributed to Authorized Canadian Claimants as provided in ¶¶ 28-46 below.

16.     Except as provided herein or pursuant to orders of the U.S. Court or the Canadian Court, the U.S. Net Settlement Fund and the Canadian Net Settlement Fund shall remain in their respective Escrow Accounts prior to the Effective Date.  All funds held by the Canadian Escrow Agent shall be deemed to be in the custody of the Canadian Court and shall remain subject to the jurisdiction of the Canadian Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Canadian Court.  All funds held by the U.S. Escrow Agent shall be deemed to be in the custody of the U.S. Court and shall remain subject to the jurisdiction of the U.S. Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the U.S. Court.

17.     The U.S. Escrow Agent shall invest any funds in the U.S. Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States

Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury Bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The U.S. Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

18. The Parties agree that the U.S. Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that U.S. Lead Counsel, as administrator of the U.S. Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the U.S. Settlement Fund. U.S. Lead Counsel shall also be responsible for causing payment to be made from the U.S. Settlement Fund of any U.S. Taxes owed with respect to the U.S. Settlement Fund. The Released Defendant Parties shall not have any liability or responsibility for any such U.S. Taxes. Upon written request, Defendants will provide to U.S. Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). U.S. Lead Counsel, as administrator of the U.S. Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

19. All Taxes shall be paid out of the respective Settlement Funds, and shall be timely

paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the relevant Escrow Agreement, and without further order of the U.S. Court or the Canadian Court. Any tax returns prepared for the U.S. Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all U.S. Taxes on the income earned by the U.S. Settlement Fund shall be paid out of the U.S. Settlement Fund as provided herein. The Released Defendant Parties shall have no responsibility or liability for the acts or omissions of U.S. Lead Counsel, Canadian Plaintiff's Counsel, or their agents, with respect to the payment of Taxes, as described herein.

20. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Released Defendant Party, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the U.S. Settlement Fund or the Canadian Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

21. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, U.S. Lead Counsel may pay from the U.S. Settlement Fund, without further approval from Defendants or further order of the U.S. Court, all U.S. Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the U.S. Postcard Notice, publishing the U.S. Summary Notice, reimbursements to nominee owners for forwarding the U.S. Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the U.S. Claims Administrator in connection with providing notice, administering the U.S. Settlement (including

processing the submitted U.S. Claims), and the fees, if any, of the U.S. Escrow Agent. In the event that the U.S. Settlement is terminated pursuant to the terms of this Stipulation, all U.S. Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Defendant Parties, or any other person or entity who or which paid any portion of the U.S. Settlement Amount.

22.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Canadian Plaintiff's Counsel may pay from the Canadian Settlement Fund, without further approval from Defendants or further order of the Canadian Court, all Canadian Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of providing notice to the Canadian Settlement Class, the administrative expenses incurred and fees charged by the Canadian Claims Administrator in connection with providing notice, administering the Canadian Settlement (including processing the submitted Canadian Claims), and the fees, if any, of the Canadian Escrow Agent. In the event that the Canadian Settlement is terminated pursuant to the terms of this Stipulation, all Canadian Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Defendant Parties, or any other person or entity who or which paid any portion of the Canadian Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

23.     U.S. Lead Counsel will apply to the U.S. Court for a collective award of attorneys' fees to U.S. Plaintiff's Counsel to be paid from (and out of) the U.S. Settlement Fund. U.S. Lead Counsel also will apply to the U.S. Court for reimbursement of U.S. Litigation Expenses, which may include a request for reimbursement of U.S. Lead Plaintiff's costs and expenses directly related to his representation of the U.S. Settlement Class, to be paid from (and out of) the U.S.

Settlement Fund. U.S. Lead Counsel's application for an award of attorneys' fees and/or U.S. Litigation Expenses is not the subject of any agreement between Defendants and U.S. Lead Plaintiff other than what is set forth in this Stipulation.

24. Canadian Plaintiff's Counsel will apply to the Canadian Court for an award of legal fees to be paid from (and out of) the Canadian Settlement Fund. Canadian Plaintiff's Counsel also will apply to the Canadian Court for reimbursement of Canadian Litigation Expenses, to be paid from (and out of) the Canadian Settlement Fund. Canadian Plaintiff's Counsel's application for an award of legal fees and/or Canadian Litigation Expenses is not the subject of any agreement between Defendants and Canadian Plaintiff other than what is set forth in this Stipulation.

25. Any attorney or legal fees and Litigation Expenses that are awarded by the U.S. Court or the Canadian Court shall be paid to U.S. Lead Counsel or Canadian Plaintiff's Counsel, as applicable, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Any payment of attorneys or legal fees or Litigation Expenses to U.S. Lead Counsel or Canadian Plaintiff's Counsel is subject to the obligation of U.S. Lead Counsel or Canadian Plaintiff's Counsel to make appropriate refunds or repayments to the applicable Settlement Fund, including accrued interest at the same net rate as is earned by the applicable Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation, or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorney or legal fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. For the avoidance of doubt, any refund or repayment required by the U.S. Court or the Canadian Court shall apply solely to U.S. Lead Counsel or Canadian Plaintiff's Counsel, respectively, that is counsel to the plaintiff in an action where a refund or repayment

obligation arises. Any refunds or repayments from the Settlement Funds to Defendants or their insurers shall be made consistent with ¶ 51. U.S. Lead Counsel or Canadian Plaintiff's Counsel, as applicable, shall make the appropriate refund or repayment to the applicable Settlement Fund in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. If any payment to U.S. Lead Counsel has been converted into U.S. currency, any repayment required by this paragraph may be made in Canadian currency or U.S. currency, so long as the amount repaid is equal to the value of the amount that is subject to repayment and that was originally paid from the U.S. Escrow Account, in Canadian currency, on the date that the funds were originally paid out of the U.S. Escrow Account.

26. An award of attorneys' or legal fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. None of U.S. Lead Plaintiff, U.S. Lead Counsel, Canadian Plaintiff, or Canadian Plaintiff's Counsel, may cancel or terminate the Settlement based on any court's ruling with respect to attorneys' and/or legal fees and/or Litigation Expenses.

27. U.S. Lead Counsel shall allocate the attorneys' fees awarded amongst U.S. Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the U.S. Action. The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to U.S. Lead Counsel shall be payable solely from the U.S. Escrow Account. The legal fees and Litigation Expenses that are awarded to Canadian Plaintiff's Counsel shall be payable solely from the Canadian Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

28.     As part of the U.S. Preliminary Approval Order, U.S. Lead Plaintiff shall seek appointment of a U.S. Claims Administrator.  The U.S. Claims Administrator shall administer the U.S. Settlement, including but not limited to the process of receiving, reviewing and approving or denying U.S. Claims, under U.S. Lead Counsel's supervision and subject to the jurisdiction of the U.S. Court.

29.     As part of the Canadian First Order, Canadian Plaintiff shall seek appointment of a Canadian Claims Administrator in its sole discretion subject to the Canadian Court's approval. The Canadian Claims Administrator shall administer the Canadian Settlement, including but not limited to the process of receiving, reviewing and approving or denying Canadian Claims, under Canadian Plaintiff's Counsel's supervision and subject to the jurisdiction of the Canadian Court.

30.     Other than ReconAfrica's obligation to provide its securities holders records as provided in ¶ 32 below, none of the Defendants, nor any other Released Defendant Parties, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrators, the Plans of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Funds, and shall have no liability whatsoever to any person or entity, including, but not limited to, Canadian Plaintiff and U.S. Lead Plaintiff, any other Settlement Class Members, or U.S. Lead Counsel or Canadian Plaintiff's Counsel, in connection with the foregoing.  Defendants' Counsel shall have no involvement  in the administration of the Settlement, provided that the Parties shall take all reasonable steps necessary to cooperate with each other in good faith to effectuate the terms of this Stipulation.

31.     In accordance with the terms of the U.S. Preliminary Approval Order to be entered by the U.S. Court, U.S. Lead Counsel shall cause the U.S. Claims Administrator to mail the U.S.

Postcard Notice to those members of the U.S. Settlement Class as may be identified through reasonable effort. U.S. Lead Counsel shall also cause the U.S. Claims Administrator to: (a) post downloadable copies of the U.S. Notice and U.S. Claim Form online at www. ReconAfricaUSSecuritiesSettlement.com; and (b) have the U.S. Summary Notice published in accordance with the terms of the U.S. Preliminary Approval Order to be entered by the U.S. Court.

32. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after the U.S. Court's or the Canadian Court's entry of an order preliminarily approving the Settlement as to either of the Actions, ReconAfrica, or its successor entity, will provide or cause to be provided to both Claims Administrators in an electronic format such as Excel (at no cost to the U.S. Settlement Fund, U.S. Lead Plaintiff, Canadian Plaintiff, U.S. Lead Counsel, Canadian Plaintiff's Counsel, or the Claims Administrators), its shareholder lists (consisting of names and addresses) of the purchasers of publicly traded ReconAfrica Securities during the Canadian Settlement Class Period or U.S. Settlement Class Period, as applicable. To the extent not already contained in said shareholder list(s), ReconAfrica shall also provide information, if known to ReconAfrica, identifying the distinction by which shareholders purchased shares listed on the TSXV, the Frankfurt Stock Exchange, and the U.S. OTC market.

33. The U.S. Claims Administrator shall receive U.S. Claims and determine first, whether the U.S. Claim is a valid U.S. Claim, in whole or part, and second, each Authorized U.S. Claimant's *pro rata* share of the U.S. Net Settlement Fund based upon each Authorized U.S. Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized U.S. Claimants (as set forth in the U.S. Plan of Allocation set forth in the U.S. Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the U.S. Court approves).

34. The Canadian Claims Administrator shall receive Canadian Claims and determine

first, whether the Canadian Claim is a valid Canadian Claim, in whole or part, and second, each Authorized Canadian Claimant's *pro rata* share of the Canadian Net Settlement Fund based upon each Authorized Canadian Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Canadian Claimants (as set forth in the Canadian Plan of Allocation).

35. The proposed Plans of Allocation are not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the U.S. Court or the Canadian Court. U.S. Lead Plaintiff, U.S. Lead Counsel, Canadian Plaintiff, and Canadian Plaintiff's Counsel may not cancel or terminate the Settlement (or this Stipulation) based on any court's ruling with respect to a Plan of Allocation or any other plan of allocation in these Actions. Defendants and the other Released Defendant Parties shall not object in any way to a Plan of Allocation or any other plan of allocation in these Actions. No Defendant, nor any other Released Defendant Parties, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Plans of Allocation as approved by the U.S. Court or the Canadian Court.

36. Any U.S. Settlement Class Member who does not submit a valid U.S. Claim Form will not be entitled to receive any distribution from the U.S. Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the U.S. Judgment or, the Alternate Judgment, if applicable, to be entered in the U.S. Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Parties with respect to the Released U.S. Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

37. Any Canadian Settlement Class Member who does not submit a valid Canadian

Claim Form will not be entitled to receive any distribution from the Canadian Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Canadian Second Order or, the Alternate Judgment, if applicable, to be entered in the Canadian Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Parties with respect to the Released Canadian Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

38.     U.S. Lead Counsel shall be responsible for supervising the administration of the U.S. Settlement and the disbursement of the U.S. Net Settlement Fund subject to U.S. Court approval.  Canadian Plaintiff's Counsel shall be responsible for supervising the administration of the Canadian Settlement and the disbursement of the Canadian Net Settlement Fund subject to Canadian Court approval.  No Defendant, or any other Released Defendant Parties, shall be permitted to review, contest or object to any Claim Form, or any decision of a Claims Administrator or U.S. Lead Counsel or Canadian Plaintiff's Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  U.S. Lead Counsel and Canadian Plaintiff's Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any U.S. Claim Forms or Canadian Claim Forms submitted, respectively, in the interests of achieving substantial justice.

39.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each U.S. Settlement Class Member shall be required to submit a U.S. Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the U.S. Claimant's loss,

or such other documents or proof as the U.S. Claims Administrator or U.S. Lead Counsel, in their discretion, may deem acceptable. Each Canadian Settlement Class Member shall be required to submit a Canadian Claim Form, substantially in the form attached hereto as Exhibit C-4, supported by such documents as are designated therein, including proof of the Canadian Claimant's loss, or such other documents or proof as the Canadian Claims Administrator or Canadian Plaintiff's Counsel, in their discretion, may deem acceptable;

(b)     All U.S. Claim Forms must be submitted by the date set by the U.S. Court in the Preliminary Approval Order and specified in the Notice, and all Canadian Claim Forms must be submitted by the date set by the Canadian Court in the Canadian First Order. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the applicable Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the applicable Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Parties with respect to the applicable Released Plaintiff's Claims. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received by the applicable Claims Administrator with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the applicable Claims Administrator;

(c)     Each U.S. Claim Form shall be submitted to and reviewed by the U.S. Claims Administrator who shall determine in accordance with this Stipulation and the U.S. plan of allocation the extent, if any, to which each U.S. Claim shall be allowed, subject to review by the U.S. Court pursuant to subparagraph (e) below as necessary.  Each Canadian Claim Form shall be submitted to and reviewed by the Canadian Claims Administrator who shall determine in accordance with this Stipulation and the Canadian plan of allocation the extent, if any, to which each Canadian Claim shall be allowed, subject to review by the Canadian Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the applicable Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The U.S. Claims Administrator shall notify, in a timely fashion and in writing, all U.S. Claimants whose U.S. Claim the U.S. Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the U.S. Claimant whose U.S. Claim is to be rejected has the right to a review by the U.S. Court if the U.S. Claimant so desires and complies with the requirements of subparagraph (e) below. The Canadian Claims Administrator shall notify, in a timely fashion and in writing, all Canadian Claimants whose Canadian Claim the Canadian Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Canadian Claimant whose Canadian Claim is to be rejected has the right to a review by the Canadian Court if the Canadian Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the applicable Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the applicable Court. If a dispute concerning a Claim cannot be otherwise resolved, U.S. Lead Counsel or Canadian Plaintiff's Counsel, as applicable, shall thereafter present the request for review to the U.S. Court or the Canadian Court, as applicable.

40.     Each U.S. Claimant shall be deemed to have submitted to the jurisdiction of the U.S. Court with respect to the U.S. Claimant's U.S. Claim, and the U.S. Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that U.S. Claimant's status as a U.S. Settlement Class Member and the validity and amount of the U.S. Claimant's Claim. Each Canadian Claimant shall be deemed to have submitted to the jurisdiction of the Canadian Court with respect to the Canadian Claimant's Canadian Claim, and the Canadian Claim will be subject to investigation and discovery under the laws applicable in the Canadian Court, provided, however, that such investigation and discovery shall be limited to that Canadian Claimant's status as a Canadian Settlement Class Member and the validity and amount of the Canadian Claimant's Claim. No discovery shall be allowed on the merits of the Actions or of the Settlement in connection with the processing of Claim Forms.

41.     U.S. Lead Counsel will apply to the U.S. Court, on notice to Defendants' Counsel, for a U.S. Class Distribution Order: (a) approving the U.S. Claims Administrator's administrative determinations concerning the acceptance and rejection of the U.S. Claims submitted; (b)

approving payment of any administration fees and expenses associated with the administration of the U.S. Settlement from the U.S. Escrow Account; and (c) if the Effective Date has occurred, directing payment of the U.S. Net Settlement Fund to Authorized U.S. Claimants from the U.S. Escrow Account.

42.     Canadian Plaintiff's Counsel will apply to the Canadian Court, on notice to Defendants' Counsel, for a Canadian Class Distribution Order: (a) approving the Canadian Claims Administrator's administrative determinations concerning the acceptance and rejection of the Canadian Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Canadian Settlement from the Canadian Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Canadian Net Settlement Fund to Authorized Canadian Claimants from the Canadian Escrow Account.

43.     Payment pursuant to the U.S. Class Distribution Order shall be final and conclusive against all U.S. Settlement Class Members.  All U.S. Settlement Class Members whose U.S. Claims are not approved by the U.S. Court for payment shall be barred from participating in distributions from the U.S. Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the U.S. Judgment or Alternate Judgment, if applicable, to be entered in the U.S. Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Parties with respect to any and all of the Released U.S. Plaintiff's Claims.

44.     Payment pursuant to the Canadian Class Distribution Order shall be final and conclusive against all Canadian Settlement Class Members.  All Canadian Settlement Class Members whose Canadian Claims are not approved by the Canadian Court for payment shall be barred from participating in distributions from the Canadian Net Settlement Fund, but otherwise

shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Canadian Second Order or Alternate Judgment, if applicable, to be entered in the Canadian Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Parties with respect to any and all of the Released Canadian Plaintiff's Claims.

45. No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, Canadian Plaintiff, Canadian Plaintiff's Counsel, the Claims Administrators or any other agent designated by U.S. Lead Counsel or Canadian Plaintiff's Counsel, or the Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the U.S. Court or the Canadian Court, or any order of the U.S. Court or the Canadian Court. U.S. Lead Plaintiff, Canadian Plaintiff, and Defendants, and their respective counsel, damages experts for U.S. Lead Plaintiff or Canadian Plaintiff, and all other Releasees, shall have no liability whatsoever for the investment or distribution of the Settlement Funds or the Net Settlement Funds, the plans of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrators, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Funds, or any losses incurred in connection therewith.

46. All proceedings with respect to the administration, processing and determination of U.S. Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of U.S. Claims, shall be subject to the jurisdiction of the U.S. Court. All proceedings with respect to the administration, processing and determination of Canadian Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Canadian Claims, shall

be subject to the jurisdiction of the Canadian Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENTS

47.     If the Settlement contemplated by this Stipulation is approved by the U.S. Court, U.S. Lead Counsel and Defendants' Counsel shall request that the U.S. Court enter a U.S. Judgment, substantially in the form attached hereto as Exhibit B.

48.     If the Settlement contemplated by this Stipulation is approved by the Canadian Court, Canadian Plaintiff's Counsel and Defendants' Counsel shall request that the Canadian Court enter the Canadian Second Order, substantially in the form attached hereto as Exhibit C-6.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

49.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the U.S. Court has entered the U.S. Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, and the Canadian Court has entered the Canadian First Order, substantially in the form set forth in Exhibit C-1 attached hereto, as required by ¶¶ 4-5 above;

(b)     the U.S. Settlement Amount has been deposited into the U.S. Escrow Account, and the Canadian Settlement Amount has been deposited into the Canadian Escrow Account, in accordance with the provisions of ¶¶ 11-12 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 53 below);

(d)     U.S. Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation, and Canadian Plaintiff has not exercised her option to terminate the Settlement pursuant to the provision of this Stipulation;

(e)     the U.S. Court has approved the U.S. Settlement as described herein, following notice to the U.S. Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the U.S. Judgment and the U.S. Judgment has become Final, or the U.S. Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final; and

(f)     the Canadian Court has approved the Canadian Settlement as described herein, following notice to the Canadian Settlement Class and a hearing, and entered the Canadian Second Order and the Canadian Second Order has become Final, or the Canadian Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

50.     Upon the occurrence of all of the events referenced in ¶ 49 above, any and all remaining interest or right of Defendants in or to the U.S. Settlement Fund or the Canadian Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

51.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) U.S. Lead Plaintiff exercises his right or Canadian Plaintiff exercises her right to terminate the Settlement as provided in this Stipulation; (iii) the U.S. Court or the Canadian Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be

canceled and terminated.

(b)     The Parties shall revert to their respective positions in the Actions as of December 20, 2023.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 51 and ¶¶ 22, 25, 54 and 77, shall have no further force and effect with respect to the Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any Judgments, or Alternate Judgments, if applicable, or order entered by the U.S. Court or the Canadian Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and U.S. Lead Counsel to the U.S. Escrow Agent, the U.S. Settlement Fund (including accrued interest thereon and any funds received by U.S. Lead Counsel consistent with ¶ 25 above), less any U.S. Notice and Administration Costs actually incurred, paid or payable and less any U.S. Taxes paid, due or owing shall be refunded by the U.S. Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  If the U.S. Settlement Fund has been converted into U.S. currency, the repayment may be made in U.S. currency of equivalent Canadian currency value to the amount subject to repayment at the time of payment into the U.S. Escrow Account.  In the event that the funds received by U.S. Lead Counsel consistent with ¶ 25 above have not been refunded to the U.S. Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the U.S. Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the U.S. Escrow Account consistent with ¶ 25 above.

(e)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Canadian Plaintiff's Counsel to the Canadian Escrow Agent, the Canadian Settlement Fund (including accrued interest thereon and any funds received by Canadian Plaintiff's Counsel consistent with ¶ 25 above), less any Canadian Notice and Administration Costs actually incurred, paid or payable and less any Canadian Taxes paid, due or owing shall be refunded by the Canadian Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Canadian Plaintiff's Counsel consistent with ¶ 25 above have not been refunded to the Canadian Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Canadian Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Canadian Escrow Account consistent with ¶ 25 above.

52.     It is further stipulated and agreed that U.S. Lead Plaintiff, Canadian Plaintiff, and Defendants, provided the Defendants unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the U.S. Court's final refusal to enter the Preliminary Approval Order in any material respect, or the Canadian Court's final refusal to enter the Canadian First Order in any material respect; (b) the U.S. Court's final refusal to approve the U.S. Settlement or any material part thereof, or the Canadian Court's final refusal to approve the Canadian Settlement or any material part thereof; (c) the U.S. Court's final refusal to enter the U.S. Judgment in any material respect as to the U.S. Settlement, or the Canadian Court's final refusal to enter the Canadian Second Order in any material respect as to the Canadian Settlement; (d) the date upon which the U.S. Judgment is modified or reversed in any material

respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, or the date upon which the Canadian Second Order is modified or reversed in any material respect by an appellate court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, or the date upon which an Alternate Judgment is modified or reversed in any material respect by a Canadian appellate court, and the provisions of ¶ 51 above shall apply. However, any decision or proceeding, whether in the U.S. Court, the Canadian Court, or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any US. Judgment, Canadian Second Order, or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

53. In addition to the grounds set forth in ¶ 52 above, Defendants, provided the Defendants unanimously agree, shall have the right, but not the obligation, to terminate the Settlement, the U.S. Settlement, or the Canadian Settlement, in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with U.S. Lead Plaintiff and Canadian Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the U.S. Court or the Canadian Court, and its terms shall not be disclosed in any other manner (other than the statements herein and in any notice to Settlement Class Members, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the U.S. Court or the Canadian Court otherwise directs or a dispute arises between U.S. Lead Plaintiff or Canadian Plaintiff and Defendants concerning its interpretation or application, in which

event the Parties shall submit the Supplemental Agreement to the U.S. Court or the Canadian Court, as applicable, *in camera* and request that such court afford it confidential treatment.

**NO ADMISSION OF WRONGDOING**

54.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and any Plan of Allocation contained therein (or any other plan of allocation that may be approved by the U.S. Court or the Canadian Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by U.S. Lead Plaintiff or Canadian Plaintiff, or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, that damages recoverable in the U.S. Action would not have exceeded the U.S. Settlement Amount, that damages

recoverable in the Canadian Action would not have exceeded the Canadian Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the U.S. Court and the Canadian Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

### **MISCELLANEOUS PROVISIONS**

55. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

56. Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their

counsel.

57.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the U.S. Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the U.S. Settlement Fund by others, then, at the election of U.S. Lead Plaintiff, U.S. Lead Plaintiff and Defendants shall jointly move the U.S. Court to vacate and set aside the Releases given with respect to the U.S. Action, and the U.S. Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and U.S. Judgment, or Alternate Judgment, if applicable, shall be null and void, and the U.S. Lead Plaintiff and Defendants shall be restored to their respective positions in the U.S. Action as provided in ¶ 51 above and any cash amounts in the U.S. Settlement Fund (less any U.S. Taxes paid, due or owing with respect to the U.S. Settlement Fund and less any U.S. Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 51.

58.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Canadian Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Canadian Settlement Fund by others, then, at the election of Canadian Plaintiff, Canadian Lead Plaintiff and Defendants shall jointly move the Canadian Court to vacate and set aside the Releases given with respect to the Canadian Action, and the Canadian Second Order or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Canadian Second Order, or Alternate Judgment,

if applicable, shall be null and void, and the Canadian Lead Plaintiff and Defendants shall be restored to their respective positions in the Canadian Action as provided in ¶ 51 above and any cash amounts in the Canadian Settlement Fund (less any Canadian Taxes paid, due or owing with respect to the Canadian Settlement Fund and less any Canadian Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 51.

59. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by U.S. Lead Plaintiff, Canadian Plaintiff, and any other Settlement Class Members against the Released Defendant Parties with respect to the Released Plaintiffs' Claims. Accordingly, U.S. Lead Plaintiff and his counsel, Canadian Plaintiff and her counsel, and Defendants and their counsel agree not to assert in any forum that the Actions were brought by U.S. Lead Plaintiff or Canadian Plaintiff, or defended by Defendants, in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of the U.S. Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed Melnick, Esq., of JAMS, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

60. While retaining their right to deny that the claims asserted in the Actions were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Actions were commenced or prosecuted in bad faith, nor will they deny that the Actions were commenced and prosecuted in good faith and

are being settled voluntarily after consultation with competent legal counsel. In all events, U.S. Lead Plaintiff and his counsel, Canadian Plaintiff and her counsel, and Defendants and their counsel, shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Actions, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

61. The terms of the Settlement, as reflected in this Stipulation, as applicable to the U.S. Action may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both U.S. Lead Plaintiff and Defendants (or their successors-in-interest). The terms of the Settlement, as reflected in this Stipulation, as applicable to the Canadian Action may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Canadian Plaintiff and Defendants (or their successors-in-interest). The terms of the Settlement, as reflected in this Stipulation, that are applicable to both Actions may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of each of U.S. Lead Plaintiff, Canadian Plaintiff, and Defendants (or their successors-in-interest).

62. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

63. Any disputes between the Parties arising out of or relating to this Stipulation, or to the Settlement, shall be mediated by Jed Melnick, and if mediation is unsuccessful, shall be litigated before the U.S. Court or the Canadian Court, as applicable, or the U.S. Court if the dispute relates to both Actions.

64. The administration and consummation of the U.S. Settlement as embodied in this Stipulation shall be under the authority of the U.S. Court, and the U.S. Court shall retain

jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and U.S. Litigation Expenses to U.S. Plaintiff's Counsel and enforcing the terms of this Stipulation, including the U.S. Plan of Allocation (or such other plan of allocation as may be approved by the U.S. Court) and the distribution of the U.S. Net Settlement Fund to U.S. Settlement Class Members.

65. The administration and consummation of the Canadian Settlement as embodied in this Stipulation shall be under the authority of the Canadian Court, and the Canadian Court shall retain jurisdiction for the purpose of entering orders providing for awards of legal fees and Canadian Litigation Expenses to Canadian Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Canadian Plan of Allocation (or such other plan of allocation as may be approved by the Canadian Court) and the distribution of the Canadian Net Settlement Fund to Canadian Settlement Class Members

66. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

67. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among U.S. Lead Plaintiff, Canadian Plaintiff, and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

68. This Stipulation may be executed in one or more counterparts, including by an image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

69.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

70.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that U.S. federal law requires that U.S. federal law govern.

71.     Any action arising under or to enforce this Stipulation or any portion thereof, as applicable to the U.S. Action shall be commenced and maintained only in the U.S. Court.  Any action arising under or to enforce this Stipulation or any portion thereof, as applicable to the Canadian Action shall be commenced and maintained only in the Canadian Court.  Any action arising under or to enforce this Stipulation or any portion thereof, as applicable to both Actions shall be commenced and maintained only in the U.S. Court.

72.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

73.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

74.     U.S. Lead Counsel, Canadian Plaintiff's Counsel, and Defendants' Counsel agree to cooperate fully with one another in seeking U.S. Court approval and Canadian Court approval

of the Preliminary Approval Order, Canadian First Order, and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the U.S. Court or the Canadian Court of the Settlement.

75.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to U.S. Lead Plaintiff or U.S. Lead Counsel: | Glancy Prongay & Murray LLP<br>Attn:   Garth Spencer, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone:  (310) 201-9150<br>Email: gspencer@glancylaw.com |
| If to Canadian Plaintiff or Canadian Plaintiff's Counsel: | Berger Montague (Canada) PC<br>Attn:   Andrew Morganti, Esq.<br>330 Bay Street, Suite 1302<br>Toronto, Ontario M5H 2S8<br>Telephone: (647) 598-8772<br>Email: amorganti@bm.net |
| If to Defendants: | Neal Gerber Eisenberg LLP<br>Attn:  Karl Barnickol, Esq.<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, Illinois 60602-3801<br>Telephone:  (312) 269-8000<br>Email: kbarnickol@nge.com<br><br>and<br><br>Cassels Brock & Blackwell, LLP<br>Attn:  Lara Jackson, Esq.<br>Suite 3200, Bay Adelaide Centre-North Tower<br>40 Temperance Street<br>Toronto, Ontario M5H0B4 |

76.     Except as otherwise provided herein, each Party shall bear its own costs.

77.     Whether or not the Stipulation is approved by the U.S. Court or the Canadian Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

78.     All agreements made and orders entered during the course of the Actions relating to the confidentiality of information shall survive this Settlement.

79.     Defendants shall be responsible for sending notices required by the Class Action Fairness Act, 28 U.S.C. §1715, and for all costs and expenses related thereto.

80.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

81.     U.S. Lead Plaintiff and U.S. Lead Counsel will destroy or return to Defendants' Counsel any documents produced by the Defendants or third parties as part of discovery in the U.S. Action within sixty (60) days of the Effective Date. Notwithstanding the above requirements to return or destroy materials, U.S. Lead Counsel may retain (a) attorney work product, so long as that work product does not duplicate verbatim substantial portions of confidential material produced by Defendants, and (b) one complete set of all documents filed in the U.S. Action,

including those filed under seal, provided that U.S. Lead Counsel maintains the confidentiality thereof.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 27, 2024.

**GLANCY PRONGAY & MURRAY LLP**

By: _____
    Garth A. Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: gspencer@glancylaw.com

*Lead Counsel for U.S. Lead Plaintiff and the Proposed U.S. Settlement Class*

**BERGER MONTAGUE (CANADA) PC**

By: _____
    Andrew Morganti, Esq.
330 Bay Street, Suite 1302
Toronto, Ontario M5H 2S8
Telephone: (647) 598-8772
Email: amorganti@bm.net

*Attorneys for Canadian Plaintiff and the Proposed Canadian Settlement Class*

**NEAL GERBER EISENBERG LLP**

By: _____
    Karl Barnickol, Esq.
Two North LaSalle Street
Suite 1700
Chicago, Illinois 60602-3801
Telephone: (312) 269-8000
Email: kbarnickol@nge.com

including those filed under seal, provided that U.S. Lead Counsel maintains the confidentiality thereof.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 27, 2024.

**GLANCY PRONGAY & MURRAY LLP**

By: _____
    Garth A. Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: gspencer@glancylaw.com

*Lead Counsel for U.S. Lead Plaintiff and the Proposed U.S. Settlement Class*

**BERGER MONTAGUE (CANADA) PC**

By: _____
    Andrew Morganti, Esq.
330 Bay Street, Suite 1302
Toronto, Ontario M5H 2S8
Telephone: (647) 598-8772
Email: amorganti@bm.net

*Attorneys for Canadian Plaintiff and the Proposed Canadian Settlement Class*

**NEAL GERBER EISENBERG LLP**

By: _____
    Karl Barnickol, Esq.
Two North LaSalle Street
Suite 1700
Chicago, Illinois 60602-3801
Telephone: (312) 269-8000
Email: kbarnickol@nge.com

*U.S. Counsel for Defendant Reconnaissance Energy Africa, Ltd., and Counsel for Jay Park, Scot Evans, Carlos Escribano, Mark Gerlitz, Ian Brown, Shiraz Dhanani and James Granath*

**CASSELS BROCK & BLACKWELL, LLP**

By: _____
for:    Lara Jackson, Esq.
Suite 3200, Bay Adelaide Centre-North Tower
40 Temperance Street
Toronto, Ontario M5H0B4
Telephone: (416) 869-2907
Email: ljackson@cassels.com

*Canadian Counsel for Defendant Reconnaissance Energy Africa, Ltd.*

## EXHIBIT LIST

| | | |
|---|---|---|
| Exhibit A | - | U.S. Preliminary Approval Order |
| Exhibit A-1 | - | U.S. Notice |
| Exhibit A-2 | - | U.S. Claim Form |
| Exhibit A-3 | - | U.S. Summary Notice |
| Exhibit A-4 | - | U.S. Postcard Notice |
| Exhibit B | - | U.S. Judgment |
| Exhibit C-1 | - | Canadian First Order |
| Exhibit C-2 | - | Canadian First Notice |
| Exhibit C-3 | - | Canadian Second Notice |
| Exhibit C-4 | - | Canadian Claim Form |
| Exhibit C-5 | - | Canadian Plan of Allocation |
| Exhibit C-6 | - | Canadian Second Order |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *In Re Reconnaissance Energy Africa Ltd. Securities Litigation*, Case No. 1:21-cv-06176-NRM-RML (the "U.S. Action");

WHEREAS, (a) lead plaintiff Robert Partovy ("U.S. Lead Plaintiff"), on behalf of himself and the U.S. Settlement Class (defined below), and (b) defendant Reconnaissance Energy Africa Ltd. ("ReconAfrica"), and James Jay Park, Scot Evans, Ian D. Brown, Carlos Escribano, Shiraz Dhanani, Mark Gerlitz, and James Granath (collectively, the "Individual Defendants"; and, together with ReconAfrica, the "Defendants"; and together with U.S. Lead Plaintiff, the "U.S. Parties") have determined to settle all claims asserted against Defendants in this U.S. Action with prejudice on the terms and conditions set forth in the Global Stipulation and Agreement of Settlement dated February 27, 2024 (the "Stipulation") subject to approval of this Court (the "U.S. Settlement");

WHEREAS, the Stipulation also provides for the settlement of claims asserted against ReconAfrica in related litigation pending in Canada in the Supreme Court of British Columbia, *Bowles v. Reconnaissance Energy Africa Ltd.*, Court File No. VLC-S-S-233808, subject to the approval of the Canadian Court;

WHEREAS, U.S. Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the U.S. Settlement in accordance with the Stipulation, certifying the U.S. Settlement Class for purposes of the U.S. Settlement only, and allowing notice to U.S. Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) U.S. Lead Plaintiff's motion for preliminary approval of the U.S. Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed U.S. Settlement, a U.S. Settlement Class consisting of all persons and entities that purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market, between February 28, 2019 and September 7, 2021, both dates inclusive, and were damaged thereby.  Excluded from the U.S. Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of ReconAfrica and/or its predecessor Lund Enterprises Corp. during the U.S. Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of ReconAfrica and/or Lund; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or

2

member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the U.S. Settlement Class are any persons and entities who or which submit a request for exclusion from the U.S. Settlement Class that is accepted by the U.S. Court. For the avoidance of doubt: (a) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants; and (b) while investors that purchased ReconAfrica Securities exclusively on the TSXV or Frankfurt markets are excluded from the U.S. Settlement Class, investors that purchased ReconAfrica Securities on the TSXV or Frankfurt markets in addition to the U.S. OTC market may be members of the U.S. Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund.

2. **Class Findings** – Solely for purposes of the proposed U.S. Settlement of this U.S. Action, the Court finds that each element required for certification of the U.S. Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the U.S. Settlement Class are so numerous that their joinder in the U.S. Action would be impracticable; (b) there are questions of law and fact common to the U.S. Settlement Class which predominate over any individual questions; (c) the claims of U.S. Lead Plaintiff in the U.S. Action are typical of the claims of the U.S. Settlement Class; (d) U.S. Lead Plaintiff and U.S. Lead Counsel have and will fairly and adequately represent and protect the interests of the U.S. Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the U.S. Action.

3.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the U.S. Settlement only, U.S. Lead Plaintiff Robert Partovy is an adequate class representative and certifies him as the Class Representative for the U.S. Settlement Class.  The Court also appoints U.S. Lead Counsel as Class Counsel for the U.S. Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the U.S. Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the U.S. Settlement Class, subject to further consideration at the U.S. Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "U.S. Settlement Hearing") on _____, 2024 at __:__ _.m. in Courtroom 6E North of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, for the following purposes: (a) to determine whether the proposed U.S. Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the U.S. Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the U.S. Action with prejudice against Defendants; (c) to determine whether the proposed U.S. Plan of Allocation for the proceeds of the U.S. Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by U.S. Lead Counsel for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the U.S. Settlement.  Notice of the U.S. Settlement and the U.S. Settlement Hearing shall be given to U.S. Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the U.S. Settlement Hearing without further notice to the U.S. Settlement Class, and may approve the proposed U.S. Settlement with such modifications as the U.S. Parties may agree to, if appropriate, without further notice to the U.S. Settlement Class.

7.     **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – U.S. Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "U.S. Claims Administrator") to supervise and administer the notice procedure in connection with the proposed U.S. Settlement as well as the processing of U.S. Claims as more fully set forth below. Notice of the U.S. Settlement and the U.S. Settlement Hearing shall be given by U.S. Lead Counsel as follows:

(a)     for the purposes of identifying and providing notice to the U.S. Settlement Class, within five (5) business days after the Court's entry of this Order, ReconAfrica, or its successor entity, will provide or cause to be provided to the U.S. Claims Administrator in an electronic format such as Excel (at no cost to the U.S. Settlement Fund, U.S. Lead Plaintiff, U.S. Lead Counsel, or the U.S. Claims Administrator), its shareholder lists (consisting of names and addresses) of the purchasers of publicly traded ReconAfrica Securities during the U.S. Settlement Class Period. To the extent not already contained in said shareholder list(s), ReconAfrica shall also provide information, if known to ReconAfrica, identifying the distinction by which shareholders purchased shares listed on the TSXV, the Frankfurt Stock Exchange, and the U.S. OTC market;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "U.S. Notice Date"), the U.S. Claims Administrator shall cause a copy of the U.S. Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential U.S. Settlement Class Members at the addresses set forth in the records provided by

ReconAfrica or in the records which ReconAfrica caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)      contemporaneously with the mailing of the U.S. Postcard Notice, the U.S. Claims Administrator shall cause copies of the U.S. Notice and the U.S. Claim Form to be posted on a website to be developed for the U.S. Settlement, from which copies of the U.S. Notice and U.S. Claim Form can be downloaded;

(d)      not later than ten (10) business days after the U.S. Notice Date, the U.S. Claims Administrator shall cause the U.S. Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)      not later than seven (7) calendar days prior to the U.S. Settlement Hearing, U.S. Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the U.S. Notice, the U.S. Claim Form, the U.S. Summary Notice, and the U.S. Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the U.S. Postcard Notice, the posting of the U.S. Notice and U.S. Claim Form online, and the publication of the U.S. Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise U.S. Settlement Class Members of the pendency of the U.S. Action, of the effect of the proposed U.S. Settlement (including the Releases to be provided thereunder), of U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses, of their right to object to the

U.S. Settlement, the U.S. Plan of Allocation and/or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of U.S. Litigation Expenses, of their right to exclude themselves from the U.S. Settlement Class, and of their right to appear at the U.S. Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed U.S. Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the U.S. Settlement Hearing shall be included in the U.S. Postcard Notice, U.S. Notice, and U.S. Summary Notice before they are mailed, posted online, and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market during the U.S. Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the U.S. Postcard Notice, request from the U.S. Claims Administrator sufficient copies of the U.S. Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those U.S. Postcard Notices forward them to all such beneficial owners; (b) request from the U.S. Claims Administrator a link to the U.S. Notice and U.S. Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the U.S. Postcard Notice send a list of the names and addresses of all such beneficial owners to the U.S. Claims Administrator, in which event the U.S. Claims Administrator shall promptly mail the U.S. Postcard Notice to such beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable

expenses actually incurred up to a maximum of $0.03 per name and address provided to the U.S. Claims Administrator; up to $0.03 per U.S. Postcard Notice actually mailed, plus postage at the rate used by U.S. Claims Administrator; or up to $0.03 per link to the U.S. Notice and U.S. Claim Form transmitted by email, by providing the U.S. Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the U.S. Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice. Postcard Notices may only be printed by the Court-appointed Claims Administrator.

10. **Participation in the Settlement** – U.S. Settlement Class Members who wish to participate in the U.S. Settlement and to be eligible to receive a distribution from the U.S. Net Settlement Fund must complete and submit a U.S. Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all U.S. Claim Forms must be postmarked or submitted online no later than one hundred and twenty (120) calendar days after the U.S. Notice Date. Notwithstanding the foregoing, U.S. Lead Counsel may, at its discretion, accept for processing late U.S. Claims provided such acceptance does not delay the distribution of the U.S. Net Settlement Fund to the U.S. Settlement Class. By submitting a U.S. Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its U.S. Claim and the subject matter of the U.S. Settlement.

11. Each U.S. Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for

the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by U.S. Lead Counsel or the U.S. Claims Administrator; (c) if the person executing the U.S. Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the U.S. Settlement Class Member must be included in the U.S. Claim Form to the satisfaction of U.S. Lead Counsel or the U.S. Claims Administrator; and (d) the U.S. Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any U.S. Settlement Class Member that does not timely and validly submit a U.S. Claim Form or whose U.S. Claim is not otherwise approved by the U.S. Court: (a) shall be deemed to have waived his, her or its right to share in the U.S. Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the U.S. Settlement and all proceedings, determinations, orders and judgments in the U.S. Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the U.S. Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released U.S. Plaintiff's Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and U.S. Notice.  Notwithstanding the foregoing, late U.S. Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the U.S. Settlement Class** – Any member of the U.S. Settlement Class who wishes to exclude himself, herself or itself from the U.S. Settlement Class must request

exclusion in writing within the time and in the manner set forth in the U.S. Notice, which shall provide that: (a) any such request for exclusion from the U.S. Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the U.S. Settlement Hearing, to: *In re Reconnaissance Energy Africa Ltd. Securities Litigation*, EXCLUSIONS, c/o Epiq, P.O. Box 6929, Portland, OR 97228-6929, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the U.S. Settlement Class in *In Re Reconnaissance Energy Africa Ltd. Securities Litigation*, Case No. 1:21-cv-06176-NRM-RML"; (iii) state the number of shares of publicly traded ReconAfrica Securities that the person or entity requesting exclusion purchased/acquired and/or sold on the U.S. OTC market during the U.S. Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the U.S. Settlement Class shall not be a U.S. Settlement Class Member, shall not be bound by the terms of the U.S. Settlement or any orders or judgments in the U.S. Action and shall not receive any payment out of the U.S. Net Settlement Fund.

15. Any U.S. Settlement Class Member who or which does not timely and validly request exclusion from the U.S. Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the U.S. Settlement Class; (b) shall

be forever barred from requesting exclusion from the U.S. Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and U.S. Settlement and all proceedings, determinations, orders and judgments in the U.S. Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the U.S. Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released U.S. Plaintiff's Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and U.S. Notice.

16. **Appearance and Objections at U.S. Settlement Hearing** – Any U.S. Settlement Class Member who does not request exclusion from the U.S. Settlement Class may enter an appearance in the U.S. Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both U.S. Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the U.S. Settlement Hearing, or as the Court may otherwise direct. Any U.S. Settlement Class Member who does not enter an appearance will be represented by U.S. Lead Counsel.

17. Any U.S. Settlement Class Member who does not request exclusion from the U.S. Settlement Class may file a written objection to the proposed U.S. Settlement, the proposed U.S. Plan of Allocation, and/or U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed U.S. Settlement, the proposed U.S. Plan of Allocation and/or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of U.S. Litigation Expenses should not be approved; *provided, however*, that no U.S. Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed U.S. Settlement, the proposed

U.S. Plan of Allocation and/or the motion for attorneys' fees and reimbursement of U.S. Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on U.S. Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the U.S. Settlement Hearing.

|              **U.S. Lead Counsel**               |              **Defendants' Counsel**               |
| :-----------------------------------------------: | :------------------------------------------------: |
| Glancy Prongay & Murray LLP<br>Garth Spencer, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Neal Gerber Eisenberg LLP<br>Karl Barnickol, Esq.<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, Illinois 60602-3801 |

18. Any objections, filings and other submissions by the objecting U.S. Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the U.S. Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the U.S. Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the U.S. Settlement Class, including the number of shares of publicly traded ReconAfrica Securities that the objecting U.S. Settlement Class Member purchased/acquired and/or sold on the U.S. OTC market during the U.S. Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the U.S. Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any U.S. Settlement Class Member who or which does not make his, her or its

objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed U.S. Settlement, the proposed U.S. Plan of Allocation, and U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the U.S. Settlement, the U.S. Plan of Allocation or the requested attorneys' fees and U.S. Litigation Expenses, or from otherwise being heard concerning the U.S. Settlement, the U.S. Plan of Allocation or the requested attorneys' fees and U.S. Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the U.S. Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the U.S. Settlement should be approved, the Court bars and enjoins U.S. Lead Plaintiff, and all other members of the U.S. Settlement Class, from commencing or prosecuting any and all of the Released U.S. Plaintiff's Claims against each and all of the Released Defendant Parties.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying U.S. Settlement Class Members and notifying them of the U.S. Settlement, as well as in administering the U.S. Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

22. **U.S. Settlement Fund** – The contents of the U.S. Settlement Fund held by The Huntington National Bank (which the Court approves as the U.S. Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     **U.S. Taxes** – U.S. Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the U.S. Settlement Fund, to pay from the U.S. Settlement Fund any U.S. Taxes owed with respect to the U.S. Settlement Fund, and to otherwise perform all obligations with respect to U.S. Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the U.S. Settlement is terminated as provided in the Stipulation, the U.S. Settlement is not approved, or the Effective Date of the U.S. Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of U.S. Lead Plaintiff, the other U.S. Settlement Class Members and Defendants, and the U.S. Parties shall revert to their respective positions in the U.S. Action as of December 20, 2023, as provided in the Stipulation.

25.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the U.S. Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the U.S. Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by U.S. Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this U.S. Action or in any

other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the U.S. Complaint would not have exceeded the U.S. Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the U.S. Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the U.S. Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the U.S. Settlement.

26. **<u>Supporting Papers</u>** – U.S. Lead Counsel shall file and serve the opening papers in support of the proposed U.S. Settlement, the U.S. Plan of Allocation, and U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses no later than thirty-five (35) calendar days prior to the U.S. Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the U.S. Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed U.S. Settlement.

SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Nina R. Morrison
United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "U.S. Action")[1] pending in the United States District Court for the Eastern District of New York (the "U.S. Court"), if, during the period between February 28, 2019 and September 7, 2021, inclusive (the "U.S. Settlement Class Period"), you purchased or otherwise acquired publicly traded common stock of Reconnaissance Energy Africa Ltd. ("ReconAfrica"), or its predecessor Lund Enterprises Corp. ("Lund"), on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" ("ReconAfrica U.S. Stock"), and were damaged thereby (the "U.S. Settlement Class").

As used herein, the term "ReconAfrica Securities" means the common stock of ReconAfrica, or Lund, that was publicly traded on the TSXV market under the ticker symbol "RECO"; the Frankfurt market under the ticker symbol "0XD"; and the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF." While investors that purchased ReconAfrica Securities exclusively on the TSXV or Frankfurt markets are excluded from the U.S. Settlement Class, investors that purchased ReconAfrica Securities on the TSXV or Frankfurt markets in addition to the U.S. OTC market may be members of the U.S. Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund. If you purchased or otherwise acquired publicly traded ReconAfrica Securities on the TSXV and/or Frankfurt markets, please visit https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/ to see if you are eligible to participate in the Canadian Settlement.

---

[1] All capitalized terms used in this U.S. Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Global Stipulation and Agreement of Settlement dated February 27, 2024 (the "Stipulation"), which is available at www.ReconAfricaUSSecuritiesSettlement.com.

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed lead plaintiff, Robert Partovy ("U.S. Lead Plaintiff"), on behalf of himself and the U.S. Settlement Class (as defined in ¶27 below), has reached a proposed settlement of the U.S. Action for $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash that, if approved, will resolve all claims in the U.S. Action (the "U.S. Settlement").[2] The Settlement would also resolve a related lawsuit against ReconAfrica in Canada.

**PLEASE READ THIS NOTICE CAREFULLY. This U.S. Notice explains important rights you may have, including the possible receipt of cash from the U.S. Settlement. If you are a member of the U.S. Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this U.S. Notice, the proposed U.S. Settlement, or your eligibility to participate in the U.S. Settlement, please DO NOT contact ReconAfrica, any other Defendants in the U.S. Action, or their counsel. All questions should be directed to U.S. Lead Counsel or the U.S. Claims Administrator (*see* ¶ 95 below).**

1.   **Description of the U.S. Action and the U.S. Settlement Class:** This U.S. Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants ReconAfrica, and James Jay Park, Scot Evans, Ian D. Brown, Carlos Escribano, Shiraz Dhanani, Mark Gerlitz, and James Granath (collectively, the "Individual Defendants"; and, together with ReconAfrica, the "Defendants"; and together with U.S. Lead Plaintiff, the "U.S. Parties") violated the federal securities laws by making false and misleading statements regarding ReconAfrica's business. A more detailed description of the U.S. Action is set forth in paragraphs 11-26 below. The proposed U.S. Settlement, if approved by the U.S. Court, will settle claims of the U.S. Settlement Class, as defined in paragraph 27 below.

2.   **Statement of the U.S. Settlement Class's Recovery:** Subject to U.S. Court approval, U.S. Lead Plaintiff, on behalf of himself and the U.S. Settlement Class, has agreed to settle the U.S. Action in exchange for a settlement payment of $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash (the "U.S. Settlement Amount") to be deposited into an escrow account. The U.S. Net Settlement Fund (*i.e.*, the U.S. Settlement Amount plus any and all interest earned thereon (the " U.S. Settlement Fund") less (a) any U.S. Taxes, (b) any U.S. Notice and Administration Costs, (c) any U.S. Litigation Expenses awarded by the U.S. Court, and (d) any attorneys' fees awarded by the U.S. Court) will be distributed in accordance with a plan of allocation that is approved by the U.S. Court, which will determine how the U.S. Net Settlement Fund shall be allocated among members of the U.S. Settlement Class. The proposed plan of allocation (the " U.S. Plan of Allocation") is set forth on pages __-__ below.

3.   **Estimate of Average Amount of Recovery Per Share:** Based on U.S. Lead Plaintiff's damages expert's estimates of the number of shares of ReconAfrica U.S. Stock purchased during the U.S. Settlement Class Period that may have been affected by the conduct at issue in the U.S. Action, and assuming that all U.S. Settlement Class Members elect to participate in the U.S. Settlement, the estimated average recovery (before the deduction of any U.S. Court-approved fees, expenses and costs as described herein) per eligible share is $0.26. U.S. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some U.S. Settlement Class Members may recover more or less than this estimated amount depending

---

[2] Unless otherwise stated, all monetary amounts are in U.S. dollars.

on, among other factors, the number of shares of ReconAfrica U.S. Stock they purchased, when and at what prices they purchased/acquired or sold their ReconAfrica U.S. Stock, and the total number of valid U.S. Claim Forms submitted. Distributions to U.S. Settlement Class Members will be made based on the U.S. Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the U.S. Court.

4. **Average Amount of Damages Per Share:** The U.S. Parties do not agree on the average amount of damages per share that would be recoverable if U.S. Lead Plaintiff were to prevail in the U.S. Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the U.S. Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** U.S. Plaintiffs' Counsel, which have been prosecuting the U.S. Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the U.S. Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. U.S. Court-appointed U.S. Lead Counsel, Glancy Prongay & Murray LLP, will apply to the U.S. Court for an award of attorneys' fees for all U.S. Plaintiffs' Counsel in an amount not to exceed 33⅓% of the U.S. Settlement Fund. In addition, U.S. Lead Counsel will apply for reimbursement of U.S. Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $143,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by U.S. Lead Plaintiff directly related to his representation of the U.S. Settlement Class. Any fees and expenses awarded by the U.S. Court will be paid from the U.S. Settlement Fund. U.S. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected ReconAfrica Security, if the U.S. Court approves U.S. Lead Counsel's fee and expense application, is $0.09 per eligible security.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the U.S. Settlement Class are represented by Garth Spencer, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7. **Reasons for the U.S. Settlement:** U.S. Lead Plaintiff's principal reason for entering into the U.S. Settlement is the substantial immediate cash benefit for the U.S. Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the U.S. Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the U.S. Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the U.S. Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A U.S. CLAIM FORM POSTMARKED NO LATER THAN _____, 2024.** | This is the only way to be eligible to receive a payment from the U.S. Settlement Fund. If you are a U.S. Settlement Class Member and you remain in the U.S. Settlement Class, you will be bound by the U.S. Settlement as approved by the U.S. Court and you will give up any Released U.S. Plaintiff's Claims |

| | (defined in ¶44 below) that you have against Defendants and the other Released Defendant Parties (defined in ¶45 below), so it is in your interest to submit a U.S. Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE U.S. SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you exclude yourself from the U.S. Settlement Class, you will not be eligible to receive any payment from the U.S. Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released U.S. Plaintiff's Claims. |
| **OBJECT TO THE U.S. SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed U.S. Settlement, the proposed U.S. Plan of Allocation, or the request for attorneys' fees and reimbursement of U.S. Litigation Expenses, you may write to the U.S. Court and explain why you do not like them. You cannot object to the U.S. Settlement, the U.S. Plan of Allocation or the fee and expense request unless you are a U.S. Settlement Class Member and do not exclude yourself from the U.S. Settlement Class. |
| **GO TO A HEARING ON _____, 2024 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | Filing a written objection and notice of intention to appear by _____, 2024 allows you to speak in the U.S. Court, at the discretion of the U.S. Court, about the fairness of the proposed U.S. Settlement, the U.S. Plan of Allocation, and/or the request for attorneys' fees and reimbursement of U.S. Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the U.S. Court, speak to the U.S. Court about your objection. |
| **DO NOTHING.** | If you are a member of the U.S. Settlement Class and you do not submit a valid U.S. Claim Form, you will not be eligible to receive any payment from the U.S. Settlement Fund. You will, however, remain a member of the U.S. Settlement Class, which means that you give up your right to sue about the claims that are resolved by the U.S. Settlement and you will be bound by any judgments or orders entered by the U.S. Court in the U.S. Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The U.S. Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Know If I Am Affected By The U.S. Settlement?  Who Is Included

4

In The U.S. Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Is The U.S. Settlement Related To The Canadian Settlement? . . . . . . . . . . . . . . . . . .Page [ ]
What Are U.S. Lead Plaintiffs' Reasons For The U.S. Settlement? . . . . . . . . . . . . . . . . Page [ ]
What Might Happen If There Were No U.S. Settlement? . . . . . . . . . . . . . . . . . . . . . . .Page [ ]
How Are U.S. Settlement Class Members Affected By The U.S. Action And
    The U.S. Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Do I Participate In The U.S. Settlement?  What Do I Need To Do? . . . . . . . . . . . . .Page [ ]
How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Payment Are The Attorneys For The U.S. Settlement Class Seeking?
    How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Do Not Want To Be A Member Of The U.S. Settlement Class?
    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
When And Where Will The U.S. Court Decide Whether To Approve The U.S. Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The U.S. Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
Can I See The U.S. Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . .Page [ ]

## WHY DID I GET THE U.S. POSTCARD NOTICE?

8.     The U.S. Court directed that the U.S. Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded ReconAfrica U.S. Stock during the U.S. Settlement Class Period.  The U.S. Court also directed that this Notice be posted online at www.ReconAfricaUSSecuritiesSettlement.com and mailed to you upon request to the U.S. Claims Administrator.  The U.S. Court has directed us to disseminate these notices because, as a potential U.S. Settlement Class Member, you have a right to know about your options before the U.S. Court rules on the proposed U.S. Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the U.S. Court approves the U.S. Settlement, and the U.S. Plan of Allocation (or some other plan of allocation), the claims administrator selected by U.S. Lead Plaintiff and approved by the U.S. Court will make payments pursuant to the U.S. Settlement after any objections and appeals are resolved.

9.     The purpose of this U.S. Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the U.S. Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed U.S. Settlement, and of a hearing to be held by the U.S. Court to consider the fairness, reasonableness, and adequacy of the U.S. Settlement, the proposed U.S. Plan of Allocation and the motion by U.S. Lead Counsel for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses (the "U.S. Settlement Hearing").  *See* paragraph 86 below for details about the U.S. Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this U.S. Notice is not an expression of any opinion by the U.S. Court concerning the merits of any claim in the U.S. Action, and the U.S. Court still has to decide whether to approve the U.S. Settlement.  If the U.S. Court approves the U.S. Settlement and a plan of allocation, and the Canadian Court approves the Canadian Settlement, then payments to Authorized U.S. Claimants will be made after any appeals are resolved and after the completion

of all claims processing.  Please be patient, as this process can take some time to complete.

11.     This litigation stems from alleged violations of the federal securities laws.  The alleged violations arise out of Defendants' various statements concerning ReconAfrica's exploration of oil and gas in Namibia, which U.S. Lead Plaintiff alleged were false and/or misleading. Specifically, U.S. Lead Plaintiff alleged that Defendants failed to disclose to investors that: (1) ReconAfrica had not determined whether Namibia would allow hydraulic fracturing ("fracking"), which had never been done in Namibia; (2) after Namibia came out against fracking, ReconAfrica pretended it did not intend to frack, while fracking remained a key aspect of its plans; and (3) the results from ReconAfrica's first two test wells revealed poor prospects for a commercially viable oil or gas discovery.

12.     The procedural history of this Action follows below.

13.     On November 5, 2021, the initial complaint in the U.S. Action was filed in the United States District Court for the Eastern District of New York. On December 13, 2021, a related action styled *Huq v. Reconnaissance Energy Africa Ltd.*, Case No. 21-cv-06864, was filed in the United States District Court for the Eastern District of New York.

14.     On February 17, 2022 lead plaintiff movants Robert Partovy, Jeff Owen, and Ahmed Huq filed a stipulation to consolidate the U.S. Action and the *Huq* action, appoint Robert Partovy as Lead Plaintiff, and approve Partovy's selection of Glancy Prongay & Murray LLP as Lead Counsel for the proposed class.  On March 1, 2022 the U.S. Court granted that stipulation.

15.     On April 11, 2022 the U.S. Plaintiff  filed an Amended Class Action Complaint for Violations of the Federal Securities Laws ("U.S. Complaint") in the U.S. Action, alleging that Defendants made material misstatements and omissions in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  The 82-page (335-paragraph) U.S. Complaint alleged, among other things, that Defendants made material omissions and misleading statements about: (i) ReconAfrica's lack of regulatory approval to use hydraulic fracturing to extract oil and gas in Namibia; (ii) ReconAfrica's intent to use hydraulic fracturing to extract oil and gas in Namibia; and (iii) the results of ReconAfrica's test wells in Namibia. According to the U.S. Complaint, the alleged misrepresentations proximately caused class member losses when the truth was revealed over a series of partial corrective disclosures throughout the class period.

16.     On November 29, 2022, Defendants filed a motion to dismiss the U.S. Complaint in the U.S. Action. The U.S. Plaintiff opposed the motion to dismiss. Defendants served a reply in support of their motion to dismiss. Judge Morrison held oral argument on Defendants' motion to dismiss on April 26, 2023, and ruled from the bench denying the motion.

17.     On May 23, 2023, Catherine Bowles ("Canadian Plaintiff") filed a Notice of Civil Claim in the action styled  *Bowles v. Reconnaissance Energy Africa Ltd.*, Court File No. VLC-S-S-233808 ("Canadian Action", and together with the U.S. Action, the "Actions"), pending in the Supreme Court of British Columbia (the "Canadian Court"). The facts alleged in the Canadian Action are related to the facts alleged in the U.S. Action.  The Canadian Plaintiff alleged causes of action against ReconAfrica for common law primary market liability, statutory law primary market

liability under Section 131 of the British Columbia Securities Act ("BCSA"), statutory secondary market liability under Section 140.3 of the BCSA, and common law secondary market liability.

18. Defendants answered the U.S. Complaint in the U.S. Action on June 9, 2023.

19. Following the denial of Defendants' motion to dismiss the U.S. Complaint in the U.S. Action, and negotiation over the scope and manner of document production and the treatment of electronically stored information, the Defendants and the U.S. Lead Plaintiff began discovery pursuant to a stipulated confidentiality order and discovery protocol approved by the U.S. Court on May 18, 2023.

20. From May through October, 2023, Defendants and the U.S. Lead Plaintiff exchanged and responded to initial disclosures, document requests, and interrogatories. Defendants produced over 70,000 documents (totaling over 540,000 pages) to U.S. Lead Plaintiff, and U.S. Lead Plaintiff produced 20 documents (totaling 125 pages) to Defendants. Third parties produced over 11,000 documents in response to U.S. Lead Plaintiff's subpoenas. Among the documents produced were documents related to all major theories of liability in the case, Defendants' insurance policies, and U.S. Lead Plaintiff's transactions in ReconAfrica stock.

21. On October 18, 2023, U.S. Lead Plaintiff, Canadian Plaintiff, and the Defendants (together, the "Parties") held a full-day, in-person mediation session that was overseen by a well-respected mediator of complex actions, Jed Melnick, Esq. of JAMS. No agreement was reached on that day, and negotiations facilitated by Mr. Melnick over a potential settlement continued. On October 19, 2023, Mr. Melnick recommended that the Parties settle the Actions for a $14.5 million Canadian dollar cash payment, subject to certain adjustments, to be allocated among the U.S. Settlement Class and the Canadian Settlement Class, in return for releases of their claims against Defendants.

22. With Mr. Melnick's assistance, the U.S. Lead Plaintiff and the Canadian Plaintiff continued to negotiate concerning the allocation of settlement proceeds between the U.S. Settlement Class and the Canadian Settlement Class. On October 24, 2023 Mr. Melnick recommended that 65% of the proposed $14.5 million Canadian dollar settlement amount be allocated to the U.S. Settlement Class, and 35% to the Canadian Settlement Class. On October 25, 2023, the U.S. Lead Plaintiff and the Canadian Plaintiff accepted Mr. Melnick's recommendation concerning allocation of settlement proceeds, and all Parties accepted Mr. Melnick's recommendation concerning the $14.5 million Canadian dollar total settlement amount.

23. The Parties drafted proposed term sheets to memorialize the global settlement of the Actions, and continued to negotiate concerning such terms. The Parties executed the finalized term sheet dated December 20, 2023 (the "Term Sheet"), setting out certain components of the settlement in principle, and thereafter negotiated the terms of the Stipulation.

24. Based on the investigation, litigation and mediation of the case and U.S. Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, U.S. Lead Plaintiff has agreed to settle and release the claims raised in the U.S. Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that U.S. Lead Plaintiff and the other members of the U.S. Settlement Class will receive under the proposed U.S. Settlement; and (b) the significant risks and costs of continued litigation and trial.

25. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any fault, liability, or

wrongdoing.

26. On _____, 2024, the U.S. Court preliminarily approved the U.S. Settlement, authorized the U.S. Postcard Notice to be mailed to potential U.S. Settlement Class Members and this U.S. Notice to be posted online and mailed to potential U.S. Settlement Class Members upon request, and scheduled the U.S. Settlement Hearing to consider whether to grant final approval to the U.S. Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE U.S. SETTLEMENT?**
**WHO IS INCLUDED IN THE U.S. SETTLEMENT CLASS?**

---

27. If you are a member of the U.S. Settlement Class, you are subject to the U.S. Settlement, unless you timely request to be excluded. The U.S. Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market, between February 28, 2019 and September 7, 2021, both dates inclusive ("U.S. Settlement Class Period"), and were damaged thereby.

The only ReconAfrica Securities eligible to participate in the U.S. Settlement are those that traded on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF." Excluded from the U.S. Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of ReconAfrica and/or its predecessor Lund Enterprises Corp. during the U.S. Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of ReconAfrica and/or Lund; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the U.S. Settlement Class are any persons and entities who or which submit a request for exclusion from the U.S. Settlement Class that is accepted by the U.S. Court. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. *See* "What If I Do Not Want To Be A Member Of The U.S. Settlement Class? How Do I Exclude Myself?" on page [__] below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A U.S. SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE U.S. SETTLEMENT.**

> **If you are a U.S. Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the U.S. Settlement, you are required to submit the U.S. Claim Form that is available online at www.ReconAfricaUSSecuritiesSettlement.com or which can be mailed to you upon request to the U.S. Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____, 2024.**

28.    The U.S. Action and the Canadian Action are separate lawsuits pending in different courts, which involve certain common factual allegations, and both name ReconAfrica as a defendant. In addition to the proposed settlement of the U.S. Action for $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash that, if approved, will resolve all claims in the U.S. Action, pursuant to the Stipulation the Canadian Plaintiff and Defendants have entered into a proposed settlement of the Canadian Action for $5,075,000 Canadian dollars in cash that, if approved, will resolve all claims in the Canadian Action ("Canadian Settlement").  Please note, this is a global settlement that is contingent upon the U.S. Settlement being approved by the U.S. Court, and the Canadian Settlement being approved by the Canadian Court.

29.    The U.S. Action is brought on behalf of the U.S. Settlement Class of persons and entities that purchased or otherwise acquired publicly traded common stock of ReconAfrica, or its predecessor Lund, on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF," during the U.S. Settlement Class Period between February 28, 2019 and September 7, 2021, both dates inclusive.

30.    The Canadian Action is brought on behalf of the Canadian Settlement Class, consisting of all investors, except excluded investors, that purchased ReconAfrica Securities between May 30, 2020 and September 7, 2021 ("Canadian Settlement Class Period"), and held all or some of those purchased ReconAfrica Securities after September 7, 2021.  Excluded investors are defined as: (a) any officer or director of ReconAfrica; (b) his/her Immediate Family; (c) any member of Advanced Media Solutions Ltd., Bull Market Media GmbH, Digitonic Ltd., or Quester Advisors; (d) any officer or director of Canaccord Genuity Group Inc.; and (e) any investor that purchased ReconAfrica Securities exclusively on the U.S. OTC Market. For the avoidance of doubt, while investors that purchased ReconAfrica Securities exclusively on the U.S. OTC Market are excluded from the Canadian Settlement Class, investors that purchased ReconAfrica Securities on the U.S. OTC market in addition to the TSXV or Frankfurt market may be members of the Canadian Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund.

31.    Depending on when you purchased ReconAfrica Securities and where those securities were listed for trading, you may be a member of only the U.S. Settlement Class, only the Canadian Settlement Class, both Settlement Classes, or neither Settlement Class. If you are a member of both the U.S. Settlement Class and the Canadian Settlement Class, you may be eligible to participate in both the U.S. Settlement and the Canadian Settlement. If you wish to participate in both the U.S. Settlement and the Canadian Settlement, you must submit a U.S. Claim Form to the U.S. Claims Administrator as set forth in this U.S. Notice, **and** you must submit a Canadian Claim Form to the Canadian Claims Administrator in accordance with the requirements applicable to the Canadian Action.

For further information about the Canadian Action, eligibility to participate in the Canadian Settlement, and the requirements for submitting a Canadian Claim Form, please see https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/ , or contact the Canadian Claims Administrator or Canadian Plaintiff's Counsel:

|                                           |                                         |
|-------------------------------------------|-----------------------------------------|
| **Canadian Claims Administrator**         | **Canadian Plaintiff's Counsel**        |
| Berger Montague (Canada) PC               | Berger Montague (Canada) PC             |
| Attn:  Andrew Morganti, Esq.              | Attn:  Andrew Morganti, Esq.            |
| 330 Bay Street, Suite 1302                | 330 Bay Street, Suite 1302              |
| Toronto, Ontario M5H 2S8                  | Toronto, Ontario M5H 2S8                |
| Telephone: 647-598-8772                   | Telephone: 647-598-8772                 |
| Telephone: 215-875-3000                   | Telephone: 215-875-3000                 |
| Email: amorganti@bm.net                   | Email: amorganti@bm.net                 |
| (Proposed)                                |                                         |

---

### WHAT ARE U.S. LEAD PLAINTIFF'S REASONS FOR THE U.S. SETTLEMENT?

32.    U.S. Lead Plaintiff and U.S. Lead Counsel believe that the claims asserted against the Defendants have merit.  They recognize, however, many offsetting factors such as the expense and length of the continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For instance, as discussed above, U.S. Lead Plaintiff alleged that Defendants made material omissions and misleading statements about: (i) ReconAfrica's lack of regulatory approval to use hydraulic fracturing to extract oil and gas in Namibia; (ii) ReconAfrica's intent to use hydraulic fracturing to extract oil and gas in Namibia; and (iii) the results of ReconAfrica's test wells in Namibia.  Defendants argued, and would likely continue to argue that Namibia's regulatory approvals for oil and gas exploration were public information and therefore already known to investors, that their statements concerning whether ReconAfrica employed fracking were accurate because it was merely in the exploration stage, and that Defendants had accurately disclosed the results of their initial test wells.

33.    More broadly, for U.S. Lead Plaintiff to prevail on summary judgment, he would have to *prove* each of the following elements: (i) falsity (*i.e.*, that the Defendants made false statements); (ii) materiality (that the Defendants made false statements about a *material* fact); (iii) scienter (that there was a strong, or cogent inference that the Defendants made such materially false statements on purpose, or recklessly); (iv) loss causation (that the Defendants' materially false statements proximately caused the decline in ReconAfrica's stock price); and (v) damages. Defendants need only negate one element for U.S. Lead Plaintiff and the class to lose. Each element had its respective risks, including the risks to establishing falsity as discussed above.

34.    In addition to proving liability and damages, U.S. Lead Plaintiff would have to show that the U.S. Action was entitled to proceed as a class action.  While U.S. Lead Counsel believes that class certification in the U.S. Action is warranted, Defendants likely would have contested this issue as well.  Even if the hurdles to establishing liability and class certification were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Defendants argued, and would likely continue to argue, that U.S. Lead Plaintiff could not show that investors' losses were caused by the revelation of any previously concealed information, as opposed to other factors.

35.    In addition, even if, years in the future, U.S. Lead Plaintiff prevailed through trial and appeals to obtain a judgment against Defendants, his ability to collect on that judgment would not be certain.  ReconAfrica is a startup company in the risky industry of oil and gas exploration, and

there is no guarantee that it would have sufficient funds to pay a judgment years in the future. Similarly, there is no guarantee that the Individual Defendants, many of whom reside outside of the United States, would have sufficient funds to pay a substantial judgment. While ReconAfrica has insurance policies that may contribute to payment of a judgment, the amounts available under those policies were being continually reduced by Defendants' expenses from the ongoing litigation of the Actions.

36. Simply put, if the litigation were to continue, U.S. Lead Plaintiff would need to prevail on multiple elements, and at several stages—motions for class certification, summary judgment, and trial—in order to recovery anything. And if he prevailed at all those stages, he would likely face appeals. Thus, there were very significant risks attendant to the continued prosecution of the U.S. Action, and even if U.S. Lead Plaintiff prevailed, it would be several years in the future, and there would still be uncertainty as to whether any judgment could fully be collected from Defendants.

37. In light of these risks and other considerations, the amount of the U.S. Settlement and the immediacy of recovery to the U.S. Settlement Class, U.S. Lead Plaintiff and U.S. Lead Counsel believe that the proposed U.S. Settlement is fair, reasonable and adequate, and in the best interests of the U.S. Settlement Class. U.S. Lead Plaintiff and U.S. Lead Counsel believe that the U.S. Settlement provides a substantial benefit to the U.S. Settlement Class, namely $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash (less the various deductions described in this U.S. Notice), as compared to the risk that the claims in the U.S. Action would produce a smaller, or no recovery after class certification, summary judgment, trial and appeals, possibly years in the future.

38. The Defendants have denied the claims asserted against them in the U.S. Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Defendants have agreed to the U.S. Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the U.S. Settlement may not be construed as an admission of any wrongdoing by Defendants.

| **WHAT MIGHT HAPPEN IF THERE WERE NO U.S. SETTLEMENT?** |
| --- |

39. If there were no U.S. Settlement and U.S. Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither U.S. Lead Plaintiff, nor the other members of the U.S. Settlement Class, would recover anything from Defendants. Also, if Defendants managed to prove any of their defenses, either at summary judgment, at trial or on appeal, the U.S. Settlement Class could recover substantially less than that provided by the U.S. Settlement, or perhaps nothing at all.

| **HOW ARE U.S. SETTLEMENT CLASS MEMBERS AFFECTED BY THE U.S. ACTION AND THE U.S. SETTLEMENT?** |
| --- |

40. As a U.S. Settlement Class Member, you are represented by U.S. Lead Plaintiff and U.S. Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The U.S. Court Decide Whether To Approve The U.S. Settlement?," on page __ below.

41. If you are a U.S. Settlement Class Member and do not wish to remain a U.S. Settlement Class Member, you may exclude yourself from the U.S. Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The U.S. Settlement Class? How Do I Exclude Myself?," on page __ below.

42. If you are a U.S. Settlement Class Member and you wish to object to the U.S. Settlement, the U.S. Plan of Allocation, or U.S. Lead Counsel's application for attorneys' fees and reimbursement of U.S. Litigation Expenses, and if you do not exclude yourself from the U.S. Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The U.S. Court Decide Whether To Approve The U.S. Settlement?," below.

43. If you are a U.S. Settlement Class Member and you do not exclude yourself from the U.S. Settlement Class, you will be bound by any orders issued by the U.S. Court. If the U.S. Settlement is approved, the U.S. Court will enter a judgment (the "U.S. Judgment"). The U.S. Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the U.S. Settlement, U.S. Lead Plaintiff and each of the other U.S. Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims (as defined in ¶44 below) on behalf of the respective U.S. Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released U.S. Plaintiff's Claim against the Defendants and the other Released Defendant Parties (as defined in ¶45 below), and shall forever be barred and enjoined from prosecuting any or all of the Released U.S. Plaintiff's Claims against any of the Released Defendant Parties.

44. "Released U.S. Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that U.S. Lead Plaintiff or any other member of the U.S. Settlement Class: (i) asserted in the U.S. Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the U.S. Complaint and that relate to the purchase and/or acquisition of publicly traded ReconAfrica Securities during the U.S. Settlement Class Period. Released U.S. Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Canadian Action that are separately released pursuant to this Stipulation; or (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the U.S. Court.

45. "Released Defendant Parties" means: (i) any Defendant in the Actions; (ii) the Immediate Family of the Individual Defendants in the U.S. Action; (iii) direct or indirect parent entities, subsidiaries, related entities, and affiliates of ReconAfrica; (iv) any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or his or her immediate family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (v) any entity in which a Defendant has a controlling interest;

all in their capacities as such.

46. "Unknown Claims" means any Released U.S. Plaintiff's Claims which U.S. Lead Plaintiff, any other U.S. Settlement Class Member, or any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims on behalf of any U.S. Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, U.S. Lead Plaintiff and Defendants shall expressly waive, and each of the other U.S. Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

U.S. Lead Plaintiff and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

47. The Judgment will also provide that, upon the Effective Date of the U.S. Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶48 below) on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against U.S. Lead Plaintiff and the other Released Plaintiff Parties (as defined in ¶49 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

48. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, provincial, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Actions against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the U.S. Settlement Class that is accepted by the Court.

49. "Released Plaintiff Parties" means: (i) the Canadian Plaintiff in the Canadian Action; (ii) the U.S. Lead Plaintiff and all U.S. Settlement Class members, and (iii) each of their respective counsel, attorneys, family members, partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors,

employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

## HOW DO I PARTICIPATE IN THE U.S. SETTLEMENT?  WHAT DO I NEED TO DO?

50.   To be eligible for a payment from the proceeds of the U.S. Settlement, you must be a member of the U.S. Settlement Class and you must timely complete and return the U.S. Claim Form with adequate supporting documentation **online or postmarked no later than _____, 2024**.  A U.S. Claim Form is available on the website maintained by the U.S. Claims Administrator for the U.S. Settlement, www.ReconAfricaUSSecuritiesSettlement.com, or you may request that a U.S. Claim Form be mailed to you by calling the U.S. Claims Administrator toll free at 1-888-285-0673.  Please retain all records of your ownership of and transactions in ReconAfrica Securities, as they may be needed to document your U.S. Claim.  If you request exclusion from the U.S. Settlement Class or do not submit a timely and valid U.S. Claim Form, you will not be eligible to share in the U.S. Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

51.   At this time, it is not possible to make any determination as to how much any individual U.S. Settlement Class Member may receive from the U.S. Settlement.

52.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash.  The U.S. Settlement Amount will be deposited into an escrow account.  The U.S. Settlement Amount plus any interest earned thereon is referred to as the "U.S. Settlement Fund."  If the U.S. Settlement is approved by the U.S. Court and the Effective Date occurs, the "U.S. Net Settlement Fund" (that is, the U.S. Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the U.S. Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the U.S. Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to U.S. Settlement Class Members and administering the U.S. Settlement on behalf of U.S. Settlement Class Members; and (c) any attorneys' fees and U.S. Litigation Expenses awarded by the U.S. Court) will be distributed to U.S. Settlement Class Members who submit valid U.S. Claim Forms, in accordance with the proposed U.S. Plan of Allocation or such other plan of allocation as the U.S. Court may approve.

53.   The U.S. Net Settlement Fund will not be distributed unless and until the U.S. Court has approved the U.S. Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

54.   Neither Defendants nor any other person or entity that paid any portion of the U.S. Settlement Amount on their behalf are entitled to get back any portion of the U.S. Settlement Fund once the U.S. Court's order or judgment approving the U.S. Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the U.S. Settlement, the disbursement of the U.S. Net Settlement Fund or the plan of allocation.

55.   Approval of the U.S. Settlement is independent from approval of a plan of allocation.  Any

determination with respect to a plan of allocation will not affect the U.S. Settlement, if approved.

56.    Unless the U.S. Court otherwise orders, any U.S. Settlement Class Member who fails to submit a U.S. Claim Form online or postmarked on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the U.S. Settlement but will in all other respects remain a U.S. Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any U.S. Judgment entered and the releases given.

57.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in ReconAfrica Securities held through the ERISA Plan in any U.S. Claim Form that they may submit in this U.S. Action. They should include ONLY those shares that they purchased or acquired outside the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of ReconAfrica Securities during the U.S. Settlement Class Period may be made by the plan's trustees. If any of the Defendants or any of the other persons or entities excluded from the U.S. Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

58.    The U.S. Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the U.S. Claim of any U.S. Settlement Class Member.

59.    Each U.S. Claimant shall be deemed to have submitted to the jurisdiction of the U.S. Court with respect to his, her or its U.S. Claim Form.

60.    Only U.S. Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired ReconAfrica Securities on the U.S. OTC market during the U.S. Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the U.S. Net Settlement Fund. Persons and entities that are excluded from the U.S. Settlement Class by definition or that exclude themselves from the U.S. Settlement Class pursuant to request will not be eligible to receive a distribution from the U.S. Net Settlement Fund and should not submit U.S. Claim Forms. ReconAfrica Securities publicly traded on the U.S. OTC market are the only securities included in the U.S. Settlement.

## PROPOSED U.S. PLAN OF ALLOCATION

61.    The objective of the U.S. Plan of Allocation is to equitably distribute the U.S. Settlement proceeds to those U.S. Settlement Class members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the U.S. Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that U.S. Settlement Class members might have been able to recover after a trial. Nor are the calculations pursuant to the U.S. Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized U.S. Claimants pursuant to the U.S. Settlement. The computations under the U.S. Plan of Allocation are only a method to weigh the claims of Authorized U.S. Claimants against one another for the purposes of making *pro rata* allocations of the U.S. Net Settlement Fund.

62.    The U.S. Plan of Allocation generally measures the amount of loss that a U.S. Settlement Class member can claim for purposes of making *pro rata* allocations of the cash in the U.S. Net Settlement Fund to Authorized U.S. Claimants. The U.S. Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period which plaintiff alleges corrective information was entering the marketplace. In the U.S. Action, U.S. Lead Plaintiff alleges that Defendants made false statements and omitted

material facts during the U.S. Settlement Class Period (*i.e.*, February 28, 2019 through September 7, 2021, inclusive) which had the effect of artificially inflating the price of ReconAfrica Securities.[3] The estimated alleged artificial inflation in the price of publicly traded common stock of ReconAfrica, or its predecessor Lund, on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" ("ReconAfrica U.S. Stock") during the U.S. Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of ReconAfrica U.S. Stock during the U.S. Settlement Class Period is based on certain misrepresentations alleged by U.S. Lead Plaintiff and the price change in the security, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by U.S. Lead Plaintiff.

63.     In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of ReconAfrica U.S. Stock. In the U.S. Action, U.S. Lead Plaintiff alleges that corrective disclosures removed the artificial inflation from the price of ReconAfrica U.S. Stock on the following dates: June 24, 2021; June 25, 2021; July 14, 2021; July 15, 2021; August 5, 2021; August 6, 2021; August 9, 2021; August 16, 2021; August 17, 2021; and September 7, 2021 (the "Corrective Disclosure Dates"). Accordingly, in order to have a Recognized Loss Amount, ReconAfrica U.S. Stock must have been purchased or acquired during the U.S. Settlement Class Period and held through at least one of the Corrective Disclosure Dates.

64.     To the extent a U.S. Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 Artificial Inflation in ReconAfrica U.S. Stock* | | |
|---|---|---|
| **From** | **To** | **Per-Security Price Inflation** |
| February 28, 2019 | June 23, 2021 | $7.57 |
| June 24, 2021 | June 24, 2021 | $7.33 |
| June 25, 2021 | July 13, 2021 | $5.38 |
| July 14, 2021 | July 14, 2021 | $4.96 |
| July 15, 2021 | August 4, 2021 | $4.32 |
| August 5, 2021 | August 5, 2021 | $3.18 |
| August 6, 2021 | August 8, 2021 | $2.76 |
| August 9, 2021 | August 15, 2021 | $1.75 |
| August 16, 2021 | August 16, 2021 | $1.08 |
| August 17, 2021 | September 3, 2021 | $0.66 |
| September 7, 2021 | Thereafter | $0.00 |

* For each day during the U.S. Settlement Class Period, the artificial inflation in ReconAfrica U.S. Stock shall be limited to that day's closing price.

65.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for ReconAfrica U.S. Stock. The limitations on the calculation of the Recognized Loss Amount imposed by the

---

[3] On September 6, 2019, the Company completed a 2-for-1 reverse split of its common stock. Herein, references to ReconAfrica Security prices and quantities have been adjusted for this split.

PSLRA are applied such that losses on ReconAfrica U.S. Stock purchased during the U.S. Settlement Class Period and held as of the close of the 90-day period subsequent to the U.S. Settlement Class Period (the "90-Day Lookback Period"[4]) cannot exceed the difference between the purchase price paid for such security and its average closing price during the 90-Day Lookback Period. The Recognized Loss Amount on ReconAfrica U.S. Stock purchased during the U.S. Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such security and its rolling average closing price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

66.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in ReconAfrica U.S. Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

67.    Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of ReconAfrica U.S. Stock during the U.S. Settlement Class Period (*i.e.*, February 28, 2019 through September 7, 2021, inclusive) that is listed in the U.S. Claim Form and for which adequate documentation is provided.

I.    For each share of ReconAfrica U.S. Stock that was purchased during the period from February 28, 2019 through September 7, 2021, inclusive:

  a.    that was sold prior to June 24, 2021, the Recognized Loss Amount is $0.00.

  b.    that was subsequently sold during the period June 24, 2021 through September 3, 2021,[5] inclusive, the Recognized Loss Amount is *the lesser of*:

   i.    the amount of per-security price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-security price inflation on the date of sale as appears in Table 1 above; or

   ii.    the purchase price *minus* the sale price.

  c.    that was subsequently sold during the period September 7, 2021 through December 6, 2021, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the lesser of*:

   i.    the amount of per-security price inflation on the date of purchase as appears in Table 1; or

   ii.    the purchase price *minus* the sale price; or

---

[4] The 90-Day Lookback Period is from September 7, 2021 through December 6, 2021, both dates inclusive.

[5] Friday, September 3, 2021 is the last trading day before the final Corrective Disclosure Date, which is Tuesday, September 7, 2021.

iii. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

d. that was still held as of the close of trading on December 6, 2021, the Recognized Loss Amount is *the lesser of*:

i. the amount of per-security price inflation on the date of purchase as appears in Table 1; or

ii. the purchase price *minus* the average closing price for ReconAfrica U.S. Stock during the 90-Day Lookback Period, which is $4.93.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 9/7/2021 | $4.65 | 10/7/2021 | $5.08 | 11/8/2021 | $4.89 |
| 9/8/2021 | $4.78 | 10/8/2021 | $5.08 | 11/9/2021 | $4.90 |
| 9/9/2021 | $4.78 | 10/11/2021 | $5.09 | 11/10/2021 | $4.91 |
| 9/10/2021 | $4.82 | 10/12/2021 | $5.08 | 11/11/2021 | $4.92 |
| 9/13/2021 | $4.95 | 10/13/2021 | $5.08 | 11/12/2021 | $4.93 |
| 9/14/2021 | $5.09 | 10/14/2021 | $5.08 | 11/15/2021 | $4.93 |
| 9/15/2021 | $5.19 | 10/15/2021 | $5.08 | 11/16/2021 | $4.93 |
| 9/16/2021 | $5.23 | 10/18/2021 | $5.08 | 11/17/2021 | $4.94 |
| 9/17/2021 | $5.25 | 10/19/2021 | $5.07 | 11/18/2021 | $4.94 |
| 9/20/2021 | $5.22 | 10/20/2021 | $5.07 | 11/19/2021 | $4.94 |
| 9/21/2021 | $5.21 | 10/21/2021 | $5.06 | 11/22/2021 | $4.94 |
| 9/22/2021 | $5.20 | 10/22/2021 | $5.05 | 11/23/2021 | $4.95 |
| 9/23/2021 | $5.18 | 10/25/2021 | $5.04 | 11/24/2021 | $4.95 |
| 9/24/2021 | $5.17 | 10/26/2021 | $5.01 | 11/26/2021 | $4.95 |
| 9/27/2021 | $5.16 | 10/27/2021 | $4.98 | 11/29/2021 | $4.95 |
| 9/28/2021 | $5.15 | 10/28/2021 | $4.96 | 11/30/2021 | $4.95 |
| 9/29/2021 | $5.14 | 10/29/2021 | $4.93 | 12/1/2021 | $4.94 |
| 9/30/2021 | $5.13 | 11/1/2021 | $4.90 | 12/2/2021 | $4.94 |
| 10/1/2021 | $5.11 | 11/2/2021 | $4.88 | 12/3/2021 | $4.93 |
| 10/4/2021 | $5.10 | 11/3/2021 | $4.87 | 12/6/2021 | $4.93 |
| 10/5/2021 | $5.08 | 11/4/2021 | $4.86 | | |
| 10/6/2021 | $5.06 | 11/5/2021 | $4.87 | | |

## ADDITIONAL PROVISIONS

68. The U.S. Net Settlement Fund will be allocated among all Authorized U.S. Claimants whose Distribution Amount (defined in paragraph 76 below) is $10.00 or greater.

69. **FIFO Matching:** If a U.S. Settlement Class member has more than one purchase/acquisition or sale of ReconAfrica U.S. Stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. U.S. Settlement Class Period sales will be matched first against any holdings at the beginning of the U.S. Settlement Class Period, and then

against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the U.S. Settlement Class Period.

70.    **Calculation of U.S. Claimant's "Recognized Claim":** A U.S. Claimant's "Recognized Claim" under the U.S. Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all ReconAfrica U.S. Stock.

71.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of ReconAfrica U.S. Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of ReconAfrica U.S. Stock during the U.S. Settlement Class Period shall not be deemed a purchase, acquisition or sale of ReconAfrica U.S. Stock for the calculation of an Authorized U.S. Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any ReconAfrica U.S. Stock unless (i) the donor or decedent purchased or otherwise acquired such ReconAfrica U.S. Stock during the U.S. Settlement Class Period; (ii) no U.S. Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such ReconAfrica U.S. Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

72.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of ReconAfrica U.S. Stock. The date of a "short sale" is deemed to be the date of sale of ReconAfrica U.S. Stock. Under the U.S. Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a U.S. Claimant has an opening short position in ReconAfrica U.S. Stock, the earliest U.S. Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

73.    **Options Contracts:** Option contracts are not securities eligible to participate in the U.S. Settlement. With respect to ReconAfrica U.S. Stock purchased through the exercise of an option, the purchase date of the security shall be the exercise date of the option, and the purchase price of the security shall be the closing price of ReconAfrica U.S. Stock on the date of exercise. Any Recognized Loss Amount arising from purchases of ReconAfrica U.S. Stock acquired during the U.S. Settlement Class Period through the exercise of an option on ReconAfrica U.S. Stock shall be computed as provided for other purchases of ReconAfrica U.S. Stock in the U.S. Plan of Allocation.

74.    **Market Gains and Losses:** To the extent a U.S. Claimant had a market gain with respect to his, her, or its overall transactions in ReconAfrica U.S. Stock during the U.S. Settlement Class Period, the value of the U.S. Claimant's Recognized Claim shall be zero. To the extent that a U.S. Claimant suffered an overall market loss with respect to his, her, or its overall transactions in ReconAfrica U.S. Stock during the U.S. Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the U.S. Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

75.    For purposes of determining whether a U.S. Claimant had a market gain with respect to his, her, or its overall transactions in ReconAfrica U.S. Stock during the U.S. Settlement Class Period or suffered a market loss, the U.S. Claims Administrator shall determine the difference

between (i) the Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and the Holding Value.[8]  If the U.S. Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the U.S. Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the U.S. Claimant's market gain on such securities.

76.    **Determination of Distribution Amount:**    The U.S. Net Settlement Fund will be distributed to Authorized U.S. Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized U.S. Claimant, which shall be the Authorized U.S. Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized U.S. Claimants, multiplied by the total amount in the U.S. Net Settlement Fund.  If any Authorized U.S. Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized U.S. Claimant.

77.    After the initial distribution of the U.S. Net Settlement Fund, the U.S. Claims Administrator shall make reasonable and diligent efforts to have Authorized U.S. Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if U.S. Lead Counsel, in consultation with the U.S. Claims Administrator, determines that it is cost-effective to do so, the U.S. Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the U.S. Settlement, including for such re-distribution, to Authorized U.S. Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized U.S. Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if U.S. Lead Counsel, in consultation with the U.S. Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the U.S. Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by U.S. Lead Counsel and approved by the Court.

---

[6] The "Total Purchase Amount" is the total amount the U.S. Claimant paid (excluding commissions and other charges) for all ReconAfrica U.S. Stock purchased or acquired during the U.S. Settlement Class Period.

[7] The U.S. Claims Administrator shall match any sales of ReconAfrica U.S. Stock during the U.S. Settlement Class Period, first against the U.S. Claimant's opening position in ReconAfrica U.S. Stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of ReconAfrica U.S. Stock sold during the U.S. Settlement Class Period shall be the "Total Sales Proceeds."

[8] The U.S. Claims Administrator shall ascribe a "Holding Value" to ReconAfrica U.S. Stock purchased or acquired during the U.S. Settlement Class Period and still held as of the close of trading on September 7, 2021, which shall be $4.65 (*i.e.*, the closing price of the security that day). The total calculated holding values for all ReconAfrica U.S. Stock shall be the U.S. Claimant's "Total Holding Value."

78. Payment pursuant to the U.S. Plan of Allocation, or such other plan of allocation as may be approved by the U.S. Court, shall be conclusive against all Authorized U.S. Claimants. No person shall have any claim against U.S. Lead Plaintiff, U.S. Plaintiff's Counsel, U.S. Lead Plaintiff's consulting damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the U.S. Claims Administrator or other agent designated by U.S. Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the U.S. Court, or further Orders of the U.S. Court. U.S. Lead Plaintiff, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the U.S. Settlement Fund, the U.S. Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any U.S. Claim Form or nonperformance of the U.S. Claims Administrator, the payment or withholding of taxes owed by the U.S. Settlement Fund, or any losses incurred in connection therewith.

79. The U.S. Plan of Allocation set forth herein is the plan that is being proposed to the U.S. Court for its approval by U.S. Lead Plaintiff after consultation with his damages expert. The U.S. Court may approve this plan as proposed or it may modify the U.S. Plan of Allocation without further notice to the U.S. Settlement Class. Any Orders regarding any modification of the U.S. Plan of Allocation will be posted on the settlement website, www.ReconAfricaUSSecuritiesSettlement.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE U.S. SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

80. U.S. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the U.S. Settlement Class, nor have U.S. Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the U.S. Settlement, U.S. Lead Counsel will apply to the U.S. Court for an award of attorneys' fees for all U.S. Plaintiffs' Counsel in an amount not to exceed 33⅓% of the U.S. Settlement Fund. At the same time, U.S. Lead Counsel also intends to apply for reimbursement of U.S. Litigation Expenses in an amount not to exceed $143,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by U.S. Lead Plaintiff directly related to his representation of the U.S. Settlement Class in an amount not to exceed $12,000. The U.S. Court will determine the amount of any award of attorneys' fees or reimbursement of U.S. Litigation Expenses. Such sums as may be approved by the U.S. Court will be paid from the U.S. Settlement Fund. U.S. Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE U.S. SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

81. Each U.S. Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the U.S. Settlement Class, addressed to *In Re Reconnaissance Energy Africa Ltd. Securities Litigation,* EXCLUSIONS, c/o Epiq, P.O. Box 6929, Portland, OR 97228-6929. The exclusion request must be ***received*** no later than _____, 2024. You will not be able to exclude yourself from the U.S. Settlement Class after that date. Each Request

for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity " requests exclusion from the Settlement Class in *In re Reconnaissance Energy Africa Ltd. Securities Litigation*, No. 1:21-cv-06176-NRM-RML"; (c) state the number of shares of ReconAfrica Securities that the person or entity requesting exclusion purchased/acquired and/or sold on the U.S. OTC market during the U.S. Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the U.S. Court.

82. If you do not want to be part of the U.S. Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released U.S. Plaintiff's Claim against any of the Released Defendant Parties.

83. If you ask to be excluded from the U.S. Settlement Class, you will not be eligible to receive any payment out of the U.S. Net Settlement Fund.

84. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the U.S. Settlement Class and/or the Canadian Settlement Class in an amount that exceeds an amount agreed to by U.S. Lead Plaintiff, Canadian Plaintiff, and Defendants.

---

**WHEN AND WHERE WILL THE U.S. COURT DECIDE WHETHER TO APPROVE THE U.S. SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE U.S. SETTLEMENT?**

---

85. **U.S. Settlement Class Members do not need to attend the U.S. Settlement Hearing. The U.S. Court will consider any submission made in accordance with the provisions below even if a U.S. Settlement Class Member does not attend the hearing. You can participate in the U.S. Settlement without attending the U.S. Settlement Hearing**.

86. The U.S. Settlement Hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Nina R. Morrison, in Courtroom 6E North, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. The U.S. Court reserves the right to approve the U.S. Settlement, the U.S. Plan of Allocation, U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses and/or any other matter related to the U.S. Settlement at or after the U.S. Settlement Hearing without further notice to the members of the U.S. Settlement Class.

87. Any U.S. Settlement Class Member who or which does not request exclusion may object to the U.S. Settlement, the proposed U.S. Plan of Allocation or U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before _____, 2024. You must also serve the papers on U.S. Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2024.**

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Glancy Prongay & Murray LLP** | **Neal Gerber Eisenberg LLP** |
| Eastern District of New York | | |
| Clerk of the Court | Garth Spencer, Esq. | Karl Barnickol, Esq. |
| United States Courthouse | 1925 Century Park East | Two North LaSalle Street |
| 225 Cadman Plaza East | Suite 2100 | Suite 1700 |
| Brooklyn, NY 11201 | Los Angeles, CA 90067 | Chicago, Illinois 60602 |

88.   Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the U.S. Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the U.S. Settlement Class Member wishes to bring to the U.S. Court's attention; and (c) must include documents sufficient to prove membership in the U.S. Settlement Class, including the number of shares of publicly traded ReconAfrica Securities that the objecting U.S. Settlement Class Member purchased/acquired and/or sold on the U.S. OTC market during the U.S. Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.   You may not object to the U.S. Settlement, the U.S. Plan of Allocation or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of U.S. Litigation Expenses if you exclude yourself from the U.S. Settlement Class or if you are not a member of the U.S. Settlement Class.

89.   You may file a written objection without having to appear at the U.S. Settlement Hearing. You may not, however, appear at the U.S. Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the U.S. Court orders otherwise.

90.   If you wish to be heard orally at the hearing in opposition to the approval of the U.S. Settlement, the U.S. Plan of Allocation or U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on U.S. Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2024**.  Persons who intend to object and desire to present evidence at the U.S. Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the U.S. Court.

91.   You are not required to hire an attorney to represent you in making written objections or in appearing at the U.S. Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the U.S. Court and serve it on U.S. Lead Counsel and Defendants' Counsel at the addresses set forth in ¶87 above so that the notice is *received* **on or _____, 2024.**

92.   The U.S. Settlement Hearing may be adjourned by the U.S. Court without further written notice to the U.S. Settlement Class.  If you intend to attend the U.S. Settlement Hearing, you should confirm the date and time with U.S. Lead Counsel.

93. **Unless the U.S. Court orders otherwise, any U.S. Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed U.S. Settlement, the proposed U.S. Plan of Allocation or U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses. U.S. Settlement Class Members do not need to appear at the U.S. Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

94. If you purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market between February 28, 2019 and September 7, 2021, inclusive, for the beneficial interest of persons or entities other than yourself, you must either: (a) within seven (7) calendar days of receipt of the U.S. Postcard Notice, request from the U.S. Claims Administrator sufficient copies of the U.S. Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those U.S. Postcard Notices forward them to all such beneficial owners; (b) request from the U.S. Claims Administrator a link to the U.S. Notice and U.S. Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the U.S. Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *In Re Reconnaissance Energy Africa Ltd. Securities Litigation*, c/o Epiq, P.O. Box 6929, Portland, OR 97228-6929. If you choose the third option, the U.S. Claims Administrator will send a copy of the U.S. Postcard Notice to the beneficial owners. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the U.S. Claims Administrator; up to $0.03 per U.S. Postcard Notice actually mailed, plus postage at the rate used by U.S. Claims Administrator; or up to $0.03 per link to the U.S. Notice and U.S. Claim Form transmitted by email, by providing the U.S. Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**

## CAN I SEE THE U.S. COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

95. This U.S. Notice contains only a summary of the terms of the proposed U.S. Settlement. For more detailed information about the matters involved in this U.S. Action, you are referred to the papers on file in the U.S. Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201. Additionally, copies of the Stipulation and any related orders entered by the U.S. Court will be posted on the website maintained by the U.S. Claims Administrator, www.ReconAfricaUSSecuritiesSettlement.com.

All inquiries concerning this U.S. Notice and the U.S. Claim Form should be directed to the U.S. Claims Administrator or U.S. Lead Counsel at:

*In re Reconnaissance Energy Africa Ltd.*     and/or          Garth Spencer, Esq.

*Securities Litigation*
c/o Epiq
P.O. Box 6929
Portland, OR 97228-6929
888-285-0673
www.ReconAfricaUSSecuritiesSettlement.com

Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
settlements@glancylaw.com

**DO NOT CALL OR WRITE THE U.S. COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024

By Order of the Court
United States District Court
Eastern District of New York

*In Re Reconnaissance Energy Africa Ltd. Securities Litigation*
**c/o Epiq**
**P.O. Box 6929**
**Portland, OR 97228-6929**
**Toll Free Number: (888) 285-0673**
**Settlement Website: www.ReconAfricaUSSecuritiesSettlement.com**
**Email:  info@ReconAfricaUSSecuritiesSettlement.com**

# U.S. PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the U.S. Net Settlement Fund in connection with the U.S. Settlement of this U.S. Action, you must be a U.S. Settlement Class Member and complete and sign this U.S. Proof of Claim and Release Form ("U.S. Claim Form") and submit it online at www.ReconAfricaUSSecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than _____.**

Failure to submit your U.S. Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the U.S. Settlement.

**Do not mail or deliver your U.S. Claim Form to the U.S. Court, the settling parties or their counsel.  Submit your U.S. Claim Form only to the U.S. Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | _ |
| **PART II – GENERAL INSTRUCTIONS** | _ |
| **PART III – SCHEDULE OF TRANSACTIONS IN RECONAFRICA SECURITIES ON THE U.S. OTC MARKET** | _ |
| **PART IV – RELEASE OF U.S. CLAIMS AND SIGNATURE** | _ |

## <u>PART I – CLAIMANT INFORMATION</u>

### (Please read General Instructions below before completing this page.)

The U.S. Claims Administrator will use this information for all communications regarding this U.S. Claim Form. If this information changes, you MUST notify the U.S. Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
|------|-------|----------|
|      |       |          |

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

| Telephone Number (home) | Telephone Number (work) |
|-------------------------|-------------------------|
|                         |                         |

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):
☐   Individual (includes joint owner accounts)   ☐  Pension Plan   ☐  Trust
☐   Corporation   ☐  Estate
☐   IRA/401K   ☐  Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 12 of the General Instructions for more information on when to file separate U.S. Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## **PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "U.S. Notice") that accompanies this U.S. Claim Form, including the U.S. Plan of Allocation of the U.S. Net Settlement Fund set forth in the U.S. Notice. The U.S. Notice describes the proposed U.S. Settlement, how U.S. Settlement Class Members are affected by the U.S. Settlement, and the manner in which the U.S. Net Settlement Fund will be distributed if the U.S. Settlement and U.S. Plan of Allocation are approved by the U.S. Court. The U.S. Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this U.S. Claim Form. By signing and submitting this U.S. Claim Form, you will be certifying that you have read and that you understand the U.S. Notice, including the terms of the releases described therein and provided for herein.

2.      This U.S. Claim Form is directed to all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Reconnaissance Energy Africa Ltd. ("ReconAfrica"), or its predecessor Lund Enterprises Corp. ("Lund"), on the U.S. OTC market under the ticker symbol "RECAF," "LGDOD" and/or "LGDOF," during the period between February 28, 2019 and September 7, 2021, inclusive (the "U.S. Settlement Class Period"), and were damaged thereby (the "U.S. Settlement Class"). All persons and entities that are members of the U.S. Settlement Class are referred to as "U.S. Settlement Class Members."

3.      Excluded from the U.S. Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of ReconAfrica and/or its predecessor Lund Enterprises Corp. during the U.S. Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of ReconAfrica and/or Lund; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the U.S. Settlement Class are any persons and entities who or which submit a request for exclusion from the U.S. Settlement Class that is accepted by the U.S. Court. For the avoidance of doubt: (a) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants; and (b) while investors that purchased ReconAfrica Securities exclusively on the TSXV or Frankfurt markets are excluded from the U.S. Settlement Class, investors that purchased ReconAfrica Securities on the TSXV or Frankfurt markets in addition to the U.S. OTC market may be members of the U.S. Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund.

4.      If you are not a U.S. Settlement Class Member do not submit a U.S. Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE U.S. SETTLEMENT IF YOU ARE NOT A U.S. SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE U.S. SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3

ABOVE), ANY U.S. CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a U.S. Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the U.S. Action WHETHER OR NOT YOU SUBMIT A U.S. CLAIM FORM, unless you submit a request for exclusion from the U.S. Settlement Class.  Thus, if you are a U.S. Settlement Class Member, the U.S. Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released U.S. Plaintiff's Claims (including Unknown Claims) against Released Defendant Parties.

6.      You are eligible to participate in the distribution of the U.S. Net Settlement Fund only if you are a member of the U.S. Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed U.S. Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the U.S. Net Settlement Fund.

7.      Submission of this U.S. Claim Form does not guarantee that you will share in the proceeds of the U.S. Settlement.  The distribution of the U.S. Net Settlement Fund will be governed by the U.S. Plan of Allocation set forth in the U.S. Notice, if it is approved by the U.S. Court, or by such other plan of allocation approved by the U.S. Court.

8.      Use the Schedules of Transactions in Part III of this U.S. Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable ReconAfrica Securities.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable ReconAfrica Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      Please note:  Only ReconAfrica Securities purchased/acquired on the U.S. OTC market during the U.S. Settlement Class Period (*i.e.*, between February 28, 2019 and September 7, 2021, inclusive) are eligible under the U.S. Settlement.  However, because the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4(e), provides for a "90-Day Lookback Period" (described in the U.S. Plan of Allocation set forth in the U.S. Notice), you must provide documentation related to your purchases and sales of ReconAfrica Securities on the U.S. OTC market during the period from February 28, 2019 through and including December 6, 2021, (*i.e.*, the end of the 90-Day Lookback Period) in order for the U.S. Claims Administrator to calculate your Recognized Loss Amount under the U.S. Plan of Allocation and process your claim.

10.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable ReconAfrica Securities on the U.S. OTC market set forth in the Schedules of Transactions in Part III of this U.S. Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the U.S. Claims Administrator do not independently have information about your investments in ReconAfrica Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE

TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR U.S. CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the U.S. Claims Administrator.  Also, please do not highlight any portion of the U.S. Claim Form or any supporting documents.**

11.     Separate U.S. Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single U.S. Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one U.S. Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one U.S. Claim Form).

12.     All joint beneficial owners must sign this U.S. Claim Form.  If you purchased or otherwise acquired ReconAfrica Securities during the U.S. Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this U.S. Claim Form to participate in the U.S. Settlement.  If, however, you purchased or otherwise acquired ReconAfrica Securities during the U.S. Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this U.S. Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the U.S. Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the ReconAfrica Securities; and

      (c)     furnish herewith evidence of their authority to bind to the U.S. Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a U.S. Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed U.S. Claim Form, you will be swearing that you:

      (a)     own(ed) the ReconAfrica Securities you have listed in the U.S. Claim Form; or

      (b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed U.S. Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the U.S. Court approves the U.S. Settlement, payments to eligible Authorized

U.S. Claimants pursuant to the U.S. Plan of Allocation (or such other plan of allocation as the U.S. Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17. PLEASE NOTE: As set forth in the U.S. Plan of Allocation, each Authorized U.S. Claimant shall receive his, her or its pro rata share of the U.S. Net Settlement Fund. If the prorated payment to any Authorized U.S. Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized U.S. Claimant.

18. If you have questions concerning the U.S. Claim Form, or need additional copies of the U.S. Claim Form or the U.S. Notice, you may contact the U.S. Claims Administrator, Epiq at P.O. Box 6929, Portland, OR 97228-6929 by email at info@ReconAfricaUSSecuritiesSettlement.com, or by toll-free phone at (888) 285-0673, or you may download the documents from the U.S. Settlement website, www.ReconAfricaUSSecuritiesSettlement.com.

19. NOTICE REGARDING ELECTRONIC FILES: Certain U.S. Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the U.S. Settlement website at www.ReconAfricaUSSecuritiesSettlement.com or you may email the U.S. Claims Administrator's electronic filing department at info@ReconAfricaUSSecuritiesSettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the U.S. Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@ReconAfricaUSSecuritiesSettlement.com to inquire about your file and confirm it was received and acceptable.

20. NOTICE REGARDING ONLINE FILING: U.S. Claimants who are not Representative Filers may submit their claims online using the electronic version of the U.S. Claim Form hosted at www.ReconAfricaUSSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the U.S. Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your U.S. Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the U.S. Claims Administrator at info@ReconAfricaUSSecuritiesSettlement.com or (888) 285-0673. If you are not a Representative Filer, but your claim contains a large number of transactions, the U.S. Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your U.S. Claim Form.

**IMPORTANT: PLEASE NOTE**

**YOUR U.S. CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE U.S. CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR U.S. CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE U.S. CLAIMS ADMINISTRATOR TOLL FREE AT (888) 285-0673.**

## PART III – SCHEDULE OF TRANSACTIONS IN RECONAFRICA SECURITIES ON THE U.S. OTC MARKET

Complete this Part III if and only if you purchased/acquired ReconAfrica Securities on the U.S. OTC market **under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF"** during the period from February 28, 2019 through and including September 7, 2021. Please include proper documentation with your U.S. Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than ReconAfrica Securities purchased on the U.S. OTC market.

**1. BEGINNING HOLDINGS** – State the total number of shares of ReconAfrica Securities traded on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" held as of the close of trading on February 27, 2019. (Must be documented.) If none, write "zero" or "0." _____

**2. PURCHASES/ACQUISITIONS DURING THE U.S. SETTLEMENT CLASS PERIOD THROUGH DECEMBER 6, 2021** – Separately list each and every purchase/acquisition (including free receipts) of ReconAfrica Securities traded under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" on the U.S. OTC market from after the opening of trading on February 28, 2019, through and including the close of trading on December 6, 2021. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3. SALES DURING THE U.S. SETTLEMENT CLASS PERIOD THROUGH DECEMBER 6, 2021** – Separately list each and every sale/disposition (including free deliveries) of ReconAfrica Securities traded under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" on the U.S. OTC market from after the opening of trading on February 28, 2019, through and including the close of trading on December 6, 2021. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**4. ENDING HOLDINGS –** State the total number of shares of ReconAfrica Securities traded on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" held as of the close of trading on December 6, 2021. (Must be documented.) If none, write "zero" or "0." ___-_____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

*PART VI – RELEASE OF U.S. CLAIMS AND SIGNATURE*

*YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN*

*ON PAGE [ ] OF THIS U.S. CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the U.S. Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and on behalf of any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims (as defined in the Stipulation and in the U.S. Notice) on behalf of myself (ourselves) in such capacity only, shall be deemed to have, and by operation of law and of the U.S. Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every Released U.S. Plaintiffs' Claim against Released Defendant Parties (as defined in the Stipulation and in the U.S. Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum asserting any or all of the Released U.S. Plaintiffs' Claims against any Released Defendant Parties.

**CERTIFICATION**

By signing and submitting this U.S. Claim Form, the U.S. Claimant(s) or the person(s) who represent(s) the U.S. Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the U.S. Notice and this U.S. Claim Form, including the releases provided for in the U.S. Settlement and the terms of the U.S. Plan of Allocation;

2.      that the U.S. Claimant(s) is a (are) U.S. Settlement Class Member(s), as defined in the U.S. Notice and in paragraph 2 on page 3 of this U.S. Claim Form, and is (are) not excluded from the U.S. Settlement Class by definition or pursuant to request as set forth in the U.S. Notice and in paragraph 3 on page 3 of this U.S. Claim Form;

3.      that I (we) own(ed) the ReconAfrica Securities identified in the U.S. Claim Form and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this U.S. Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the U.S. Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of ReconAfrica Securities and knows (know) of no other person having done so on the U.S. Claimant's (Claimants') behalf;

5.      that the U.S. Claimant(s) submit(s) to the jurisdiction of the U.S. Court with respect to U.S. Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this U.S. Claim Form as U.S. Lead Counsel, the U.S. Claims Administrator or the U.S. Court may require;

7.      that the U.S. Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the U.S. Court's summary disposition of the determination of the validity or amount of the claim made by this U.S. Claim Form;

8.      that I (we) acknowledge that the U.S. Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the U.S. Action; and

9.      that the U.S. Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the U.S. Claimant(s) is (are) exempt from backup withholding or (b) the U.S. Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the U.S. Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the U.S. Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS U.S. CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of U.S. Claimant                                         Date

_____
Print your name here

_____
Signature of joint U.S. Claimant, if any                           Date

_____
Print your name here

*If the U.S. Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of U.S. Claimant             Date

_____
Print your name here

_____
CAPACITY OF PERSON SIGNING ON BEHALF OF U.S. CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST

PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF U.S. CLAIMANT – SEE PARAGRAPH 14 ON PAGE __ OF THIS U.S. CLAIM FORM.)

## <u>REMINDER CHECKLIST:</u>

1. Please sign the above release and certification. If this U.S. Claim Form is being made on behalf of joint U.S. Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the U.S. Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the U.S. Claims Administrator.

5. Keep copies of the completed U.S. Claim Form and documentation for your own records.

6. The U.S. Claims Administrator will acknowledge receipt of your U.S. Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the U.S. Claims Administrator toll free at (888) 285-0673.**

7. If your address changes in the future, or if this U.S. Claim Form was sent to an old or incorrect address, please send the U.S. Claims Administrator written notification of your new address. If you change your name, please inform the U.S. Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the U.S. Claims Administrator at the address below, by email at info@ReconAfricaUSSecuritiesSettlement.com, or toll-free at (888) 285-0673, or visit www.ReconAfricaUSSecuritiesSettlement.com. Please DO NOT call ReconAfrica or any of the other Defendants or their counsel with questions regarding your claim.

THIS U.S. CLAIM FORM MUST BE MAILED TO THE U.S. CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2024**, ADDRESSED AS FOLLOWS:

***In Re Reconnaissance Energy Africa Ltd. Securities Litigation***
c/o Epiq
P.O. Box 6929
Portland, OR 97228-6929

OR SUBMITTED ONLINE AT WWW.RECONAFRICAUSSECURITIESSETTLEMENT.COM **ON OR BEFORE _____, 2024**.

A U.S. Claim Form received by the U.S. Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2024 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a U.S. Claim Form shall be deemed to have been submitted when actually received by the U.S. Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the

U.S. Claim Forms.  Please be patient and notify the U.S. Claims Administrator of any change of address.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All persons and entities that purchased or otherwise acquired publicly traded common stock of Reconnaissance Energy Africa Ltd. ("ReconAfrica"), or its predecessor Lund Enterprises Corp., on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF," between February 28, 2019 and September 7, 2021, both dates inclusive, and were damaged thereby (the "U.S. Settlement Class"):[1]**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that the above-captioned litigation (the "U.S. Action") has been certified as a class action on behalf of the U.S. Settlement Class, except for certain persons and entities who are excluded from the U.S. Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "U.S. Notice").

YOU ARE ALSO NOTIFIED that the U.S. Lead Plaintiff in the Action has reached a proposed settlement of the U.S. Action for $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash (the "U.S. Settlement"), that, if approved, will resolve all claims in the U.S. Action. A related lawsuit against ReconAfrica in Canada is also being settled (the "Canadian Settlement"). These two settlements are part of a global settlement that is contingent upon the U.S. Settlement being approved by the U.S. Court, and the Canadian Settlement being approved by the Canadian Court.

---

[1] All capitalized terms used in this U.S. Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Global Stipulation and Agreement of Settlement dated February 26, 2024 (the "Stipulation"), which is available at www.ReconAfricaUSSecuritiesSettlement.com.

A hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Nina R. Morrison in Courtroom 6E North, at the United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, to determine (i) whether the proposed U.S. Settlement should be approved as fair, reasonable, and adequate; (ii) whether the U.S. Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the U.S. Notice) should be granted; (iii) whether the proposed U.S. Plan of Allocation should be approved as fair and reasonable; and (iv) whether U.S. Lead Counsel's application for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses should be approved.

**If you are a member of the U.S. Settlement Class, your rights will be affected by the U.S. Settlement, and you may be entitled to share in the U.S. Settlement Fund**.  The U.S. Notice and U.S. Proof of Claim and Release Form ("U.S. Claim Form"), can be downloaded from the website maintained by the U.S. Claims Administrator, www.ReconAfricaUSSecuritiesSettlement.com.  You may also obtain copies of the U.S. Notice and U.S. Claim Form by contacting the U.S. Claims Administrator at *In re Reconnaissance Energy Africa Ltd. Securities Litigation*, c/o Epiq, P.O. Box 6929, Portland, OR 97228-6929, 1-888-285-0673.

If you are a member of the U.S. Settlement Class, in order to be eligible to receive a payment under the proposed U.S. Settlement, you must submit a U.S. Claim Form *postmarked* or online no later than _____, 2024.  If you are a U.S. Settlement Class Member and do not submit a proper U.S. Claim Form, you will not be eligible to share in the distribution of the net proceeds of the U.S. Settlement, but you will nevertheless be bound by any judgments or orders entered by the U.S. Court in the U.S. Action.

If you are a member of the U.S. Settlement Class and wish to exclude yourself from the U.S. Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2024, in accordance with the instructions set forth in the U.S. Notice.  If you properly exclude yourself from the U.S. Settlement Class, you will not be bound by any judgments or orders entered by the U.S. Court in the U.S. Action and you will not be eligible to share in the proceeds of the U.S. Settlement.

Any objections to the proposed U.S. Settlement, the proposed U.S. Plan of Allocation, or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the U.S. Court and delivered to U.S. Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2024, in accordance with the instructions set forth in the U.S. Notice.

**Please do not contact the U.S. Court, the Clerk's office, ReconAfrica, or its counsel regarding this notice.  All questions about this notice, the proposed U.S. Settlement, or your eligibility to participate in the U.S. Settlement should be directed to U.S. Lead Counsel or the U.S. Claims Administrator.**

Inquiries, other than requests for the U.S. Notice and U.S. Claim Form, should be made to U.S. Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Garth Spencer, Esq.

1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
info@glancylaw.com

Requests for the U.S. Notice and U.S. Claim Form should be made to:

*In re Reconnaissance Energy Africa Ltd. Securities Litigation*
c/o Epiq
P.O. Box 6929
Portland, OR 97228-6929
(888) 285-0673
www.ReconAfricaUSSecuritiesSettlement.com

By Order of the Court

In re Reconnaissance Energy Africa Ltd.
Securities Litigation
PO Box 6929
Portland, OR 97228-6929

*COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Reconnaissance Energy Africa Ltd. Securities Litigation,* No. 1:21-cv-06176-NRM-RML

Scan QR code for detailed notice regarding this Class Action.



<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

**THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.RECONAFRICAUSSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.**

There has been a proposed Settlement of claims against Reconnaissance Energy Africa Ltd. ("ReconAfrica") and certain executives and directors of ReconAfrica (collectively, the "Defendants"). The Settlement would resolve a U.S. lawsuit in which the Plaintiff alleges that Defendants disseminated materially false and misleading information to the investing public about ReconAfrica's business in violation of the federal securities laws, and would also resolve a related lawsuit against ReconAfrica in Canada. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired common stock of ReconAfrica common stock, or its predecessor Lund Enterprises Corp., on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" between February 28, 2019 and September 7, 2021, inclusive, and been damaged thereby.

Defendants have agreed to pay a U.S. Settlement Amount of $9,425,000 Canadian dollars (subject to certain exchange rate adjustments). The Settlement provides that the U.S. Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all U.S. Settlement Class Members who submit a valid U.S. Claim Form, in exchange for the settlement of the U.S. Action and the Releases by U.S. Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full U.S. Notice, available at www.ReconAfricaUSSecuritiesSettlement.com.**

Your share of the U.S. Settlement proceeds will depend on the number of valid U.S. Claims submitted, and the number, size and timing of your transactions in ReconAfrica common stock. If every eligible U.S. Settlement Class Member submits a valid U.S. Claim Form, the average recovery will be $0.26 U.S. dollars per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed U.S. Notice found on the U.S. Settlement website.

**To qualify for payment, you must submit a U.S. Claim Form.** The U.S. Claim Form can be found on the website www.ReconAfricaUSSecuritiesSettlement.com or will be mailed to you upon request to the U.S. Claims Administrator (888-285-0673). **U.S. Claim Forms must be postmarked or submitted online no later than _____.** If you do not want to be legally bound by the U.S. Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants about the legal claims in the U.S. Action. If you exclude yourself, you cannot get money from this U.S. Settlement. If you want to object to the U.S. Settlement, you may file an objection by _____. The detailed U.S. Notice explains how to submit a U.S. Claim Form, exclude yourself or object.

The U.S. Court will hold a hearing in this case on _____, to consider whether to approve the U.S. Settlement and a request by the lawyers representing the U.S. Settlement Class for up to 33¹ᐟ³% of the U.S. Settlement Fund in attorneys' fees, plus actual expenses up to $143,000 U.S. dollars for litigating the case and negotiating the U.S. Settlement, which may include an application to reimburse of U.S. Lead Plaintiff's costs and expenses related to his representation of the U.S. Settlement Class in an amount not to exceed $12,000 U.S. dollars. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (888-285-0673) or visit the website www.ReconAfricaUSSecuritiesSettlement.com.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In Re Reconnaissance Energy Africa Ltd. Securities Litigation*, Case No. 1:21-cv-06176-NRM-RML (the "U.S. Action");

WHEREAS, (a) lead plaintiff Robert Partovy ("U.S. Lead Plaintiff"), on behalf of himself and the U.S. Settlement Class (defined below), and (b) defendant Reconnaissance Energy Africa Ltd. ("ReconAfrica"), and James Jay Park, Scot Evans, Ian D. Brown, Carlos Escribano, Shiraz Dhanani, Mark Gerlitz, and James Granath (collectively, the "Individual Defendants"; and, together with ReconAfrica, the "Defendants"; and together with U.S. Lead Plaintiff, the "U.S. Parties") have determined to settle all claims asserted against Defendants in this U.S. Action with prejudice on the terms and conditions set forth in the Global Stipulation and Agreement of Settlement dated February 27, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the U.S. Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "U.S. Settlement");

WHEREAS, the Stipulation also provides for the settlement of claims asserted against ReconAfrica in related litigation pending in Canada in the Supreme Court of British Columbia, *Bowles v. Reconnaissance Energy Africa Ltd.*, Court File No. VLC-S-S-233808, subject to the approval of the Canadian Court;

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2024 (the "U.S. Preliminary Approval Order"), this Court: (a) preliminarily approved the U.S. Settlement; (b) certified the U.S. Settlement Class solely for purposes of effectuating the U.S. Settlement; (c) ordered that notice of the proposed U.S. Settlement be provided to potential U.S. Settlement Class Members; (d) provided U.S. Settlement Class Members with the opportunity either to exclude themselves from the U.S. Settlement Class or to object to the proposed U.S. Settlement; and (e) scheduled a hearing regarding final approval of the U.S. Settlement;

WHEREAS, due and adequate notice has been given to the U.S. Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2024 (the "U.S. Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the U.S. Settlement are fair, reasonable and adequate to the U.S. Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the U.S. Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the U.S. Settlement, all oral and written comments received regarding the U.S. Settlement, and the record in the U.S. Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the U.S. Action, and all matters relating to the U.S. Settlement, as well as personal jurisdiction over all of the U.S. Parties and each of the U.S. Settlement Class Members.

2.     __Incorporation of Settlement Documents__ – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____ __, 2024; and (b) the U.S. Notice, the U.S. Summary Notice, and the U.S. Postcard Notice, all of which were filed with the Court on _____ __, 2024.

3.     __Class Certification for Settlement Purposes__ – The Court hereby affirms its determinations in the U.S. Preliminary Approval Order certifying, for the purposes of the U.S. Settlement only, the U.S. Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the U.S. Settlement Class consisting of all persons and entities that purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market, between February 28, 2019 and September 7, 2021, both dates inclusive, and were damaged thereby.  Excluded from the U.S. Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of ReconAfrica and/or its predecessor Lund Enterprises Corp. during the U.S. Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of ReconAfrica and/or Lund; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.  For the avoidance of doubt: (a) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants; and (b) while investors that purchased ReconAfrica Securities exclusively on the TSXV or Frankfurt markets are excluded from the U.S.

Settlement Class, investors that purchased ReconAfrica Securities on the TSXV or Frankfurt markets in addition to the U.S. OTC market may be members of the U.S. Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund. [Also excluded from the U.S. Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the U.S. Settlement Class pursuant to request.]

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the U.S. Preliminary Approval Order certifying U.S. Lead Plaintiff as the Class Representative for the U.S. Settlement Class and appointing U.S. Lead Counsel as Class Counsel for the U.S. Settlement Class. U.S. Lead Plaintiff and U.S. Lead Counsel have fairly and adequately represented the U.S. Settlement Class both in terms of litigating the U.S. Action and for purposes of entering into and implementing the U.S. Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the U.S. Postcard Notice, the online posting of the U.S. Notice, and the publication of the U.S. Summary Notice: (a) were implemented in accordance with the U.S. Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise U.S. Settlement Class Members of (i) the pendency of the U.S. Action; (ii) the effect of the proposed U.S. Settlement (including the Releases to be provided thereunder); (iii) U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses; (iv) their right to object to any aspect of the U.S. Settlement, the U.S.

Plan of Allocation and/or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of U.S. Litigation Expenses; (v) their right to exclude themselves from the U.S. Settlement Class; and (vi) their right to appear at the U.S. Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed U.S. Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the U.S. Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the U.S. Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the U.S. Action), and finds that the U.S. Settlement is, in all respects, fair, reasonable and adequate to the U.S. Settlement Class. The U.S. Parties are directed to implement, perform and consummate the U.S. Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The U.S. Action and all of the claims asserted against Defendants in the U.S. Action by U.S. Lead Plaintiff and the other U.S. Settlement Class Members are hereby dismissed with prejudice. The U.S. Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, U.S. Lead Plaintiff and all other U.S. Settlement Class Members (regardless of whether or not any individual U.S. Settlement Class Member submits a U.S. Claim Form or seeks or obtains a distribution from the U.S. Net Settlement Fund), as well as their

respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the U.S. Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9. **Releases** – The Releases set forth in paragraphs 7 and 9 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the U.S. Settlement, U.S. Lead Plaintiff and each of the other U.S. Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims on behalf of the respective U.S. Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released U.S. Plaintiff's Claim against the Defendants and the other Released Defendant Parties, and shall forever be enjoined from prosecuting any or all of the Released U.S. Plaintiff's Claims against any of the Released Defendant Parties. This Release shall not apply to any of the Excluded U.S. Claims (as that term is defined in paragraph 1(vv) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the U.S. Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved,

relinquished, waived and discharged each and every Released Defendants' Claim against U.S. Lead Plaintiff and the other Released Plaintiff Parties, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the U.S. Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the U.S. Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the U.S. Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the U.S. Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the U.S. Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by U.S. Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this U.S. Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released

Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the U.S. Complaint would not have exceeded the U.S. Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the U.S. Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the U.S. Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the U.S. Parties for purposes of the administration, interpretation, implementation and enforcement of the U.S. Settlement; (b) the disposition of the U.S. Settlement Fund; (c) any motion for an award of attorneys' fees and/or U.S. Litigation Expenses by U.S. Lead Counsel in the U.S. Action that will be paid from the U.S. Settlement Fund; (d) any motion to approve the U.S. Plan of Allocation; (e) any motion to approve

8

the U.S. Class Distribution Order; and (f) the U.S. Settlement Class Members for all matters relating to the U.S. Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of U.S. Lead Counsel for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the U.S. Settlement.

15.     **<u>Modification of the Agreement of Settlement</u>** – Without further approval from the Court, U.S. Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the U.S. Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of U.S. Settlement Class Members in connection with the U.S. Settlement.  Without further order of the Court, U.S. Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the U.S. Settlement.

16.     **<u>Termination of Settlement</u>** – If the U.S. Settlement is terminated as provided in the Stipulation or the Effective Date of the U.S. Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of U.S. Lead Plaintiff, the other U.S. Settlement Class Members and Defendants, and the U.S. Parties shall revert to their respective positions in the U.S. Action as of December 20, 2023, as provided in the Stipulation.

17.     **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this U.S. Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this U.S. Action.

SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Nina R. Morrison
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the U.S. Settlement Class Pursuant to Request]**

**Exhibit C-1**

No.: VLC-S-S-233808

Vancouver Registry

## IN THE SUPREME COURT OF BRITISH COLUMBIA

BETWEEN:

### CATHERINE BOWLES

Plaintiff

– and –

### RECONNAISSANCE ENERGY AFRICA LTD.,

Defendant

Proceeding pursuant to the *Class Proceedings Act,* RSBC 1996, c. 50

## ORDER MADE AFTER APPLICATION

| BEFORE THE HONOURABLE JUSTICE | ) | |
| | ) | |
| | ) | |
| | ) | _____, 2024 |
| | ) | |

ON THE APPLICATION of the Plaintiff, Catherine Bowles ("**Bowles**"), coming for hearing at 800 Smithe Street, Vancouver British Columbia on [_____, 2024] and on hearing [Andrew Morganti/Vincent W. DeMarco] counsel for Bowles ("**Canadian Class Counsel**") and [Lara Jackson/Danielle DiPardo] counsel for the Defendant, Reconnaissance Energy Africa Ltd. ("**ReconAfrica**"); AND UPON READING the Notice of Application filed on [_____, 2024], **[To include reference to affidavits filed in support, if any]**; AND ON BEING ADVISED that the parties have entered into a Settlement Agreement, as defined below, subject to court approval,

a copy of which is attached as Schedule "A" (with schedules) to this Order; AND ON BEING ADVISED that all parties consent to this Order;

**THIS COURT ORDERS that:**

1.      For the purposes of this Order, except to the extent that they are modified in this Order, the definitions set out in the Global Stipulation and Agreement of Settlement (the "**Settlement Agreement**") dated [_____], 2024 including the certification of the Canadian Settlement Class as defined therein at paragraph 1(bb) and under the heading Class Certification at paragraph 2, apply to and are incorporated into this Order.

2.      The Canadian First Notice, generally in the form attached to the proposed Settlement Agreement at Exhibit C-2 to Schedule "A" to this Order, is approved.

3.      The press release summarizing the content of the Canadian First Notice, generally in the form attached as Schedule "B" to this Order, is approved.

4.      Canadian Class Counsel is appointed to receive objections and opt-outs to the proposed Canadian Settlement from putative Canadian Settlement Class Members.

5.      The deadline for objections and opt-outs shall be 5:00 pm Eastern Time on [Month / Day] 2024, and shall not be extended unless ordered by the Court (the "**Objections Deadline**").

6.      After the Objections Deadline has ended, and prior to the hearing of the motion to approve the Canadian Settlement, Canadian Class Counsel shall report to the Court and to ReconAfrica, the names of those Canadian Settlement Class Members, if any, who have objected to the Canadian Settlement, the number of ReconAfrica Securities held by each Canadian Settlement Class Member who objected, and a summary of the information delivered by each Canadian Settlement

Class Member who objected. A hearing will be held on <mark>[Month / Day ]</mark>, 2024 at 9:45 a.m. in the courthouse located at 800 Smithe St., Vancouver, British Columbia (the "**Canadian Approval Hearing**"), to:

(a)     approve the Settlement Agreement;

(b)     approve the fee agreement between Bowles and Canadian Class Counsel and to fix the fees, disbursements, and applicable taxes of Canadian Class Counsel; and

(c)     approve a second notice (the "**Canadian Second Notice**") advising Canadian Settlement Class Members that the Canadian Settlement has been approved and describing how Canadian Settlement Class Members can submit Canadian Claim Forms to participate in the distribution of the Canadian Settlement Amount and the deadline to do so; and deal with any related matters.

7.     Within ten days of this Order, the putative Canadian Settlement Class Members shall be given notice of this Order and the Canadian Approval Hearing by:

(a)     Canadian Class Counsel disseminating a press release through Canadian Newswire in English, generally in the form attached as Schedule "B" to this Order, as well as a French translation thereof;

(b)     Canadian Class Counsel disseminating a German translation of the press release through a German business newswire service;

(c)     Canadian Class Counsel sending the English press release contemplated in paragraph 8(a), above, to the online forums Stockhouse.ca and CEO.ca for posting to any ReconAfrica-related boards or chat rooms;

(d)     Canadian Class Counsel emailing the English and French press releases contemplated in paragraph 8(a), above, to anyone who registered with Canadian Class Counsel to receive updates on the status of the Canadian Action, to the extent that Canadian Class Counsel has their email address information;

(e)     Canadian Class Counsel posting the Canadian First Notice (as well as a French translation thereof) on its website at [https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/](https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/); and

(f)     Canadian Class Counsel enabling its website for multilingual Google translation.

8.     Within twenty-one (21) days of the last publication and dissemination of the Canadian First Notice, Canadian Class Counsel shall file an affidavit with the Court confirming compliance with that portion of this Order.

9.     At the Canadian Approval Hearing, the Court will consider objections to the Settlement Agreement if the objections are received in written form before the Objections Deadline by sending an email to Canadian Class Counsel.

10.     Written objections must include the following:

(a)     the person's full name, current mailing address, fax number, telephone number and email address, as may be available;

(b)     the number of ReconAfrica Securities purchased during and held at the close of the Canadian Class Period;

(c)     a brief statement of the nature of and the reasons for the objection; and

(d)     whether the person or a representative intends to appear at the Canadian Approval Hearing in person or by counsel, and if by counsel, the name, address, telephone number, fax number and email address of counsel.

11.     Within thirty (30) days after the Objections Deadline, Canadian Class Counsel shall report to the Court, by affidavit, with a copy to counsel for ReconAfrica, the name of each person who objected to the Settlement Agreement and copies of any materials filed in connection with those objections.

12.     Canadian Class Counsel is appointed, until further order of the Court, to manage the Canadian Escrow Account in accordance with the Settlement Agreement, and shall account to the Court and to ReconAfrica for all payments it makes from the Canadian Escrow Account in accordance with the Settlement Agreement.

13.     The costs relating to the implementation of this Order, including the costs associated with the translation and publication of the Canadian First Notice and press releases, and the fees, disbursements and taxes relating thereto, shall be paid by Canadian Class Counsel as such costs are incurred out of the Canadian Escrow Account.

14.     The Parties may apply to this Court for directions in respect of the implementation of this Order.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:


_____
 Signature of lawyer for the Plaintiff
 Andrew Morganti/Vincent W. DeMarco

_____

Signature of lawyer for the Defendant
Lara Jackson/Danielle DiPardo

By the Court

_____

Registrar

Exhibit C-2

# NOTICE OF THE PROPOSED SETTLEMENT OF THE CANADIAN RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES CLASS ACTION

## READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS

This Notice is directed to all persons and entities who purchased or otherwise acquired Reconnaissance Energy Africa Ltd. ("ReconAfrica") common shares, listed on the TSX Venture Exchange and Frankfurt Stock Exchange, on or after May 30, 2020, and held some or all of those securities until after the close of trading on September 7, 2021 ("Canadian Settlement Class Members" and the "Canadian Class Period").

## PURPOSE OF THIS NOTICE

A proposed class action brought on behalf of Canadian Settlement Class Members has been settled, subject to approval from the Supreme Court of British Columbia (the "Canadian Court"). This Notice provides Canadian Settlement Class Members with information about the settlement of this proposed class action (the "Canadian Settlement"), the Canadian Settlement Class, and their rights to participate in the Court proceedings considering whether to approve the Canadian Settlement including each putative Class Member's right to attend the hearing to approve the Canadian Settlement, or to object to the Canadian Settlement ("Canadian Approval Hearing") or opt-out of the Canadian Settlement Class.

## THE ACTION

A proposed class action was commenced on behalf of investors who purchased ReconAfrica's common shares during the Class Period, against ReconAfrica in the Canadian Court: *Catherine Bowles v. Reconnaissance Energy Africa Ltd.* , S-233808 (Vancouver Registry)(the "Canadian Action").

The plaintiff in the Canadian Action (the "Canadian Plaintiff") alleges that commencing May 2020, ReconAfrica negligently signaled planned fracking by referencing "unconventional" resources and "shale" deposits within Namibia. In industry parlance, "unconventional" resources and/or "shale" deposits refer to oil and gas deposits requiring extraction by fracking. The Canadian Plaintiff alleges that ReconAfrica was made these statements negligently because it failed to disclose to investors that: (1) ReconAfrica had not determined whether Namibia would allow fracking, which had never been done in Namibia, and which was central to ReconAfrica's business plans; and (2) ReconAfrica possessed data from its test wells that revealed poor prospects for achieving oil and gas production that would be commercially viable. These alleged omitted material facts undermined ReconAfrica's public statements made during the Canadian Class Period, rendering them misleading. When publicly corrected, the markets' alleged reaction was immediate and harsh.

ReconAfrica denies all such allegations.

The parties have reached a proposed settlement of the Canadian Action, <u>without an admission of liability on the part of ReconAfrica</u>, subject to approval by the Court. The terms of the proposed settlement are set out below.

## THE TERMS OF THE PROPOSED SETTLEMENT

ReconAfrica will pay CAD $5,075,000 million (the "Canadian Settlement Amount"), in full and final settlement of all claims against it in the Canadian Action. The Canadian Settlement Amount, less the lawyers' fees and disbursements, administration expenses, and taxes (the "Canadian Net Settlement Fund"), if approved by the Canadian Court, will be distributed to the Canadian Settlement Class in accordance with a court-approved Canadian Plan of Allocation. The proposed Global Stipulation and Agreement of Settlement dated **[Month, Day]**

(the "Settlement Agreement") Canadian Settlement Class definition and Canadian Plan of Allocation may be viewed at https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/.

If the Canadian Settlement is approved, a further notice will be published which will include instructions on how Canadian Settlement Class Members can file Claim Forms to participate in the distribution of the Canadian Net Settlement Fund and the deadline for doing so.

The Canadian Settlement provides that if it is approved by the Court, the claims of all Canadian Settlement Class Members which were asserted or which could have been asserted in the Canadian Action, will be fully and finally released and the Canadian Action will be dismissed.

**THE CANADIAN APPROVAL HEARING**

The Canadian Court will be asked to approve the proposed Canadian Settlement and the lawyers' fees, disbursements, expenses and taxes at a hearing to be held on **[Month, Day]**, **2024 at 9:45 a.m** at the Courthouse at 800 Smithe Street, Vancouver, British Columbia. .

Canadian Class Members who do not oppose the proposed Canadian Settlement are not required to appear at the hearing or take any other action at this time to indicate their desire to participate in the proposed settlement. Canadian Class Members who oppose the proposed Canadian Settlement may have their opposition heard by filing an Objection (see "Objections" below). Canadian Settlement Class Members who consider it desirable or necessary to seek the advice and guidance of their own lawyers may do so <u>at their own expense</u>.

Canadian Class Members may attend the Canadian Approval Hearing whether or not they deliver an objection. The Canadian Court may permit Canadian Class Members to participate in the Canadian Approval Hearing whether or not they deliver an objection. Canadian Settlement Class Members who wish for a lawyer to speak on their behalf at the Canadian Approval Hearing may retain one to do so <u>at their own expense</u>.

**OBJECTIONS AND OPT-OUTS**

At the Canadian Approval Hearing, the Court will consider any objections to the proposed Canadian Settlement and opt-outs from the Canadian Settlement Class by the Canadian Settlement Class Members if the objections are submitted in writing, by prepaid mail or email to Berger Montague (Canada) PC, 330 Bay Street, Suite 1302, Toronto, Ontario, M5H 2S8, Email: info@bergermontague.ca, Attention: ReconAfrica Class Action.

A written objection can be submitted in English or French and must include the following information:

(a)     the objector's full name, current mailing address, telephone number and email address (as may be available);

(b)     the number of shares purchased during, and held at the close of, the Canadian Class Period;

(c)     a brief statement of the nature of and reasons for the objection; and

(d)     whether the objector intends to appear at the hearing in person or by counsel, and, if by counsel, the name, address, telephone number and email address of counsel.

**OBJECTIONS MUST BE RECEIVED ON OR BEFORE [Month Day], 2024 AT 5:00PM E.T.**

**LAWYERS' FEES, DISBURSEMENTS AND TAXES**

The lawyers for the Canadian Settlement Class Members will ask the Canadian Court to approve legal fees in the amount of thirty (30) percent of CAD $5,075,000 million, plus disbursements, plus taxes. This fee request is consistent with the retainer agreement entered into between Canadian Class Counsel and the representative Canadian Plaintiff. As is customary in such cases, Canadian Class Counsel conducted the Canadian Action on a

contingent-fee basis. Canadian Class Counsel has not been paid as the matter has proceeded (other than through a costs award), has paid all of the expenses of conducting the litigation, and has borne all of the risk of adverse cost awards.

The approval of the Canadian Settlement is not contingent on the approval of the Class Counsel Fees requested. The Canadian Settlement may still be approved even if the requested Class Counsel Fees are not approved.

## QUESTIONS

Questions for the Canadian Settlement Class Members' lawyers may be directed to:

Berger Montague (Canada) PC
330 Bay Street, Suite 1302
Toronto, ON  M5H 2S8
Tel: 647.598.8772 ext 2
Email: info@bergermontague.ca

## INTERPRETATION

If there is a conflict between the provisions of this Notice and the Settlement Agreement, the terms of the Settlement Agreement will prevail.

**This notice has been approved by the Court.  Questions about matters
in this notice should <u>NOT</u> be directed to the Canadian Court.**

**Exhibit C-3**

# NOTICE OF SETTLEMENT APPROVAL
# RECONNAISSANCE ENERGY AFRICA LTD.
## CANADIAN SECURITIES CLASS ACTION

## Read this notice carefully as it may affect your rights

**This Notice is directed to all persons and entities, excluding certain persons associated with the defendant, Reconnaissance Energy Africa Ltd. ("ReconAfrica") wherever they may reside or be domiciled, who purchased or otherwise acquired common shares of ReconAfrica listed on the TSX Venture Exchange and Frankfurt Stock Exchange, on or after May 30, 2020 (the "ReconAfrica Securities"), and held some or all of those securities until after the close of trading on September 7, 2021 ("Canadian Settlement Class Members" and the "Canadian Class Period").**

### PURPOSE OF THIS NOTICE
A proposed class action (the "Canadian Action") brought on behalf of the Canadian Settlement Class Members has been settled. The Canadian Settlement has been approved by the British Columbia Supreme Court (the "Canadian Court"). This Notice provides Canadian Settlement Class Members with information about how to submit a Claim Form to the Canadian Claims Administrator in order to participate in the distribution of the Canadian Net Settlement Fund.

### THE ACTION
The plaintiff in the Canadian Action (the "Canadian Plaintiff") alleges that commencing May 2020, ReconAfrica negligently signaled planned fracking by referencing "unconventional" resources and "shale" deposits within Namibia. In industry parlance, "unconventional" resources and/or "shale" deposits refer to oil and gas deposits requiring extraction by fracking. The Canadian Plaintiff alleges that ReconAfrica was made these statements negligently because it failed to disclose to investors that: (1) ReconAfrica had not determined whether Namibia would allow fracking, which had never been done in Namibia, and which was central to ReconAfrica's business plans; and (2) ReconAfrica possessed data from its test wells that revealed poor prospects for achieving oil and gas production that would be commercially viable. These alleged omitted material facts undermined ReconAfrica's public statements made during the Canadian Class Period, rendering them misleading. When publicly corrected, the markets' reaction was allegedly immediate and harsh.

ReconAfrica denies all such allegations.

The settlement of the Canadian Action, without an admission of liability on the part ofReconAfrica, was approved by The Honourable Justice [name] on [Month Day], 2024. This notice provides a summary of the settlement.

### SUMMARY OF THE SETTLEMENT TERMS
ReconAfrica will pay CAD $5,075,000 million (the "Canadian Settlement Amount"), in full and final settlement of all claims against it in theCanadian Action. Canadian Class Counsel Fees, including out-of-pocket expenses and taxes, were fixed by the Court as a first charge on the Canadian Settlement Amount in the amount of thirty (30) percent of CAD $5,075,000 million, plus disbursements, plus taxes. The Canadian Settlement Amount for the Class, less the Canadian Class Counsel Fees and disbursements, administrator's expenses, and taxes, (the "Canadian Net Settlement Amount") will be distributed to the Canadian Settlement Class in accordance with the Court-approved Canadian Plan of Allocation. The Global Stipulation and Agreement of Settlement dated [Month

## HOW TO MAKE A CLAIM FOR COMPENSATION:

### CLAIMS FOR COMPENSATION MUST BE RECEIVED BY [Month Day] 2024

Each Canadian Settlement Class Member must submit a completed Claim Form on or before **[Month Day]**, 2024 in order to participate in the settlement. The Claim Form can be accessed or downloaded at https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/ or obtained by calling the Canadian Claims Administrator at 647.598.8772 extension 6. If you do not submit a completed Claim Form by **[Month Day]**, 2024, you will not receive any part of the Canadian Net Settlement Amount.

The Canadian Court appointed Berger Montague (Canada) PC as the Administrator of the settlement to, among other things: (i) receive and process Claim Forms; (ii) decide eligibility for compensation; and (iii) distribute the net Canadian Settlement Amount to eligible Class Members. The Claim Form should be submitted to the Administrator by using the secure Online Claims System at https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/. You may submit a paper Claim Form only if you do not have internet access. The paper Claim Form may be sent by mail or courier to:

ReconAfrica Claims Administrator
330 Bay Street, Suite 1302
Toronto, ON  M5H 2S8
Email: info@bergermontague.ca

## QUESTIONS

Questions for the Canadian Settlement Class Members' lawyers may be directed to:

Berger Montague (Canada) PC
330 Bay Street, Suite 1302
Toronto, ON  M5H 2S8
Tel: 647.598.8772 ext 2
Email: info@bergermontague.ca

## INTERPRETATION

If there is a conflict between the provisions of this Notice and the Settlement Agreement, the terms of the Settlement Agreement will prevail.

**This notice has been approved by the Court.  Questions about matters
In this notice should NOT be directed to the Canadian Court.**

**Exhibit C-4**

# Reconnaissance Energy Africa Ltd. Canadian Claim Form

Only securities of Reconnaissance Energy Africa Ltd. ("**ReconAfrica Securities**") purchased during the identified Canadian Settlement Class Period on the TSX Venture Exchange or Frankfurt Stock Market and held until after September 7, 2021, will be considered to be included within the Canadian Settlement. Excluded from the Canadian Settlement Class are: (a) any person who served as an officer or director of ReconAfrica during the Canadian Settlement Class Period or the U.S. Settlement Class Period; (b) his/her Immediate Family; (c) any member of Advanced Media Solutions Ltd., Bull Market Media GmbH, Digitonic Ltd., or Quester Advisors; (d) any officer or director of Canaccord Genuity Group Inc.; and (e) any investor that purchased ReconAfrica Securities exclusively on the U.S. OTC Market (together "**Excluded Investors**").  For the avoidance of doubt, while investors that purchased ReconAfrica Securities exclusively on the U.S. OTC Market are excluded from the Canadian Settlement Class, investors that purchased ReconAfrica Securities on the U.S. OTC market in addition to the TSX Venture Exchange or Frankfurt Stock Market may be members of the Canadian Settlement Class; provided, however, ReconAfrica Securities purchased on the U.S. OTC Market may only be compensated from the U.S. Settlement Fund and are not eligible for compensation from the Canadian Settlement Fund.

**CANADIAN CLASS PERIOD:**     ReconAfrica Securities purchased between May 30, 2020, and September 7, 2021

You must complete the Form below before [120-days], 2024, so you can register to receive a distribution of the Canadian Settlement Funds.

**Full Name***

| |
|---|
| + Add |

**Email***

| |
|---|
| + Add |

**Phone number**

| |
|---|
| + Add |

**Street Address**

| |
|---|
| + Add |

**Street Address Line 2**

```
+ Add
```

## City

```
+ Add
```

## Province / State

```
+ Add Another
```

## Postal Code / Zip Code

```
+ Add Another
```

## Country

```
+ Add
```

## Purchased Securities on

yyyy-mm-dd

```
+ Add Another
```

## Sold Securities on

yyyy-mm-dd

```
+ Add Another
```

## Number of Securities owned after September 6, 2021

```
+ Add
```

### YOU MUST PROVIDE THE FOLLOWING SUPPORTING DOCUMENTS TO BE ELIGIBLE.

- Government issued identification that matches your brokerage account statements

- Your Brokerage Statements reflecting your purchases and for September 2021, to evidence how many shares you owned after September 7, 2021.

```
+ Chose Files
```

If you are having any difficulties or have questions, please contact us info@bergergmontague.ca.

Whether or not if you qualify for a *pro rata* share of the Canadian Settlement Funds you will be contacted after the Canadian Claims Bar Deadline as to whether the amount can be e-transferred or sent by check.

**[SUBMIT YOUR CLAIM FORM]**

Canadian Settlement Class or Canadian Settlement Class Members means:

All persons and entities, other than Excluded Investors, wherever they may reside or be domiciled, who acquired ReconAfrica's Securities, listed on the TSX Venture Exchange and Frankfurt Stock Exchange, between May 30, 2020, and September 7, 2021, and held some or all of those securities after September 6, 2021.

**DISCLAIMER / TERMS OF USE (/DISCLAIMER-AND-TERMS-OF-USE/)**

**BERGER MONTAGUE (CANADA) PC**

**Exhibit C-5**

# CANADIAN PLAN OF ALLOCATION AND DISTRIBUTION PROTOCOL

## THE DEFINED TERMS

1.      The definitions set out in the Global Stipulation and Agreement of Settlement reached between the Plaintiff Catherine Bowles and Defendant Reconnaissance Energy Africa Ltd. made as of **[Month Day]**, 2024 (the "**Settlement Agreement**"), and consistent with the Settlement Term Sheet made December 20, 2023, except as modified or defined herein, apply to and are incorporated into this Canadian Plan of Allocation:

   (a)    "**Canadian Claims Administrator**" means Andrew Morganti, licensee in the Province of Ontario and the States of Michigan, New York, and the U.S. District of Columbia (Washington, DC) a member of Berger Montague (Canada) PC or Nuvo Claims Inc., a third-party claims administrator, subject to approval by the Court;

   (b)    "**Authorized Canadian Claim**" means a properly submitted claim for damages from the Canadian Net Settlement Fund, which has been approved by the Canadian Claims Administrator or Referee;

   (c)    "**Authorized Canadian Claimant**" means a Canadian Settlement Class Member who: (i) submitted a properly completed Canadian Claim Form identifying his/her/its total Qualified Shares, and all required Supporting Documentation to the Canadian Claims Administrator on or before the Claims Bar Deadline; and (ii) is eligible to receive a Distribution from the Canadian Net Settlement Fund based on the number of ReconAfrica Securities accepted as Qualified Shares by the Canadian Claims Administrator;

(d) **"Canadian Claim Form"** means the online form or forms to be approved by the Canadian Court, which, when completed and submitted in a timely manner to the Canadian Claims Administrator by email or through the Website, enables a Canadian Settlement Class Member to apply for compensation pursuant to the Settlement Agreement and this Canadian Plan of Allocation;

(e) **"Canadian Claimant"** means a Canadian Settlement Class Member who submits a properly completed Canadian Claim Form and all required Supporting Documentation to the Canadian Claims Administrator on or before the Canadian Claims Bar Deadline;

(f) **"Canadian Claims Bar Deadline"** means one hundred twenty (120) days after Canadian Class Counsel disseminate notice of the anticipated order approving the Settlement Agreement, and the Canadian Claim Form is functional on the Website;

(g) **"Canadian Class Counsel Fees"** means an amount equal to 30% of the Canadian Settlement Amount plus the relevant H.S.T. and reimbursement of their Disbursements associated with prosecuting this class proceeding;

(h) **"Damages Per Share"** or **"DPS"** means the result of dividing the Canadian Net Settlement Fund by the aggregate amount of all Authorized Canadian Claimants' Qualified Shares (the goal being that each Authorized Canadian Claimant is to receive a *pro rata* share of the Canadian Net Settlement Fund based on the number of Qualified Shares they held);

(i)       **"Database"** means the web-based database in which the Canadian Claims Administrator stores information received from the Canadian Claimants and/or acquired through the claims process;

(j)       **"Distribution"** means payment to Authorized Canadian Claimants in accordance with this Canadian Plan of Allocation, the Settlement Agreement and any order of the Canadian Court;

(k)       **"Distribution List"** means a list containing the name and address of each Authorized Canadian Claimant, and the calculation of each Authorized Canadian Claimant's *pro rata* share of the Canadian Net Settlement Fund;

(l)       **"Canadian Escrow Account"** means the trust account holding the Canadian Net Settlement Fund and used by the Canadian Claims Administrator to make the Distribution in accordance with this Canadian Plan of Allocation;

(m)      **"Excluded Investors"** means (a) any person who served as an officer or director of ReconAfrica during the Canadian Settlement Class Period or the U.S. Settlement Class Period; (b) his/her Immediate Family; (c) any member of Advanced Media Solutions Ltd., Bull Market Media GmbH, Digitonic Ltd., or Quester Advisors; (d) any officer or director of Canaccord Genuity Group Inc.; and (e) any investor that purchased ReconAfrica Securities exclusively on the U.S. OTC Market. For the avoidance of doubt, while investors that purchased ReconAfrica Securities exclusively on the U.S. OTC Market are excluded from the Canadian Settlement Class, investors that purchased ReconAfrica Securities on the U.S. OTC market in addition to the TSXV or Frankfurt market may be members of the Canadian Settlement Class; provided, however, ReconAfrica

Securities purchased on the U.S. OTC Market may only be compensated from the U.S. Settlement Fund and are not eligible for compensation from the Canadian Settlement Fund.;

(n)　**"Honorarium"** means a one-time payment of $5,000 from the Canadian Net Settlement Fund to the representative plaintiff, Catherine Bowles, subject to the approval of the Canadian Court;

(o)　"*Pro Rata* **Distribution"** means the Distribution to each Authorized Canadian Claimant in respect of their Qualified Shares;

(p)　**"Qualified Shares"** means ReconAfrica Securities purchased or acquired on the TSXV market under the ticker symbol "RECO" or the Frankfurt market under the ticker symbol "0XD" during the Canadian Settlement Class Period and held until after the close of trading on September 7, 2021;

(q)　**"Referee"** means a licensee from David Robbins;

(r)　**"Reference"** means the procedure by which a Canadian Claimant who disagrees with the Canadian Claims Administrator's decision relating to their eligibility for compensation, the determination of the number of Qualified Shares, may appeal the Canadian Claims Administrator's decision and have it reviewed by the Referee;

(s)　**"Canadian Settlement Amount"** means CAD $5,075,000, inclusive of the Canadian Notice and Administration Costs, Canadian Class Counsel Fees, interest, taxes and any other costs or expenses related to the Action or the Settlement;

(t)     **"Supporting Documentation"** means true copies of bank or brokerage statement(s) that reflects how many of the ReconAfrica Securities were purchased or acquired on the TSXV market under the ticker symbol "RECO" or the Frankfurt market under the ticker symbol "0XD" during the Canadian Settlement Class Period and held until after the release of the September 7, 2021 public corrective document being released on the internet; and

(u)     **"Website"** means the website https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/.

**THE OVERVIEW**

2.      This Canadian Plan of Allocation sets out the procedure for Canadian Settlement Class Members to apply for a Distribution from the Canadian Net Settlement Fund; the guidelines for determination of a Canadian Settlement Class Member's eligibility to become an Authorized Canadian Claimant; and, if appropriate, the manner of allocation and Distribution to each Authorized Canadian Claimant of their proportionate and allocable share of the Canadian Net Settlement Fund calculated on the basis of the calculations set forth herein.

**CALCULATION OF THE *PRO RATA* DISTRIBUTION**

3.      The *Pro Rata* Distribution for each Authorized Canadian Claimant will be calculated by the Canadian Claims Administrator after the close, and within one hundred twenty (120) days of the Canadian Claims Bar Deadline by multiplying each Authorized Canadian Claimant's Qualified Shares by the Damages Per Share.

4.      The *Pro Rata* Distribution is a defined term and shall equal the Canadian Settlement Amount minus disbursements whereby each Qualified Share shall receive the same amount

provided that said Qualified Share was purchased during the Canadian Settlement Class Period and held until after the release of the final Public Corrective Disclosure on September 7, 2021.

## GENERAL PRINCIPLES OF THE ADMINISTRATION OF THE SETTLEMENT

5. The administration process to be established shall:

    (a)    implement and conform to the Canadian Plan of Allocation;

    (b)    employ secure, paperless, web-based systems with electronic registration and record keeping, wherever practical, for Canadian Claimants to submit their Canadian Claim Form and to upload their Supporting Documentation;

    (c)    allow Canadian Claim Forms to be submitted in English and French; and

    (d)    make available a website with multilingual functionality for Canadian Settlement Class Members to download Canadian Claim Forms and to receive updates and information in regards to notice, claims procedure, definitions, Canadian Court documents and contact information.

## THE CANADIAN CLAIMS ADMINISTRATOR

6. The Canadian Claims Administrator shall have such powers and rights reasonably necessary to discharge its duties and obligations to implement and administer the Canadian Escrow Account and the Canadian Plan of Allocation in accordance with their terms, subject to the direction of the Canadian Court, including:

    (a)    the power to contact Canadian Claimants or their representatives to obtain more information about a claim and/or to audit claims;

    (b)    if a Canadian Claimant fails to provide the Canadian Claims Administrator the Supporting Documentation in an organized manner to allow the Canadian Claims Administrator to readily discern the amount of the Canadian Claim and the

adjudication of the Canadian Claim Form, the Canadian Claims Administrator may exercise the right to reject the Canadian Claim Form in its entirety and said Canadian Claimant may seek guidance from the Referee; and

(c)     where a Canadian Claim Form contains minor omissions or errors, the Canadian Claims Administrator may correct such omissions or errors if the information necessary to correct the omission or error is readily available to the Canadian Claims Administrator.

**THE CANADIAN CLAIMS ADMINISTRATOR'S DUTIES AND RESPONSIBILITIES**

7.      The Canadian Claims Administrator shall administer the Canadian Plan of Allocation pursuant to the guidelines set out herein under the oversight and direction of the Canadian Court and shall act as trustee in respect of the monies, being the Canadian Net Settlement Fund held within the Canadian Escrow Account upon receipt from Canadian Class Counsel.

8.      The Canadian Claims Administrator shall, wherever practical, develop, implement and operate an administration system utilizing web-based technology and other electronic systems for the following:

(a)     Canadian Settlement Class notification;

(b)     claim filing and document collection (Canadian Claimants must submit their Claims Forms and Supporting Documentation to the Canadian Claims Administrator by email, direct mail, or uploading into the Website);

(c)     claim evaluation, analysis, and Reference procedures;

(d)     distribution analysis and making Distributions;

(e)     *cy près* award distribution, if any, and reporting to Canadian Class Counsel and the Canadian Court;

(f)     Canadian Notice and Administration Costs payments; and

(g)     cash management, audit control and reporting thereon.

9.      The Canadian Claims Administrator's duties and responsibilities shall include the following:

(a)     investing the monies in the Canadian Escrow Account in accordance with the Settlement Agreement;

(b)     preparing any protocols required for submission to and approval of the Canadian Court;

(c)     providing the software solutions and other resources necessary for a claims processing system to function in a commercially reasonable manner;

(d)     administering the claims administration process, which shall require Canadian Claimants to provide all applicable information and Supporting Documentation as required alongside their Canadian Claim Forms, in accordance with this Canadian Plan of Allocation;

(e)     developing, implementing and operating procedures for receiving, processing, evaluating, and decision-making in respect of the claims of Canadian Claimants, including making all necessary inquiries to determine the validity of such claims;

(f)     if practicable, providing any Canadian Claimant whose Canadian Claim Form is not properly completed or does not include some of the required Supporting Documentation, an opportunity to remedy within 30-days of written notice of the deficiency as stipulated in the Settlement Agreement;

(g)     in order to remedy any deficiency in the completion of a Canadian Claim Form, the Canadian Claims Administrator may request and require that additional

information be submitted by a Canadian Claimant who submits a Canadian Claim Form. Such Canadian Claimant shall have until the later of thirty (30) days from the date of the request from the Canadian Claims Administrator or the Canadian Claims Bar Deadline to rectify the deficiency. Any person who does not respond to such a request for information within such period shall be forever barred from receiving any payments pursuant to the Settlement Agreement, subject to any order of the Canadian Court, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement and the releases contained therein;

(h)     the Canadian Claims Administrator will not accept nor process any Canadian Claim Form that is not accompanied by the required Supporting Documentation;

(i)     making timely assessments of eligibility for compensation and providing prompt notice thereof;

(j)     paying all taxes accruing on the interest earned in the Canadian Escrow Account and adding that interest (net of taxes) to the Canadian Net Settlement Fund;

(k)     making Distributions from the Canadian Net Settlement Fund in a timely fashion;

(l)     using its best efforts to ensure that its personnel provide timely, helpful and supportive assistance to Canadian Claimants in completing the claims application process and in responding to inquiries respecting claims;

(m)     preparing for, attending and defending its decisions at all References;

(n)     distributing and reporting on any *cy près* awards;

(o)     making payments of Canadian Notice and Administration Costs;

(p)     maintaining a Database with all information necessary to permit the Canadian Court to evaluate the progress of the administration, as may, from time to time, be required;

(q)     reporting to the Canadian Court respecting claims received and administered, and Canadian Notice and Administration Costs; and

(r)     preparing such financial statements, reports and records as directed by the Canadian Court.

10.     The Canadian Claims Administrator shall disseminate the Canadian Court-approved Second Notice substantially in conformity with the Canadian Court-approved Plan of Notice to provide notice of the outcome of the motion to approve the Settlement Agreement.

11.     The Canadian Claims Administrator shall cause the information in the Database to be secured and inaccessible to unauthorized persons.

12.     Once a Canadian Claim Form and required Supporting Documentation is received by the Canadian Claims Administrator, the Canadian Claims Administrator shall:

(a)     verify the number of Qualified Shares;

(b)     decide whether the Canadian Claimant is eligible to participate in the Distribution;

(c)     calculate the Damages Per Share; and

(d)     calculate each Authorized Canadian Claimant's *Pro Rata* Distribution.

13.     Once the Canadian Claims Administrator determines that a Canadian Claimant is an Authorized Canadian Claimant, the respective number of his, her or its Qualified Shares, and the *Pro Rata* Distribution from the Canadian Net Settlement Fund, the Canadian Claims Administrator shall advise the Canadian Claimant of the Canadian Claims Administrator's decision.

14.     The Canadian Claims Administrator may deal with Canadian Claimants in a manner that is not through an electronic medium, as and when it determines that such a step is feasible and/or necessary. However, in all cases the information acquired concerning Canadian Claimants shall be entered into the Database.

15.     A decision of the Canadian Claims Administrator in respect of a claim and any Canadian Claimant's entitlement to participate in or receive a share of the Distribution, subject to the Canadian Claimant's right to elect to refer the decision to the Referee for review, will be final and binding upon the Canadian Claimant and the Canadian Claims Administrator.

**THE REFEREE**

16.     The Referee shall have such powers and rights as are reasonably necessary to discharge his or her duties and obligations.

17.     The Referee shall establish and employ a summary procedure to review any disputes arising from a decision of the Canadian Claims Administrator and may enter into such mediation and arbitration proceedings as the Referee may deem necessary.

18.     All decisions of the Referee shall be in writing and shall be final and conclusive and there shall be no appeal therefrom whatsoever.

**THE PROCEDURE FOR REFERENCE**

19.     If a Canadian Claimant disagrees with the Canadian Claims Administrator's decision relating to eligibility to share in the Distribution, or the determination of the number of Qualified Shares, a Canadian Claimant may elect a Reference by the Referee by delivering a written election for review to the Canadian Claims Administrator within fifteen (15) days of receipt of the Canadian Claims Administrator's decision.

LEGAL*61951001.1

20.     The election for a Reference must set out the basis for the disagreement with the Canadian Claims Administrator's decision and attach all documents relevant to the review which have not previously been delivered to the Canadian Claims Administrator. This election for a Reference must be accompanied by a certified cheque or money order, payable to the Canadian Claims Administrator, in the amount of $150.

21.     Upon receipt of an election for a Reference, the Canadian Claims Administrator shall provide the Referee with online access to a copy of:

(a)     the election for a Reference and accompanying documents;

(b)     the Canadian Claims Administrator's decision on eligibility and the number of Qualified Shares; and

(c)     the Canadian Claim Form and Supporting Documentation.

22.     The Referee will carry out the Reference in an inexpensive, summary manner. The Referee will provide all necessary procedural directions and the review will be in writing unless the Referee provides otherwise.

23.     The Canadian Claims Administrator shall participate in the process established by the Referee to the extent directed by the Referee.

24.     The Referee shall deliver a written decision to the Canadian Claimant and the Canadian Claims Administrator. If the Referee disturbs the Canadian Claims Administrator's decision relating to eligibility to share in the Distribution, the number of Qualified Shares, the Canadian Claims Administrator shall return the $150 deposit to the Canadian Claimant. If the Referee does not disturb the Canadian Claims Administrator's decision, the Canadian Claims Administrator shall add the $150 to the Canadian Net Settlement Fund.

LEGAL*61951001.1

25. The Referee shall bill his fees from the Canadian Net Settlement Fund on an as-needed hourly basis at a rate of $400 per hour, not to exceed $20,000.

## CANADIAN NOTICE AND ADMINISTRATION COSTS

26. The Canadian Claims Administrator shall pay the fees, disbursements, taxes, levies, and other costs of:

    (a) the Canadian Claims Administrator;

    (b) the Referee; and

    (c) such other persons at the direction of the Canadian Court,

from the Canadian Settlement Amount in accordance with the provisions of the Settlement Agreement, the Canadian Second Order and any other orders of the Canadian Court.

27. The costs of giving the notices required pursuant to the Canadian Second Order and the Canadian Plan of Allocation are not to be paid by the Canadian Claims Administrator from its fee.

## DISTRIBUTION TO AUTHORIZED CANADIAN CLAIMANTS

28. As soon as practicable after the completion of the claims submission and election for review process, the Canadian Claims Administrator will bring a motion to the Canadian Court for authorization to make Distributions from the Canadian Net Settlement Fund. In support of this motion, the Canadian Claims Administrator will file the Distribution List with the Canadian Court in a manner that protects the privacy of persons on the Distribution List.

29. Distributions will be made in Canadian Dollars.

30. No Distribution shall be made by the Canadian Claims Administrator until authorized by the Canadian Court.

LEGAL*61951001.1

31.     No Distribution shall be made by the Canadian Claims Administrator in respect of any amount under $100, and the name(s) of the Authorized Canadian Claimant(s) with claims under this amount shall be excluded from the Distribution List in respect of such claims.

32.     The Canadian Claims Administrator shall make payments to Authorized Canadian Claimants by either bank transfer or by cheque at the address provided by the Authorized Canadian Claimant or the last known postal address for the Authorized Canadian Claimant. If for any reason an Authorized Canadian Claimant does not deposit the cheque within forty-five (45) days after the date on which the cheque was sent to the Authorized Canadian Claimant, the Authorized Canadian Claimant shall forfeit the right to their *Pro Rata* Distribution and the funds shall become available for allocation to other Authorized Canadian Claimants on a *pro rata* basis in a subsequent Distribution. No cheques will be reissued.

33.     The Canadian Claims Administrator may make interim Distributions if authorized by the Canadian Court.

34.     Each Authorized Canadian Claimant whose name appears on the Distribution List shall comply with any condition precedent to Distribution that the Canadian Court may impose.

35.     The Canadian Claims Administrator shall make Distributions from the Canadian Net Settlement Fund forthwith after receipt of authorization from the Canadian Court to make Distributions to the Authorized Canadian Claimants whose names are on the Distribution List.

36.     If the Canadian Escrow Account is in a positive balance (whether by reason of tax refunds, uncashed cheques or otherwise) after one hundred eighty (180) days from the date of Distributions of the Canadian Net Settlement Fund to the Authorized Canadian Claimants, the Canadian Claims Administrator shall allocate such balance among Authorized Canadian Claimants whose names are on the Distribution List in an equitable fashion up to the limit of

each person's actual loss. The Canadian Claims Administrator may wait until a CRA T-5 tax slip for investment income is issued by the Schedule One bank in respect of the Canadian Escrow Account before making this second distribution. If there is a balance in the Canadian Escrow Account after each Authorized Canadian Claimant is paid up to his/her/its actual loss, the remaining funds shall be paid *cy près* to a recipient selected by Canadian Class Counsel and approved by the Canadian Court.

**RESTRICTION ON CLAIMS**

37.     Any Canadian Settlement Class Member who does not submit a Canadian Claim Form and required Supporting Documentation with the Canadian Claims Administrator on or before the Canadian Claims Bar Deadline, will not be permitted to participate in the Distribution. However, Canadian Class Counsel and the Canadian Claims Administrator may jointly agree to extend the Canadian Claims Bar Deadline if, in their opinion, doing so would not adversely affect the efficient administration of the Settlement and it is in the best interests of the Canadian Settlement Class Members to do so.

**NO ASSIGNMENT**

38.     No amount payable under this Canadian Plan of Allocation may be assigned without the written consent of the Canadian Claims Administrator.

**CANADIAN CLAIMS ADMINISTRATOR'S 'S FINAL REPORT TO THE CANADIAN COURT**

39.     Upon the conclusion of the administration, or at such other time as the Canadian Court directs, the Canadian Claims Administrator shall report to the Canadian Court on the administration and shall account for all monies it has received, including interest earned from the Canadian Net Settlement Fund being held in a trust account, cost of the administration

reflecting each disbursement, for an order directing the Canadian Claims Administrator to make the Distribution to Authorized Canadian Claimants, to be paid its fees as the Canadian Claims Administrator, and to discharge all duties of the Canadian Claims Administrator and to direct any remaining monies, including any returned or uncashed Distribution checks, within the Canadian Net Settlement Fund to the approved *cy pres*.

**Exhibit C-6**

No.: VLC-S-S-233808
Vancouver Registry

## IN THE SUPREME COURT OF BRITISH COLUMBIA

BETWEEN:

### CATHERINE BOWLES

Plaintiff

– and –

### RECONNAISSANCE ENERGY AFRICA LTD.,

Defendant

Proceeding pursuant to the *Class Proceedings Act,* RSBC 1996, c. 50

## ORDER MADE AFTER APPLICATION

### (Settlement Approval)

| | |
|---|---|
| BEFORE THE HONOURABLE JUSTICE | ) |
| | ) |
| | ) |
| | ) _____, 2024 |
| | ) |

**ON THE APPLICATION** of the Plaintiff, Catherine Bowles ("**Plaintiff**"), coming for a hearing at 8000 Smithe Street, Vancouver, British Columbia, om [Month, Day], 2024, AND UPON HEARING [Andrew Morganti / Vincent DeMarco] counsel for the Plaintiff and [Lara Jackson / Danielle DiPardo] counsel for the Defendant, Reconnaissance Energy Africa Ltd. ("**ReconAfrica**"); AND UPON READING the Notice of Application filed on _____, 2024, Affidavit #1 of Andrew Morganti filed on _____, 2024, Affidavit #1 of Catherine Bowles filed _____, 2024, and the Global Stipulation and Agreement of Settlement dated _____, 2024 and attached hereto as Schedule "1" (without schedules) (the "**Settlement Agreement**"); AND UPON BEING ADVISED that (1) all parties consent to this Order; (2)

Canadian Class Counsel consents to being appointed Canadian Claims Administrator (both as defined in the Settlement Agreement); (3) David Robins consents to being appointed Referee (as defined below) and (4) _____ objections have been received as of the deadline for objections to the proposed settlement set forth in paragraph 5 of the Order of Justice [_____] made on [Month, Day], 2024; AND without any admission of liability on the part of the ReconAfrica who denies liability;

**THIS COURT ORDERS AND DECLARES** that

1. For the purposes of this Order, the definitions in the Settlement Agreement apply to and are incorporated into this Order and that the following definitions also apply:

    (a) "Claims Bar Deadline" means 5:00 p.m. eastern time 120-days upon the publication of the Notice of the Canadian Settlement Approval and Canadian Claims Procedure (a/k/a: the Canadian Second Notice);

    (b) "Canadian Class Counsel" means Berger Montague (Canada) PC; and

    (c) "Referee" means a licensee from David Robbins.

2. The Canadian Settlement is fair and reasonable and in the best interests of the Plaintiff and Canadian Settlement Class Members and is approved pursuant to section 35 of the *Class Proceedings Act,* RSBC 1996, c. 50 (the "*CPA*").

3. In the event of a conflict between this Order and the Settlement Agreement, this Order shall prevail.

4. All provisions of the Settlement Agreement (including the Recitals and Definitions contained therein) form part of this Order and are binding upon ReconAfrica, the Plaintiff and all Canadian Settlement Class Members, including persons that are minors or mentally incapable, in

accordance with the terms thereof, and that compliance with the requirements of Rule 20-2 of the *Supreme Court Civil Rules,* is hereby waived.

5.    The following is approved by this Court:

(a)    the Settlement Agreement, without schedules, attached as **Schedule 1** to this Order, and shall be implemented in accordance with its terms;

(b)    the Canadian Second Notice, generally in the form attached as **Schedule 2** to this Order;

(c)    the Canadian Plan of Allocation, generally in the form attached as **Schedule 3**to this Order; and

(d)    the Claim Form, generally in the form attached as **Schedule 4** to this Order.

6.    All persons and entities provided with notice of this application shall be bound by the declarations made in, and the terms of the Settlement Agreement and Canadian Plan of Allocation.

7.    Canadian Class Counsel is appointed as the Canadian Claims Administrator, until further order of the court, on the terms and conditions and with the powers, duties and responsibilities set out in the Settlement Agreement and Canadian Plan of Allocation.

8.    The Canadian Claims Administrator shall be paid from the Canadian Escrow Account a fee in an amount to be approved by the court.

9.    The Canadian Claim Administrator may implement a procedure permitting brokers to make claims on behalf of their clients if they are authorized to do so.

10.    David Robins is appointed as Referee, until further order of the court, on the terms and conditions and with the powers, duties and responsibilities set out in the Settlement Agreement and Canadian Plan of Allocation.

11.    The Canadian Settlement Class Members shall be given notice of the approval of the Settlement Agreement, the Canadian Plan of Allocation, and the Claims Bar Deadline substantially

in the form of the Canadian Second Notice published and disseminated in accordance with the Plan of Notice, and shall constitute good and sufficient service upon Canadian Settlement Class Members of notice of this Order and approval of the Canadian Settlement.

12.    The payment of a $5,000 honorarium to the representative plaintiff, Catherine Bowles, from the Canadian Net Settlement Fund.

13.    The notice to Canadian Settlement Class Members described in paragraph 10 satisfies the requirements of section 19 of the *CPA*.

14.    Forthwith after publication and distribution of the Canadian Second Notice in accordance with the Plan of Notice, Canadian Class Counsel shall file with the court an affidavit confirming its compliance with its obligations concerning the publication and distribution of the Canadian Second Notice as required by the Plan of Notice.

15.    This Order is binding upon each Canadian Settlement Class Member, including those persons who are minors or mentally incapable, and the requirements of Rule 20-2 of the *Supreme Court Civil Rules* are dispensed with.

16.    Upon the Effective Date, the Canadian Plaintiff and each and every other Canadian Settlement Class Member shall release and discharge, and shall be conclusively deemed to have fully, finally and forever released and discharged the Released Defendant Parties from the Released Canadian Plaintiff Claims.

17.    The Canadian Plaintiff and each and every other Canadian Settlement Class Member shall not now or hereafter institute, continue, maintain or assert, either directly or indirectly, whether in Canada or elsewhere, on their own behalf or on behalf of any class or any other person (including on behalf of any person or entity who or which opts out of the Canadian Settlement Class pursuant to section 16(1) of the *CPA*), any action, suit, cause of action, claim or demand against any

Released Defendant Parties or any other person (including but not limited to the auditors) who may claim contribution or indemnity from any Released Defendant Parties in respect of any Released Canadian Plaintiff's Claim or any matter related thereto.

18.     To participate in this Canadian Settlement, a Canadian Settlement Class Member must file a Claim Form with the Canadian Claims Administrator on or before the Claims Bar Deadline unless the Canadian Claims Administrator acting reasonably and in the best interests of Canadian Settlement Class Members extends the deadline for all Canadian Settlement Class Members.

19.     The Plaintiff, Canadian Class Counsel (whether in its own capacity or its capacity as Canadian Claims Administrator), and the Referee may apply to this Court for directions in respect of the implementation and/or the administration of the Canadian Plan of Allocation or relating to any other matter.

20.     No person may bring any action or take any proceedings against the Plaintiff, ReconAfrica, the Canadian Claims Administrator, the Referee, or their respective employees, agents, partners, lawyers, associates, representatives, successors or assigns for any matter in any way relating to the administration of the Canadian Plan of Allocation or the implementation of this Order except with leave of this Court.

21.     Upon the Effective Date, the Canadian Action shall be dismissed against ReconAfrica with prejudice and without costs.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:

_____
Signature of lawyer for the Plaintiff
Vincent W. DeMarco

_____

Signature of lawyer for the Defendant
Lara Jackson/Danielle DiPardo

By the Court

_____

Registrar