EXHIBIT 1

Exhibit A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

<u>*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*</u>

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "U.S. Action")[1] pending in the United States District Court for the Eastern District of New York (the "U.S. Court"), if, during the period between February 28, 2019 and September 7, 2021, inclusive (the "U.S. Settlement Class Period"), you purchased or otherwise acquired publicly traded common stock of Reconnaissance Energy Africa Ltd. ("ReconAfrica"), or its predecessor Lund Enterprises Corp. ("Lund"), on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" ("ReconAfrica U.S. Stock"), and were damaged thereby (the "U.S. Settlement Class").

As used herein, the term "ReconAfrica Securities" means the common stock of ReconAfrica, or Lund, that was publicly traded on the TSXV market under the ticker symbol "RECO"; the Frankfurt market under the ticker symbol "0XD"; and the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF."  While investors that purchased ReconAfrica Securities exclusively on the TSXV or Frankfurt markets are excluded from the U.S. Settlement Class, investors that purchased ReconAfrica Securities on the TSXV or Frankfurt markets in addition to the U.S. OTC market may be members of the U.S. Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund.  If you purchased or otherwise acquired publicly traded ReconAfrica Securities on the TSXV and/or Frankfurt markets, please visit https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/ to see if you are eligible to participate in the Canadian Settlement.

---

[1]  All capitalized terms used in this U.S. Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Global Stipulation and Agreement of Settlement dated February 27, 2024 (the "Stipulation"), which is available at www.ReconAfricaUSSecuritiesSettlement.com.

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed lead plaintiff, Robert Partovy ("U.S. Lead Plaintiff"), on behalf of himself and the U.S. Settlement Class (as defined in ¶27 below), has reached a proposed settlement of the U.S. Action for $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash that, if approved, will resolve all claims in the U.S. Action (the "U.S. Settlement").[2] The Settlement would also resolve a related lawsuit against ReconAfrica in Canada.

**PLEASE READ THIS NOTICE CAREFULLY.  This U.S. Notice explains important rights you may have, including the possible receipt of cash from the U.S. Settlement.  If you are a member of the U.S. Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this U.S. Notice, the proposed U.S. Settlement, or your eligibility to participate in the U.S. Settlement, please DO NOT contact ReconAfrica, any other Defendants in the U.S. Action, or their counsel.  All questions should be directed to U.S. Lead Counsel or the U.S. Claims Administrator (*see* ¶ 95 below).**

1.  **Description of the U.S. Action and the U.S. Settlement Class:**  This U.S. Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants ReconAfrica, and James Jay Park, Scot Evans, Ian D. Brown, Carlos Escribano, Shiraz Dhanani, Mark Gerlitz, and James Granath (collectively, the "Individual Defendants"; and, together with ReconAfrica, the "Defendants"; and together with U.S. Lead Plaintiff, the "U.S. Parties") violated the federal securities laws by making false and misleading statements regarding ReconAfrica's business. A more detailed description of the U.S. Action is set forth in paragraphs 11-26 below.  The proposed U.S. Settlement, if approved by the U.S. Court, will settle claims of the U.S. Settlement Class, as defined in paragraph 27 below.

2.  **Statement of the U.S. Settlement Class's Recovery:**  Subject to U.S. Court approval, U.S. Lead Plaintiff, on behalf of himself and the U.S. Settlement Class, has agreed to settle the U.S. Action in exchange for a settlement payment of $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash (the "U.S. Settlement Amount") to be deposited into an escrow account.  The U.S. Net Settlement Fund (*i.e.*, the U.S. Settlement Amount plus any and all interest earned thereon (the " U.S. Settlement Fund") less (a) any U.S. Taxes, (b) any U.S. Notice and Administration Costs, (c) any U.S. Litigation Expenses awarded by the U.S. Court, and (d) any attorneys' fees awarded by the U.S. Court) will be distributed in accordance with a plan of allocation that is approved by the U.S. Court, which will determine how the U.S. Net Settlement Fund shall be allocated among members of the U.S. Settlement Class.  The proposed plan of allocation (the " U.S. Plan of Allocation") is set forth on pages __-__ below.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on U.S. Lead Plaintiff's damages expert's estimates of the number of shares of ReconAfrica U.S. Stock purchased during the U.S. Settlement Class Period that may have been affected by the conduct at issue in the U.S. Action, and assuming that all U.S. Settlement Class Members elect to participate in the U.S. Settlement, the estimated average recovery (before the deduction of any U.S. Court-approved fees, expenses and costs as described herein) per eligible share is $0.26.  U.S. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some U.S. Settlement Class Members may recover more or less than this estimated amount depending

---

[2] Unless otherwise stated, all monetary amounts are in U.S. dollars.

on, among other factors, the number of shares of ReconAfrica U.S. Stock they purchased, when and at what prices they purchased/acquired or sold their ReconAfrica U.S. Stock, and the total number of valid U.S. Claim Forms submitted.  Distributions to U.S. Settlement Class Members will be made based on the U.S. Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the U.S. Court.

4.  **Average Amount of Damages Per Share:**  The U.S. Parties do not agree on the average amount of damages per share that would be recoverable if U.S. Lead Plaintiff were to prevail in the U.S. Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the U.S. Settlement Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  U.S. Plaintiffs' Counsel, which have been prosecuting the U.S. Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the U.S. Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  U.S. Court-appointed U.S. Lead Counsel, Glancy Prongay & Murray LLP, will apply to the U.S. Court for an award of attorneys' fees for all U.S. Plaintiffs' Counsel in an amount not to exceed 33⅓% of the U.S. Settlement Fund.  In addition, U.S. Lead Counsel will apply for reimbursement of U.S. Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $143,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by U.S. Lead Plaintiff directly related to his representation of the U.S. Settlement Class.  Any fees and expenses awarded by the U.S. Court will be paid from the U.S. Settlement Fund.  U.S. Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected ReconAfrica Security, if the U.S. Court approves U.S. Lead Counsel's fee and expense application, is $0.09 per eligible security.

6.  **Identification of Attorneys' Representatives:**  Lead Plaintiff and the U.S. Settlement Class are represented by Garth Spencer, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7.  **Reasons for the U.S. Settlement:**  U.S. Lead Plaintiff's principal reason for entering into the U.S. Settlement is the substantial immediate cash benefit for the U.S. Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the U.S. Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the U.S. Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the U.S. Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A U.S. CLAIM FORM POSTMARKED NO LATER THAN _____, 2024.** | This is the only way to be eligible to receive a payment from the U.S. Settlement Fund.  If you are a U.S. Settlement Class Member and you remain in the U.S. Settlement Class, you will be bound by the U.S. Settlement as approved by the U.S. Court and you will give up any Released U.S. Plaintiff's Claims |

| | (defined in ¶44 below) that you have against Defendants and the other Released Defendant Parties (defined in ¶45 below), so it is in your interest to submit a U.S. Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE U.S. SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you exclude yourself from the U.S. Settlement Class, you will not be eligible to receive any payment from the U.S. Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released U.S. Plaintiff's Claims. |
| **OBJECT TO THE U.S. SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed U.S. Settlement, the proposed U.S. Plan of Allocation, or the request for attorneys' fees and reimbursement of U.S. Litigation Expenses, you may write to the U.S. Court and explain why you do not like them. You cannot object to the U.S. Settlement, the U.S. Plan of Allocation or the fee and expense request unless you are a U.S. Settlement Class Member and do not exclude yourself from the U.S. Settlement Class. |
| **GO TO A HEARING ON _____, 2024 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | Filing a written objection and notice of intention to appear by _____, 2024 allows you to speak in the U.S. Court, at the discretion of the U.S. Court, about the fairness of the proposed U.S. Settlement, the U.S. Plan of Allocation, and/or the request for attorneys' fees and reimbursement of U.S. Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the U.S. Court, speak to the U.S. Court about your objection. |
| **DO NOTHING.** | If you are a member of the U.S. Settlement Class and you do not submit a valid U.S. Claim Form, you will not be eligible to receive any payment from the U.S. Settlement Fund. You will, however, remain a member of the U.S. Settlement Class, which means that you give up your right to sue about the claims that are resolved by the U.S. Settlement and you will be bound by any judgments or orders entered by the U.S. Court in the U.S. Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The U.S. Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Know If I Am Affected By The U.S. Settlement?  Who Is Included

In The U.S. Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Is The U.S. Settlement Related To The Canadian Settlement? . . . . . . . . . . . . . . . . . Page [ ]

What Are U.S. Lead Plaintiffs' Reasons For The U.S. Settlement? . . . . . . . . . . . . . . . . Page [ ]

What Might Happen If There Were No U.S. Settlement? . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Are U.S. Settlement Class Members Affected By The U.S. Action And

   The U.S. Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Participate In The U.S. Settlement?  What Do I Need To Do? . . . . . . . . . . . . Page [ ]

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Payment Are The Attorneys For The U.S. Settlement Class Seeking?

   How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What If I Do Not Want To Be A Member Of The U.S. Settlement Class?

   How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

When And Where Will The U.S. Court Decide Whether To Approve The U.S. Settlement?

   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I

   Don't Like The U.S. Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

Can I See The U.S. Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . Page [ ]

## WHY DID I GET THE U.S. POSTCARD NOTICE?

8.    The U.S. Court directed that the U.S. Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded ReconAfrica U.S. Stock during the U.S. Settlement Class Period.  The U.S. Court also directed that this Notice be posted online at www.ReconAfricaUSSecuritiesSettlement.com and mailed to you upon request to the U.S. Claims Administrator.  The U.S. Court has directed us to disseminate these notices because, as a potential U.S. Settlement Class Member, you have a right to know about your options before the U.S. Court rules on the proposed U.S. Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the U.S. Court approves the U.S. Settlement, and the U.S. Plan of Allocation (or some other plan of allocation), the claims administrator selected by U.S. Lead Plaintiff and approved by the U.S. Court will make payments pursuant to the U.S. Settlement after any objections and appeals are resolved.

9.    The purpose of this U.S. Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the U.S. Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed U.S. Settlement, and of a hearing to be held by the U.S. Court to consider the fairness, reasonableness, and adequacy of the U.S. Settlement, the proposed U.S. Plan of Allocation and the motion by U.S. Lead Counsel for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses (the "U.S. Settlement Hearing").  *See* paragraph 86 below for details about the U.S. Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this U.S. Notice is not an expression of any opinion by the U.S. Court concerning the merits of any claim in the U.S. Action, and the U.S. Court still has to decide whether to approve the U.S. Settlement.  If the U.S. Court approves the U.S. Settlement and a plan of allocation, and the Canadian Court approves the Canadian Settlement, then payments to Authorized U.S. Claimants will be made after any appeals are resolved and after the completion

of all claims processing.  Please be patient, as this process can take some time to complete.

| **WHAT IS THIS CASE ABOUT?** |
| --- |

11.     This litigation stems from alleged violations of the federal securities laws.  The alleged violations arise out of Defendants' various statements concerning ReconAfrica's exploration for oil and gas in Namibia, which U.S. Lead Plaintiff alleged were false and/or misleading. Specifically, U.S. Lead Plaintiff alleged that Defendants failed to disclose to investors that: (1) ReconAfrica had not determined whether Namibia would allow hydraulic fracturing ("fracking"), which had never been done in Namibia; (2) after Namibia came out against fracking, ReconAfrica pretended it did not intend to frack, while fracking remained a key aspect of its plans; and (3) the results from ReconAfrica's first two test wells revealed poor prospects for a commercially viable oil or gas discovery.

12.     The procedural history of this Action follows below.

13.     On November 5, 2021, the initial complaint in the U.S. Action was filed in the United States District Court for the Eastern District of New York. On December 13, 2021, a related action styled *Huq v. Reconnaissance Energy Africa Ltd.*, Case No. 21-cv-06864, was filed in the United States District Court for the Eastern District of New York.

14.     On February 17, 2022 lead plaintiff movants Robert Partovy, Jeff Owen, and Ahmed Huq filed a stipulation to consolidate the U.S. Action and the *Huq* action, appoint Robert Partovy as Lead Plaintiff, and approve Partovy's selection of Glancy Prongay & Murray LLP as Lead Counsel for the proposed class.  On March 1, 2022 the U.S. Court granted that stipulation.

15.     On April 11, 2022 the U.S. Plaintiff  filed an Amended Class Action Complaint for Violations of the Federal Securities Laws ("U.S. Complaint") in the U.S. Action, alleging that Defendants made material misstatements and omissions in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  The 82-page (335-paragraph) U.S. Complaint alleged, among other things, that Defendants made material omissions and misleading statements about: (i) ReconAfrica's lack of regulatory approval to use hydraulic fracturing to extract oil and gas in Namibia; (ii) ReconAfrica's intent to use hydraulic fracturing to extract oil and gas in Namibia; and (iii) the results of ReconAfrica's test wells in Namibia. According to the U.S. Complaint, the alleged misrepresentations proximately caused class member losses when the truth was revealed over a series of partial corrective disclosures throughout the class period.

16.     On November 29, 2022, Defendants filed a motion to dismiss the U.S. Complaint in the U.S. Action. The U.S. Plaintiff opposed the motion to dismiss. Defendants served a reply in support of their motion to dismiss. Judge Morrison held oral argument on Defendants' motion to dismiss on April 26, 2023, and ruled from the bench denying the motion.

17.     On May 23, 2023, Catherine Bowles ("Canadian Plaintiff") filed a Notice of Civil Claim in the action styled  *Bowles v. Reconnaissance Energy Africa Ltd.*, Court File No. VLC-S-S-233808 ("Canadian Action", and together with the U.S. Action, the "Actions"), pending in the Supreme Court of British Columbia (the "Canadian Court"). The facts alleged in the Canadian Action are related to the facts alleged in the U.S. Action.  The Canadian Plaintiff alleged causes of action against ReconAfrica for common law primary market liability, statutory law primary market

liability under Section 131 of the British Columbia Securities Act ("BCSA"), statutory secondary market liability under Section 140.3 of the BCSA, and common law secondary market liability.

18. Defendants answered the U.S. Complaint in the U.S. Action on June 9, 2023.

19. Following the denial of Defendants' motion to dismiss the U.S. Complaint in the U.S. Action, and negotiation over the scope and manner of document production and the treatment of electronically stored information, the Defendants and the U.S. Lead Plaintiff began discovery pursuant to a stipulated confidentiality order and discovery protocol approved by the U.S. Court on May 18, 2023.

20. From May through October, 2023, Defendants and the U.S. Lead Plaintiff exchanged and responded to initial disclosures, document requests, and interrogatories. Defendants produced over 70,000 documents (totaling over 540,000 pages) to U.S. Lead Plaintiff, and U.S. Lead Plaintiff produced 20 documents (totaling 125 pages) to Defendants. Third parties produced over 11,000 documents in response to U.S. Lead Plaintiff's subpoenas. Among the documents produced were documents related to all major theories of liability in the case, Defendants' insurance policies, and U.S. Lead Plaintiff's transactions in ReconAfrica stock.

21. On October 18, 2023, U.S. Lead Plaintiff, Canadian Plaintiff, and the Defendants (together, the "Parties") held a full-day, in-person mediation session that was overseen by a well-respected mediator of complex actions, Jed Melnick, Esq. of JAMS. No agreement was reached on that day, and negotiations facilitated by Mr. Melnick over a potential settlement continued. On October 19, 2023, Mr. Melnick recommended that the Parties settle the Actions for a $14.5 million Canadian dollar cash payment, subject to certain adjustments, to be allocated among the U.S. Settlement Class and the Canadian Settlement Class, in return for releases of their claims against Defendants.

22. With Mr. Melnick's assistance, the U.S. Lead Plaintiff and the Canadian Plaintiff continued to negotiate concerning the allocation of settlement proceeds between the U.S. Settlement Class and the Canadian Settlement Class. On October 24, 2023 Mr. Melnick recommended that 65% of the proposed $14.5 million Canadian dollar settlement amount be allocated to the U.S. Settlement Class, and 35% to the Canadian Settlement Class. On October 25, 2023, the U.S. Lead Plaintiff and the Canadian Plaintiff accepted Mr. Melnick's recommendation concerning allocation of settlement proceeds, and all Parties accepted Mr. Melnick's recommendation concerning the $14.5 million Canadian dollar total settlement amount.

23. The Parties drafted proposed term sheets to memorialize the global settlement of the Actions, and continued to negotiate concerning such terms. The Parties executed the finalized term sheet dated December 20, 2023 (the "Term Sheet"), setting out certain components of the settlement in principle, and thereafter negotiated the terms of the Stipulation.

24. Based on the investigation, litigation and mediation of the case and U.S. Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, U.S. Lead Plaintiff has agreed to settle and release the claims raised in the U.S. Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that U.S. Lead Plaintiff and the other members of the U.S. Settlement Class will receive under the proposed U.S. Settlement; and (b) the significant risks and costs of continued litigation and trial.

25. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any fault, liability, or

wrongdoing.

26.   On _____, 2024, the U.S. Court preliminarily approved the U.S. Settlement, authorized the U.S. Postcard Notice to be mailed to potential U.S. Settlement Class Members and this U.S. Notice to be posted online and mailed to potential U.S. Settlement Class Members upon request, and scheduled the U.S. Settlement Hearing to consider whether to grant final approval to the U.S. Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE U.S. SETTLEMENT?
WHO IS INCLUDED IN THE U.S. SETTLEMENT CLASS?**

---

27.   If you are a member of the U.S. Settlement Class, you are subject to the U.S. Settlement, unless you timely request to be excluded.  The U.S. Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market, between February 28, 2019 and September 7, 2021, both dates inclusive ("U.S. Settlement Class Period"), and were damaged thereby.

The only ReconAfrica Securities eligible to participate in the U.S. Settlement are those that traded on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF." Excluded from the U.S. Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of ReconAfrica and/or its predecessor Lund Enterprises Corp. during the U.S. Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of ReconAfrica and/or Lund; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.  Also excluded from the U.S. Settlement Class are any persons and entities who or which submit a request for exclusion from the U.S. Settlement Class that is accepted by the U.S. Court.  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. *See* "What If I Do Not Want To Be A Member Of The U.S. Settlement Class?  How Do I Exclude Myself?" on page [__] below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A U.S. SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE U.S. SETTLEMENT.**

> **If you are a U.S. Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the U.S. Settlement, you are required to submit the U.S. Claim Form that is available online at www.ReconAfricaUSSecuritiesSettlement.com or which can be mailed to you upon request to the U.S. Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____, 2024.**

| **HOW IS THE U.S. SETTLEMENT RELATED TO THE CANADIAN SETTLEMENT?** |
|---|

28.    The U.S. Action and the Canadian Action are separate lawsuits pending in different courts, which involve certain common factual allegations, and both name ReconAfrica as a defendant. In addition to the proposed settlement of the U.S. Action for $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash that, if approved, will resolve all claims in the U.S. Action, pursuant to the Stipulation the Canadian Plaintiff and Defendants have entered into a proposed settlement of the Canadian Action for $5,075,000 Canadian dollars in cash that, if approved, will resolve all claims in the Canadian Action ("Canadian Settlement").  Please note, this is a global settlement that is contingent upon the U.S. Settlement being approved by the U.S. Court, and the Canadian Settlement being approved by the Canadian Court.

29.    The U.S. Action is brought on behalf of the U.S. Settlement Class of persons and entities that purchased or otherwise acquired publicly traded common stock of ReconAfrica, or its predecessor Lund, on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF," during the U.S. Settlement Class Period between February 28, 2019 and September 7, 2021, both dates inclusive.

30.    The Canadian Action is brought on behalf of the Canadian Settlement Class, consisting of all investors, except excluded investors, that purchased ReconAfrica Securities between May 30, 2020 and September 7, 2021 ("Canadian Settlement Class Period"), and held all or some of those purchased ReconAfrica Securities after September 7, 2021.  Excluded investors are defined as: (a) any officer or director of ReconAfrica; (b) his/her Immediate Family; (c) any member of Advanced Media Solutions Ltd., Bull Market Media GmbH, Digitonic Ltd., or Quester Advisors; (d) any officer or director of Canaccord Genuity Group Inc.; and (e) any investor that purchased ReconAfrica Securities exclusively on the U.S. OTC Market. For the avoidance of doubt, while investors that purchased ReconAfrica Securities exclusively on the U.S. OTC Market are excluded from the Canadian Settlement Class, investors that purchased ReconAfrica Securities on the U.S. OTC market in addition to the TSXV or Frankfurt market may be members of the Canadian Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund.

31.    Depending on when you purchased ReconAfrica Securities and where those securities were listed for trading, you may be a member of only the U.S. Settlement Class, only the Canadian Settlement Class, both Settlement Classes, or neither Settlement Class. If you are a member of both the U.S. Settlement Class and the Canadian Settlement Class, you may be eligible to participate in both the U.S. Settlement and the Canadian Settlement. If you wish to participate in both the U.S. Settlement and the Canadian Settlement, you must submit a U.S. Claim Form to the U.S. Claims Administrator as set forth in this U.S. Notice, **and** you must submit a Canadian Claim Form to the Canadian Claims Administrator in accordance with the requirements applicable to the Canadian Action.

For further information about the Canadian Action, eligibility to participate in the Canadian Settlement, and the requirements for submitting a Canadian Claim Form, please see https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/ , or contact the Canadian Claims Administrator or Canadian Plaintiff's Counsel:

| **Canadian Claims Administrator** | **Canadian Plaintiff's Counsel** |
|---|---|
| Berger Montague (Canada) PC | Berger Montague (Canada) PC |
| Attn:  Andrew Morganti, Esq. | Attn:  Andrew Morganti, Esq. |
| 330 Bay Street, Suite 1302 | 330 Bay Street, Suite 1302 |
| Toronto, Ontario M5H 2S8 | Toronto, Ontario M5H 2S8 |
| Telephone: 647-598-8772 | Telephone: 647-598-8772 |
| Telephone: 215-875-3000 | Telephone: 215-875-3000 |
| Email: amorganti@bm.net | Email: amorganti@bm.net |
| (Proposed) | |

### WHAT ARE U.S. LEAD PLAINTIFF'S REASONS FOR THE U.S. SETTLEMENT?

32.     U.S. Lead Plaintiff and U.S. Lead Counsel believe that the claims asserted against the Defendants have merit.  They recognize, however, many offsetting factors such as the expense and length of the continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For instance, as discussed above, U.S. Lead Plaintiff alleged that Defendants made material omissions and misleading statements about: (i) ReconAfrica's lack of regulatory approval to use hydraulic fracturing to extract oil and gas in Namibia; (ii) ReconAfrica's intent to use hydraulic fracturing to extract oil and gas in Namibia; and (iii) the results of ReconAfrica's test wells in Namibia.  Defendants argued, and would likely continue to argue that Namibia's regulatory approvals for oil and gas exploration were public information and therefore already known to investors, that their statements concerning whether ReconAfrica employed fracking were accurate because it was merely in the exploration stage, and that Defendants had accurately disclosed the results of their initial test wells.

33.     More broadly, for U.S. Lead Plaintiff to prevail at trial, he would have to *prove* each of the following elements: (i) falsity (*i.e.*, that the Defendants made false statements); (ii) materiality (that the Defendants made false statements about a *material* fact); (iii) scienter (that there was a strong, or cogent inference that the Defendants made such materially false statements on purpose, or recklessly); (iv) loss causation (that the Defendants' materially false statements proximately caused the decline in ReconAfrica's stock price); and (v) damages. Defendants need only negate one element for U.S. Lead Plaintiff and the class to lose. Each element had its respective risks, including the risks to establishing falsity as discussed above.

34.     In addition to proving liability and damages, U.S. Lead Plaintiff would have to show that the U.S. Action was entitled to proceed as a class action.  While U.S. Lead Counsel believes that class certification in the U.S. Action is warranted, Defendants likely would have contested this issue as well.  Even if the hurdles to establishing liability and class certification were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Defendants argued, and would likely continue to argue, that U.S. Lead Plaintiff could not show that investors' losses were caused by the revelation of any previously concealed information, as opposed to other factors.

35.     In addition, even if, years in the future, U.S. Lead Plaintiff prevailed through trial and appeals to obtain a judgment against Defendants, his ability to collect on that judgment would not be certain.  ReconAfrica is a startup company in the risky industry of oil and gas exploration, and

there is no guarantee that it would have sufficient funds to pay a judgment years in the future. Similarly, there is no guarantee that the Individual Defendants, many of whom reside outside of the United States, would have sufficient funds to pay a substantial judgment. While ReconAfrica has insurance policies that may contribute to payment of a judgment, the amounts available under those policies were being continually reduced by Defendants' expenses from the ongoing litigation of the Actions.

36.   Simply put, if the litigation were to continue, U.S. Lead Plaintiff would need to prevail on multiple elements, and at several stages—motions for class certification, summary judgment, and trial—in order to recovery anything. And if he prevailed at all those stages, he would likely face appeals. Thus, there were very significant risks attendant to the continued prosecution of the U.S. Action, and even if U.S. Lead Plaintiff prevailed, it would be several years in the future, and there would still be uncertainty as to whether any judgment could be fully collected from Defendants.

37.   In light of these risks and other considerations, the amount of the U.S. Settlement and the immediacy of recovery to the U.S. Settlement Class, U.S. Lead Plaintiff and U.S. Lead Counsel believe that the proposed U.S. Settlement is fair, reasonable and adequate, and in the best interests of the U.S. Settlement Class. U.S. Lead Plaintiff and U.S. Lead Counsel believe that the U.S. Settlement provides a substantial benefit to the U.S. Settlement Class, namely $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash (less the various deductions described in this U.S. Notice), as compared to the risk that the claims in the U.S. Action would produce a smaller, or no recovery after class certification, summary judgment, trial and appeals, possibly years in the future.

38.   The Defendants have denied the claims asserted against them in the U.S. Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Defendants have agreed to the U.S. Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the U.S. Settlement may not be construed as an admission of any wrongdoing by Defendants.

| |
|---|
| **WHAT MIGHT HAPPEN IF THERE WERE NO U.S. SETTLEMENT?** |

39.   If there were no U.S. Settlement and U.S. Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither U.S. Lead Plaintiff, nor the other members of the U.S. Settlement Class, would recover anything from Defendants. Also, if Defendants managed to prove any of their defenses, either at summary judgment, at trial or on appeal, the U.S. Settlement Class could recover substantially less than that provided by the U.S. Settlement, or perhaps nothing at all.

| |
|---|
| **HOW ARE U.S. SETTLEMENT CLASS MEMBERS AFFECTED**<br>**BY THE U.S. ACTION AND THE U.S. SETTLEMENT?** |

40.   As a U.S. Settlement Class Member, you are represented by U.S. Lead Plaintiff and U.S. Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The U.S. Court Decide Whether To Approve The U.S. Settlement?," on page __ below.

41.   If you are a U.S. Settlement Class Member and do not wish to remain a U.S. Settlement Class Member, you may exclude yourself from the U.S. Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The U.S. Settlement Class?  How Do I Exclude Myself?," on page __ below.

42.   If you are a U.S. Settlement Class Member and you wish to object to the U.S. Settlement, the U.S. Plan of Allocation, or U.S. Lead Counsel's application for attorneys' fees and reimbursement of U.S. Litigation Expenses, and if you do not exclude yourself from the U.S. Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The U.S. Court Decide Whether To Approve The U.S. Settlement?," below.

43.   If you are a U.S. Settlement Class Member and you do not exclude yourself from the U.S. Settlement Class, you will be bound by any orders issued by the U.S. Court.  If the U.S. Settlement is approved, the U.S. Court will enter a judgment (the "U.S. Judgment").  The U.S. Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the U.S. Settlement, U.S. Lead Plaintiff and each of the other U.S. Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims (as defined in ¶44 below) on behalf of the respective U.S. Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released U.S. Plaintiff's Claim against the Defendants and the other Released Defendant Parties (as defined in ¶45  below), and shall forever be barred and enjoined from prosecuting any or all of the Released U.S. Plaintiff's Claims against any of the Released Defendant Parties.

44.   "Released U.S. Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that U.S. Lead Plaintiff or any other member of the U.S. Settlement Class: (i) asserted in the U.S. Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the U.S. Complaint and that relate to the purchase and/or acquisition of publicly traded ReconAfrica Securities during the U.S. Settlement Class Period. Released U.S. Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Canadian Action that are separately released pursuant to this Stipulation; or (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the U.S. Court.

45.   "Released Defendant Parties" means: (i) any Defendant in the Actions; (ii) the Immediate Family of the Individual Defendants in the U.S. Action; (iii) direct or indirect parent entities, subsidiaries, related entities, and affiliates of ReconAfrica;  (iv) any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or his or her immediate family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (v) any entity in which a Defendant has a controlling interest;

all in their capacities as such.

46.    "Unknown Claims" means any Released U.S. Plaintiff's Claims which U.S. Lead Plaintiff, any other U.S. Settlement Class Member, or any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims on behalf of any U.S. Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, U.S. Lead Plaintiff and Defendants shall expressly waive, and each of the other U.S. Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

U.S. Lead Plaintiff and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

47.    The Judgment will also provide that, upon the Effective Date of the U.S. Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶48 below) on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against U.S. Lead Plaintiff and the other Released Plaintiff Parties (as defined in ¶49 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

48.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, provincial, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Actions against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the U.S. Settlement Class that is accepted by the Court.

49.    "Released Plaintiff Parties" means: (i) the Canadian Plaintiff in the Canadian Action; (ii) the U.S. Lead Plaintiff and all U.S. Settlement Class members, and (iii) each of their respective counsel, attorneys, family members, partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors,

employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

## HOW DO I PARTICIPATE IN THE U.S. SETTLEMENT?  WHAT DO I NEED TO DO?

50.    To be eligible for a payment from the proceeds of the U.S. Settlement, you must be a member of the U.S. Settlement Class and you must timely complete and return the U.S. Claim Form with adequate supporting documentation **online or postmarked no later than _____, 2024**.  A U.S. Claim Form is available on the website maintained by the U.S. Claims Administrator for the U.S. Settlement, www.ReconAfricaUSSecuritiesSettlement.com, or you may request that a U.S. Claim Form be mailed to you by calling the U.S. Claims Administrator toll free at 1-888-285-0673.  Please retain all records of your ownership of and transactions in ReconAfrica Securities, as they may be needed to document your U.S. Claim.  If you request exclusion from the U.S. Settlement Class or do not submit a timely and valid U.S. Claim Form, you will not be eligible to share in the U.S. Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

51.    At this time, it is not possible to make any determination as to how much any individual U.S. Settlement Class Member may receive from the U.S. Settlement.

52.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid $9,425,000 Canadian dollars (subject to certain exchange rate adjustments) in cash.  The U.S. Settlement Amount will be deposited into an escrow account.  The U.S. Settlement Amount plus any interest earned thereon is referred to as the "U.S. Settlement Fund."  If the U.S. Settlement is approved by the U.S. Court and the Effective Date occurs, the "U.S. Net Settlement Fund" (that is, the U.S. Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the U.S. Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the U.S. Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to U.S. Settlement Class Members and administering the U.S. Settlement on behalf of U.S. Settlement Class Members; and (c) any attorneys' fees and U.S. Litigation Expenses awarded by the U.S. Court) will be distributed to U.S. Settlement Class Members who submit valid U.S. Claim Forms, in accordance with the proposed U.S. Plan of Allocation or such other plan of allocation as the U.S. Court may approve.

53.    The U.S. Net Settlement Fund will not be distributed unless and until the U.S. Court has approved the U.S. Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

54.    Neither Defendants nor any other person or entity that paid any portion of the U.S. Settlement Amount on their behalf are entitled to get back any portion of the U.S. Settlement Fund once the U.S. Court's order or judgment approving the U.S. Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the U.S. Settlement, the disbursement of the U.S. Net Settlement Fund or the plan of allocation.

55.    Approval of the U.S. Settlement is independent from approval of a plan of allocation.  Any

determination with respect to a plan of allocation will not affect the U.S. Settlement, if approved.

56.    Unless the U.S. Court otherwise orders, any U.S. Settlement Class Member who fails to submit a U.S. Claim Form online or postmarked on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the U.S. Settlement but will in all other respects remain a U.S. Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any U.S. Judgment entered and the releases given.

57.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in ReconAfrica Securities held through the ERISA Plan in any U.S. Claim Form that they may submit in this U.S. Action. They should include ONLY those shares that they purchased or acquired outside the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of ReconAfrica Securities during the U.S. Settlement Class Period may be made by the plan's trustees. If any of the Defendants or any of the other persons or entities excluded from the U.S. Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

58.    The U.S. Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the U.S. Claim of any U.S. Settlement Class Member.

59.    Each U.S. Claimant shall be deemed to have submitted to the jurisdiction of the U.S. Court with respect to his, her or its U.S. Claim Form.

60.    Only U.S. Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired ReconAfrica Securities on the U.S. OTC market during the U.S. Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the U.S. Net Settlement Fund. Persons and entities that are excluded from the U.S. Settlement Class by definition or that exclude themselves from the U.S. Settlement Class pursuant to request will not be eligible to receive a distribution from the U.S. Net Settlement Fund and should not submit U.S. Claim Forms. ReconAfrica Securities publicly traded on the U.S. OTC market are the only securities included in the U.S. Settlement.

## PROPOSED U.S. PLAN OF ALLOCATION

61.    The objective of the U.S. Plan of Allocation is to equitably distribute the U.S. Settlement proceeds to those U.S. Settlement Class members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the U.S. Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that U.S. Settlement Class members might have been able to recover after a trial. Nor are the calculations pursuant to the U.S. Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized U.S. Claimants pursuant to the U.S. Settlement. The computations under the U.S. Plan of Allocation are only a method to weigh the claims of Authorized U.S. Claimants against one another for the purposes of making *pro rata* allocations of the U.S. Net Settlement Fund.

62.    The U.S. Plan of Allocation generally measures the amount of loss that a U.S. Settlement Class member can claim for purposes of making *pro rata* allocations of the cash in the U.S. Net Settlement Fund to Authorized U.S. Claimants. The U.S. Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period which plaintiff alleges corrective information was entering the marketplace. In the U.S. Action, U.S. Lead Plaintiff alleges that Defendants made false statements and omitted

material facts during the U.S. Settlement Class Period (*i.e.*, February 28, 2019 through September 7, 2021, inclusive) which had the effect of artificially inflating the price of ReconAfrica Securities.[3] The estimated alleged artificial inflation in the price of publicly traded common stock of ReconAfrica, or its predecessor Lund, on the U.S. OTC market under the ticker symbols "RECAF," "LGDOD" and/or "LGDOF" ("ReconAfrica U.S. Stock") during the U.S. Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of ReconAfrica U.S. Stock during the U.S. Settlement Class Period is based on certain misrepresentations alleged by U.S. Lead Plaintiff and the price change in the security, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by U.S. Lead Plaintiff.

63.     In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of ReconAfrica U.S. Stock. In the U.S. Action, U.S. Lead Plaintiff alleges that corrective disclosures removed the artificial inflation from the price of ReconAfrica U.S. Stock on the following dates: June 24, 2021; June 25, 2021; July 14, 2021; July 15, 2021; August 5, 2021; August 6, 2021; August 9, 2021; August 16, 2021; August 17, 2021; and September 7, 2021 (the "Corrective Disclosure Dates"). Accordingly, in order to have a Recognized Loss Amount, ReconAfrica U.S. Stock must have been purchased or acquired during the U.S. Settlement Class Period and held through at least one of the Corrective Disclosure Dates.

64.   To the extent a U.S. Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 Artificial Inflation in ReconAfrica U.S. Stock* | | |
|---|---|---|
| **From** | **To** | **Per-Security Price Inflation** |
| February 28, 2019 | June 23, 2021 | $7.57 |
| June 24, 2021 | June 24, 2021 | $7.33 |
| June 25, 2021 | July 13, 2021 | $5.38 |
| July 14, 2021 | July 14, 2021 | $4.96 |
| July 15, 2021 | August 4, 2021 | $4.32 |
| August 5, 2021 | August 5, 2021 | $3.18 |
| August 6, 2021 | August 8, 2021 | $2.76 |
| August 9, 2021 | August 15, 2021 | $1.75 |
| August 16, 2021 | August 16, 2021 | $1.08 |
| August 17, 2021 | September 3, 2021 | $0.66 |
| September 7, 2021 | Thereafter | $0.00 |

* For each day during the U.S. Settlement Class Period, the artificial inflation in ReconAfrica U.S. Stock shall be limited to that day's closing price.

65.   The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for ReconAfrica U.S. Stock. The limitations on the calculation of the Recognized Loss Amount imposed by the

---

[3] On September 6, 2019, the Company completed a 2-for-1 reverse split of its common stock. Herein, references to ReconAfrica Security prices and quantities have been adjusted for this split.

PSLRA are applied such that losses on ReconAfrica U.S. Stock purchased during the U.S. Settlement Class Period and held as of the close of the 90-day period subsequent to the U.S. Settlement Class Period (the "90-Day Lookback Period"[4]) cannot exceed the difference between the purchase price paid for such security and its average closing price during the 90-Day Lookback Period. The Recognized Loss Amount on ReconAfrica U.S. Stock purchased during the U.S. Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such security and its rolling average closing price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

66. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in ReconAfrica U.S. Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

67. Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of ReconAfrica U.S. Stock during the U.S. Settlement Class Period (*i.e.*, February 28, 2019 through September 7, 2021, inclusive) that is listed in the U.S. Claim Form and for which adequate documentation is provided.

  I. For each share of ReconAfrica U.S. Stock that was purchased during the period from February 28, 2019 through September 7, 2021, inclusive:

  a. that was sold prior to June 24, 2021, the Recognized Loss Amount is $0.00.

  b. that was subsequently sold during the period June 24, 2021 through September 3, 2021,[5] inclusive, the Recognized Loss Amount is *the lesser of*:

  i. the amount of per-security price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-security price inflation on the date of sale as appears in Table 1 above; or

  ii. the purchase price *minus* the sale price.

  c. that was subsequently sold during the period September 7, 2021 through December 6, 2021, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the lesser of*:

  i. the amount of per-security price inflation on the date of purchase as appears in Table 1; or

  ii. the purchase price *minus* the sale price; or

---

[4] The 90-Day Lookback Period is from September 7, 2021 through December 6, 2021, both dates inclusive.

[5] Friday, September 3, 2021 is the last trading day before the final Corrective Disclosure Date, which is Tuesday, September 7, 2021.

    iii.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

   d.  that was still held as of the close of trading on December 6, 2021, the Recognized Loss Amount is *the lesser of*:

    i.    the amount of per-security price inflation on the date of purchase as appears in Table 1; or

    ii.   the purchase price *minus* the average closing price for ReconAfrica U.S. Stock during the 90-Day Lookback Period, which is $4.93.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 9/7/2021 | $4.65 | 10/7/2021 | $5.08 | 11/8/2021 | $4.89 |
| 9/8/2021 | $4.78 | 10/8/2021 | $5.08 | 11/9/2021 | $4.90 |
| 9/9/2021 | $4.78 | 10/11/2021 | $5.09 | 11/10/2021 | $4.91 |
| 9/10/2021 | $4.82 | 10/12/2021 | $5.08 | 11/11/2021 | $4.92 |
| 9/13/2021 | $4.95 | 10/13/2021 | $5.08 | 11/12/2021 | $4.93 |
| 9/14/2021 | $5.09 | 10/14/2021 | $5.08 | 11/15/2021 | $4.93 |
| 9/15/2021 | $5.19 | 10/15/2021 | $5.08 | 11/16/2021 | $4.93 |
| 9/16/2021 | $5.23 | 10/18/2021 | $5.08 | 11/17/2021 | $4.94 |
| 9/17/2021 | $5.25 | 10/19/2021 | $5.07 | 11/18/2021 | $4.94 |
| 9/20/2021 | $5.22 | 10/20/2021 | $5.07 | 11/19/2021 | $4.94 |
| 9/21/2021 | $5.21 | 10/21/2021 | $5.06 | 11/22/2021 | $4.94 |
| 9/22/2021 | $5.20 | 10/22/2021 | $5.05 | 11/23/2021 | $4.95 |
| 9/23/2021 | $5.18 | 10/25/2021 | $5.04 | 11/24/2021 | $4.95 |
| 9/24/2021 | $5.17 | 10/26/2021 | $5.01 | 11/26/2021 | $4.95 |
| 9/27/2021 | $5.16 | 10/27/2021 | $4.98 | 11/29/2021 | $4.95 |
| 9/28/2021 | $5.15 | 10/28/2021 | $4.96 | 11/30/2021 | $4.95 |
| 9/29/2021 | $5.14 | 10/29/2021 | $4.93 | 12/1/2021 | $4.94 |
| 9/30/2021 | $5.13 | 11/1/2021 | $4.90 | 12/2/2021 | $4.94 |
| 10/1/2021 | $5.11 | 11/2/2021 | $4.88 | 12/3/2021 | $4.93 |
| 10/4/2021 | $5.10 | 11/3/2021 | $4.87 | 12/6/2021 | $4.93 |
| 10/5/2021 | $5.08 | 11/4/2021 | $4.86 | | |
| 10/6/2021 | $5.06 | 11/5/2021 | $4.87 | | |

## **ADDITIONAL PROVISIONS**

68.    The U.S. Net Settlement Fund will be allocated among all Authorized U.S. Claimants whose Distribution Amount (defined in paragraph 76 below) is $10.00 or greater.

69.    **FIFO Matching:** If a U.S. Settlement Class member has more than one purchase/acquisition or sale of ReconAfrica U.S. Stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  U.S. Settlement Class Period sales will be matched first against any holdings at the beginning of the U.S. Settlement Class Period, and then

against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the U.S. Settlement Class Period.

70. **Calculation of U.S. Claimant's "Recognized Claim":** A U.S. Claimant's "Recognized Claim" under the U.S. Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all ReconAfrica U.S. Stock.

71. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of ReconAfrica U.S. Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of ReconAfrica U.S. Stock during the U.S. Settlement Class Period shall not be deemed a purchase, acquisition or sale of ReconAfrica U.S. Stock for the calculation of an Authorized U.S. Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any ReconAfrica U.S. Stock unless (i) the donor or decedent purchased or otherwise acquired such ReconAfrica U.S. Stock during the U.S. Settlement Class Period; (ii) no U.S. Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such ReconAfrica U.S. Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

72. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of ReconAfrica U.S. Stock. The date of a "short sale" is deemed to be the date of sale of ReconAfrica U.S. Stock. Under the U.S. Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a U.S. Claimant has an opening short position in ReconAfrica U.S. Stock, the earliest U.S. Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

73. **Options Contracts:** Option contracts are not securities eligible to participate in the U.S. Settlement. With respect to ReconAfrica U.S. Stock purchased through the exercise of an option, the purchase date of the security shall be the exercise date of the option, and the purchase price of the security shall be the closing price of ReconAfrica U.S. Stock on the date of exercise. Any Recognized Loss Amount arising from purchases of ReconAfrica U.S. Stock acquired during the U.S. Settlement Class Period through the exercise of an option on ReconAfrica U.S. Stock shall be computed as provided for other purchases of ReconAfrica U.S. Stock in the U.S. Plan of Allocation.

74. **Market Gains and Losses:** To the extent a U.S. Claimant had a market gain with respect to his, her, or its overall transactions in ReconAfrica U.S. Stock during the U.S. Settlement Class Period, the value of the U.S. Claimant's Recognized Claim shall be zero. To the extent that a U.S. Claimant suffered an overall market loss with respect to his, her, or its overall transactions in ReconAfrica U.S. Stock during the U.S. Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the U.S. Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

75. For purposes of determining whether a U.S. Claimant had a market gain with respect to his, her, or its overall transactions in ReconAfrica U.S. Stock during the U.S. Settlement Class Period or suffered a market loss, the U.S. Claims Administrator shall determine the difference

between (i) the Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and the Holding Value.[8]  If the U.S. Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the U.S. Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the U.S. Claimant's market gain on such securities.

76.    **Determination of Distribution Amount:**   The U.S. Net Settlement Fund will be distributed to Authorized U.S. Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized U.S. Claimant, which shall be the Authorized U.S. Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized U.S. Claimants, multiplied by the total amount in the U.S. Net Settlement Fund.  If any Authorized U.S. Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized U.S. Claimant.

77.    After the initial distribution of the U.S. Net Settlement Fund, the U.S. Claims Administrator shall make reasonable and diligent efforts to have Authorized U.S. Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if U.S. Lead Counsel, in consultation with the U.S. Claims Administrator, determines that it is cost-effective to do so, the U.S. Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the U.S. Settlement, including for such re-distribution, to Authorized U.S. Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized U.S. Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if U.S. Lead Counsel, in consultation with the U.S. Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the U.S. Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by U.S. Lead Counsel and approved by the Court.

---

[6] The "Total Purchase Amount" is the total amount the U.S. Claimant paid (excluding commissions and other charges) for all ReconAfrica U.S. Stock purchased or acquired during the U.S. Settlement Class Period.

[7] The U.S. Claims Administrator shall match any sales of ReconAfrica U.S. Stock during the U.S. Settlement Class Period, first against the U.S. Claimant's opening position in ReconAfrica U.S. Stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of ReconAfrica U.S. Stock sold during the U.S. Settlement Class Period shall be the "Total Sales Proceeds."

[8] The U.S. Claims Administrator shall ascribe a "Holding Value" to ReconAfrica U.S. Stock purchased or acquired during the U.S. Settlement Class Period and still held as of the close of trading on September 7, 2021, which shall be $4.65 (*i.e.*, the closing price of the security that day).  The total calculated holding values for all ReconAfrica U.S. Stock shall be the U.S. Claimant's "Total Holding Value."

78.   Payment pursuant to the U.S. Plan of Allocation, or such other plan of allocation as may be approved by the U.S. Court, shall be conclusive against all Authorized U.S. Claimants.  No person shall have any claim against U.S. Lead Plaintiff, U.S. Plaintiff's Counsel, U.S. Lead Plaintiff's consulting damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the U.S. Claims Administrator or other agent designated by U.S. Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the U.S. Court, or further Orders of the U.S. Court.  U.S. Lead Plaintiff, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the U.S. Settlement Fund, the U.S. Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any U.S. Claim Form or nonperformance of the U.S. Claims Administrator, the payment or withholding of taxes owed by the U.S. Settlement Fund, or any losses incurred in connection therewith.

79.   The U.S. Plan of Allocation set forth herein is the plan that is being proposed to the U.S. Court for its approval by U.S. Lead Plaintiff after consultation with his damages expert.  The U.S. Court may approve this plan as proposed or it may modify the U.S. Plan of Allocation without further notice to the U.S. Settlement Class.  Any Orders regarding any modification of the U.S. Plan of Allocation will be posted on the settlement website, www.ReconAfricaUSSecuritiesSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE U.S. SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

80.   U.S. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the U.S. Settlement Class, nor have U.S. Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the U.S. Settlement, U.S. Lead Counsel will apply to the U.S. Court for an award of attorneys' fees for all U.S. Plaintiffs' Counsel in an amount not to exceed 33⅓% of the U.S. Settlement Fund.  At the same time, U.S. Lead Counsel also intends to apply for reimbursement of U.S. Litigation Expenses in an amount not to exceed $143,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by U.S. Lead Plaintiff directly related to his representation of the U.S. Settlement Class in an amount not to exceed $12,000.  The U.S. Court will determine the amount of any award of attorneys' fees or reimbursement of U.S. Litigation Expenses.  Such sums as may be approved by the U.S. Court will be paid from the U.S. Settlement Fund.  U.S. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE U.S. SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

81.   Each U.S. Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the U.S. Settlement Class, addressed to *In Re Reconnaissance Energy Africa Ltd. Securities Litigation,* EXCLUSIONS, c/o Epiq, P.O. Box 6929, Portland, OR 97228-6929.  The exclusion request must be *received* no later than _____, 2024.  You will not be able to exclude yourself from the U.S. Settlement Class after that date.  Each Request

for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity " requests exclusion from the Settlement Class in *In re Reconnaissance Energy Africa Ltd. Securities Litigation*, No. 1:21-cv-06176-NRM-RML"; (c) state the number of shares of ReconAfrica Securities that the person or entity requesting exclusion purchased/acquired and/or sold on the U.S. OTC market during the U.S. Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the U.S. Court.

82.   If you do not want to be part of the U.S. Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released U.S. Plaintiff's Claim against any of the Released Defendant Parties.

83.   If you ask to be excluded from the U.S. Settlement Class, you will not be eligible to receive any payment out of the U.S. Net Settlement Fund.

84.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the U.S. Settlement Class and/or the Canadian Settlement Class in an amount that exceeds an amount agreed to by U.S. Lead Plaintiff, Canadian Plaintiff, and Defendants.

---

**WHEN AND WHERE WILL THE U.S. COURT DECIDE WHETHER TO APPROVE THE U.S. SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE U.S. SETTLEMENT?**

---

85.   **U.S. Settlement Class Members do not need to attend the U.S. Settlement Hearing. The U.S. Court will consider any submission made in accordance with the provisions below even if a U.S. Settlement Class Member does not attend the hearing.  You can participate in the U.S. Settlement without attending the U.S. Settlement Hearing**.

86.   The U.S. Settlement Hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Nina R. Morrison, in Courtroom 6E North, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  The U.S. Court reserves the right to approve the U.S. Settlement, the U.S. Plan of Allocation, U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses and/or any other matter related to the U.S. Settlement at or after the U.S. Settlement Hearing without further notice to the members of the U.S. Settlement Class.

87.   Any U.S. Settlement Class Member who or which does not request exclusion may object to the U.S. Settlement, the proposed U.S. Plan of Allocation or U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before _____, 2024.  You must also serve the papers on U.S. Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received*** **on or before _____, 2024.**

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Glancy Prongay & Murray LLP** | **Neal Gerber Eisenberg LLP** |
| Eastern District of New York | Garth Spencer, Esq. | Karl Barnickol, Esq. |
| Clerk of the Court | 1925 Century Park East | Two North LaSalle Street |
| United States Courthouse | Suite 2100 | Suite 1700 |
| 225 Cadman Plaza East | Los Angeles, CA 90067 | Chicago, Illinois 60602 |
| Brooklyn, NY 11201 | | |

88.   Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the U.S. Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the U.S. Settlement Class Member wishes to bring to the U.S. Court's attention; and (c) must include documents sufficient to prove membership in the U.S. Settlement Class, including the number of shares of publicly traded ReconAfrica Securities that the objecting U.S. Settlement Class Member purchased/acquired and/or sold on the U.S. OTC market during the U.S. Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the U.S. Settlement, the U.S. Plan of Allocation or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of U.S. Litigation Expenses if you exclude yourself from the U.S. Settlement Class or if you are not a member of the U.S. Settlement Class.

89.   You may file a written objection without having to appear at the U.S. Settlement Hearing. You may not, however, appear at the U.S. Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the U.S. Court orders otherwise.

90.   If you wish to be heard orally at the hearing in opposition to the approval of the U.S. Settlement, the U.S. Plan of Allocation or U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on U.S. Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2024**.  Persons who intend to object and desire to present evidence at the U.S. Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the U.S. Court.

91.   You are not required to hire an attorney to represent you in making written objections or in appearing at the U.S. Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the U.S. Court and serve it on U.S. Lead Counsel and Defendants' Counsel at the addresses set forth in ¶87 above so that the notice is *received* **on or _____, 2024.**

92.   The U.S. Settlement Hearing may be adjourned by the U.S. Court without further written notice to the U.S. Settlement Class.  If you intend to attend the U.S. Settlement Hearing, you should confirm the date and time with U.S. Lead Counsel.

23

93.   **Unless the U.S. Court orders otherwise, any U.S. Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed U.S. Settlement, the proposed U.S. Plan of Allocation or U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses.  U.S. Settlement Class Members do not need to appear at the U.S. Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

94.   If you purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market between February 28, 2019 and September 7, 2021, inclusive, for the beneficial interest of persons or entities other than yourself, you must either: (a) within seven (7) calendar days of receipt of the U.S. Postcard Notice, request from the U.S. Claims Administrator sufficient copies of the U.S. Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those U.S. Postcard Notices forward them to all such beneficial owners; (b) request from the U.S. Claims Administrator a link to the U.S. Notice and U.S. Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the U.S. Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *In Re Reconnaissance Energy Africa Ltd. Securities Litigation*, c/o Epiq, P.O. Box 6929, Portland, OR 97228-6929.  If you choose the third option, the U.S. Claims Administrator will send a copy of the U.S. Postcard Notice to the beneficial owners.  Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the U.S. Claims Administrator; up to $0.03 per U.S. Postcard Notice actually mailed, plus postage at the rate used by U.S. Claims Administrator; or up to $0.03 per link to the U.S. Notice and U.S. Claim Form transmitted by email, by providing the U.S. Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF.  POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**

## CAN I SEE THE U.S. COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

95.   This U.S. Notice contains only a summary of the terms of the proposed U.S. Settlement. For more detailed information about the matters involved in this U.S. Action, you are referred to the papers on file in the U.S. Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201. Additionally, copies of the Stipulation and any related orders entered by the U.S. Court will be posted on the website maintained by the U.S. Claims Administrator, www.ReconAfricaUSSecuritiesSettlement.com.

All inquiries concerning this U.S. Notice and the U.S. Claim Form should be directed to the U.S. Claims Administrator or U.S. Lead Counsel at:

*In re Reconnaissance Energy Africa Ltd.*          and/or          Garth Spencer, Esq.

*Securities Litigation*
c/o Epiq
P.O. Box 6929
Portland, OR 97228-6929
888-285-0673
www.ReconAfricaUSSecuritiesSettlement.com

Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
settlements@glancylaw.com

**DO NOT CALL OR WRITE THE U.S. COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024

By Order of the Court
United States District Court
Eastern District of New York