# EXHIBIT 8



SUPREME COURT OF BRITISH COLUMBIA VANCOUVER REGISTRY

JUN 2 0 2024

ENTERED

No.: VLC-S-S-233808
Vancouver Registry

## IN THE SUPREME COURT OF BRITISH COLUMBIA

BETWEEN:

### CATHERINE BOWLES

Plaintiff

– and –

### RECONNAISSANCE ENERGY AFRICA LTD.

Defendant

Proceeding pursuant to the *Class Proceedings Act,* RSBC 1996, c. 50

## ORDER MADE AFTER APPLICATION

### (Settlement Approval)

| BEFORE THE HONOURABLE JUSTICE | ) | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | June 20, 2024 |
| | ) | |
| FRANCIS | | |

**ON THE APPLICATION** of the Plaintiff, Catherine Bowles ("**Plaintiff**"), coming for a hearing at 800 Smithe Street, Vancouver, British Columbia, on June 20,, 2024, AND ON HEARING Vincent W. DeMarco, counsel for the Plaintiff Catherine Bowles, ("**Canadian Class Counsel**") Lara Jackson and Danielle DiPardo, counsel for the Defendant, Reconnaissance Energy Africa Ltd. ("**ReconAfrica**"); AND UPON READING the Notice of Application filed on June 7, 2024 the Affidavit #2 of Andrew Morganti sworn April 22, 2024, Affidavit #3 of Andrew Morganti sworn June 7, 2024, Catherine Bowles, sworn June 7, 2024, the Application Response of the Defendant ReconAfrica dated June 10, 2024; AND UPON BEING ADVISED that (1) the parties have entered into a Settlement Agreement, as defined below, subject to court approval, a copy of

LEGAL*61944866.1

which is attached as **Schedule 1** (with attachments) to this Order; (2) Canadian Class Counsel consents to being appointed Canadian Claims Administrator (both as defined in the Settlement Agreement); (3) Clarence Lui consents to being appointed Referee (as defined below) and (4) No objections or opt-outs having been received as of the deadline for objections and opt-outs to the proposed settlement of May 27, 2024 set forth in paragraph 10 of the Order of Justice Groves made on March 26, 2024; AND ON BEING ADVISED THAT all parties consent to this Order without any admission of liability on the part of the ReconAfrica who denies liability;

**THIS COURT ORDERS AND DECLARES** that

1.      For the purposes of this Order, the definitions in the Settlement Agreement apply to and are incorporated into this Order and that the following definitions also apply:

(a)    "Canadian Claims Bar Deadline" means 5:00 p.m. eastern time 120-days upon the publication of the Notice of the Canadian Settlement Approval and the Canadian Second Notice generally in the form attach as **Schedule 2** to this Order);

(b)    "Canadian Class Counsel" means Berger Montague (Canada) PC;

(c)    "Canadian Escrow Account" means an account maintained at Royal Bank of Canada, wherein the Canadian Settlement Amount shall be deposited and held in escrow under the control of Canadian Class Counsel;

(d)    "Effective Date" means the date defined in paragraph 49 of the Settlement Agreement;

(e)    "Plan of Notice" means the procedure set out at paragraph 11 below;

(f)    "Referee" means Clarence Lui and/or a licensee from Clarence Lui's law firm of Zarek Taylor Grossman Hanrahan LLP;

(g)    "Settlement Agreement" means the Global Stipulation and Agreement of Settlement dated February 27, 2024.

2. The Canadian Settlement is fair and reasonable and in the best interests of the Plaintiff and Canadian Settlement Class Members and is approved pursuant to section 35 of the *Class Proceedings Act,* RSBC 1996, c. 50 (the "***CPA***").

3. In the event of a conflict between this Order and the Settlement Agreement, this Order shall prevail.

4. All provisions of the Settlement Agreement (including the Recitals and Definitions contained therein) form part of this Order and are binding upon ReconAfrica, the Plaintiff and all Canadian Settlement Class Members, including persons that are minors or mentally incapable, in accordance with the terms thereof, and that compliance with the requirements of Rule 20-2 of the *Supreme Court Civil Rules,* is hereby waived.

5. The following is approved by this Court:

    (a) the Settlement Agreement, without schedules, attached as **Schedule 1** to this Order, and shall be implemented in accordance with its terms;

    (b) the Canadian Second Notice, generally in the form attached as **Schedule 2** to this Order;

    (c) the Canadian Plan of Allocation, generally in the form attached as **Schedule 3** to this Order; and,

    (d) the Canadian Claim Form, generally in the form attached as **Schedule 4** to this Order.

6. All persons and entities provided with notice of this application shall be bound by the declarations made in, and the terms of the Settlement Agreement and Canadian Plan of Allocation.

7.     Canadian Class Counsel is appointed as the Canadian Claims Administrator, until further order of the court, on the terms and conditions and with the powers, duties and responsibilities set out in the Settlement Agreement and Canadian Plan of Allocation.

8.     The Canadian Claims Administrator shall be paid from the Canadian Escrow Account a fee in an amount to be approved by the court.

9.     The Canadian Claim Administrator may implement a procedure permitting brokers to make claims on behalf of their clients if they are authorized to do so.

10.    Clarence Lui and/or a licensee from Clarence Lui's law firm of Zarek Taylor Grossman Hanrahan LLP is appointed as Referee, until further order of the court, on the terms and conditions and with the powers, duties and responsibilities set out in the Settlement Agreement and Canadian Plan of Allocation.

11.    The Canadian Settlement Class Members shall be given notice of the approval of the Settlement Agreement, the Canadian Plan of Allocation, and the Canadian Claims Bar Deadline substantially in the form of the Canadian Second Notice published and disseminated in accordance with the below Canadian Plan of Notice within ten (10) days of this Order as follows:

    (a)    Canadian Class Counsel disseminating a press release through Canadian Newsire in English, generally in the form attached as **Schedule 2** to this Order, as well as a French translation thereof;

    (b)    Canadian Class Counsel disseminating a German translation of the press release through a German business newswire service;

    (c)    Canadian Class Counsel purchasing a paid advertisement through CISION Media to have the English press release sent to the online forums CEO.ca and Stockhouse.com and generally to ReconAfrica's boards or chat rooms;

(d) Canadian Class Counsel emailing the English and French press releases contemplated in paragraph 11(a) above, to anyone who registered with Canadian Class Counsel to receive updates on the status of the Canadian Action, to the extent that Canadian Class Counsel has their email address information;

(e) Canadian Class Counsel posting the Canadian Second Notice (as well as a French translation thereof) on its website at https://bergermontague.ca/cases/reconnaissance-energy-africa-ltd/; and

(f) Canadian Class Counsel enabling its website for multilingual Google translation.

12. The Canadian Plan of Notice described in paragraph 11 shall constitute good and sufficient service upon Canadian Settlement Class Members of notice of this Order and approval of the Canadian Settlement.

13. The payment of a $5,000 honorarium to the representative plaintiff, Catherine Bowles, from the Canadian Net Settlement Fund.

14. The notice to Canadian Settlement Class Members described in paragraph 11 satisfies the requirements of section 19 of the *CPA*.

15. Forthwith after publication and distribution of the Canadian Second Notice in accordance with the Canadian Plan of Notice, Canadian Class Counsel shall file with the court an affidavit confirming its compliance with its obligations concerning the publication and distribution of the Canadian Second Notice as required by the Canadian Plan of Notice.

16. This Order is binding upon each Canadian Settlement Class Member, including those persons who are minors or mentally incapable, and the requirements of Rule 20-2 of the *Supreme Court Civil Rules* are dispensed with.

17. Upon the Effective Date, the Canadian Plaintiff and each and every other Canadian Settlement Class Member shall release and discharge, and shall be conclusively deemed to have fully, finally and forever released and discharged the Released Defendant Parties from the Released Canadian Plaintiff Claims.

18. The Canadian Plaintiff and each and every other Canadian Settlement Class Member shall not now or hereafter institute, continue, maintain or assert, either directly or indirectly, whether in Canada or elsewhere, on their own behalf or on behalf of any class or any other person (including on behalf of any person or entity who or which opts out of the Canadian Settlement Class pursuant to section 16(1) of the *CPA*), any action, suit, cause of action, claim or demand against any Released Defendant Parties or any other person (including but not limited to the auditors) who may claim contribution or indemnity from any Released Defendant Parties in respect of any Released Canadian Plaintiff's Claim or any matter related thereto.

19. To participate in this Canadian Settlement, a Canadian Settlement Class Member must file a Canadian Claim Form with the Canadian Claims Administrator on or before the Canadian Claims Bar Deadline unless the Canadian Claims Administrator acting reasonably and in the best interests of Canadian Settlement Class Members extends the deadline for all Canadian Settlement Class Members.

20. The Plaintiff, Canadian Class Counsel (whether in its own capacity or its capacity as Canadian Claims Administrator), and the Referee may apply to this Court for directions in respect of the implementation and/or the administration of the Canadian Plan of Allocation or relating to any other matter.

21.     No person may bring any action or take any proceedings against the Plaintiff, ReconAfrica, the Canadian Claims Administrator, the Referee, or their respective employees, agents, partners, lawyers, associates, representatives, successors or assigns for any matter in any way relating to the administration of the Canadian Plan of Allocation or the implementation of this Order except with leave of this Court.

22.     Upon the Effective Date, the Canadian Action shall be dismissed against ReconAfrica with prejudice and without costs.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:


_____
Signature of lawyer for the Plaintiff
Andrew Morganti/Vincent W. DeMarco


_____
Signature of lawyer for the Defendant
Lara Jackson/Danielle DiPardo


By the Court

_____
Registrar