**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML<br><br>Honorable Nina R. Morrison |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:**
**(I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND**
**(II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND**
**REIMBURSEMENT OF LITIGATION EXPENSES**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................ 1

II.      ARGUMENT......................................................................................................... 3

         A.      The Positive Reaction Of The U.S. Settlement Class Supports Approval Of The U.S. Settlement And U.S. Plan Of Allocation .......................................................... 3

         B.      The U.S. Settlement Class's Reaction Supports Approval Of The Fee And Expense Application ................................................................................................ 5

III.      CONCLUSION.................................................................................................... 6

**TABLE OF AUTHORITIES**

<u>CASES</u>

*Guevoura Fund Ltd. v. Sillerman*,
  2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ........................................................................ 4, 6

*In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012) ....................................................................................... 3

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ........................................................................... 5, 6

*In re Global Crossing Sec. and ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004) ............................................................................................... 3

*In re Luxottica Grp. S.p.A. Sec. Litig.*,
  233 F.R.D. 306 (E.D.N.Y. 2006) ............................................................................................... 3

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
  2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ............................................................................... 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  986 F. Supp. 2d 207 (E.D.N.Y. 2013) ....................................................................................... 5

*In re Qudian Inc. Sec. Litig.*,
  2021 WL 2328437 (S.D.N.Y. June 8, 2021) ............................................................................. 6

*In re Signet Jewelers Limited Sec. Litig.*,
  2020 WL 4196468 (S.D.N.Y. July 21, 2020) ........................................................................... 2

*In re Tenaris S.A. Sec. Litig.*,
  2024 WL 1719632 (E.D.N.Y. April 22, 2024) ......................................................................... 4

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ............................................................................. 5

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ............................................................................. 5

*In re XL Fleet Corp. Sec. Litig.*,
  2024 WL 1884483  (S.D.N.Y. April 30, 2024) ......................................................................... 6

*Maley v. Del Global Techs. Corp.*,
  186 F. Supp. 2d 358 (S.D.N.Y. 2002) ....................................................................................... 5

*Ressler v. Jacobson*,
   149 F.R.D. 651 (M.D. Fla. Dec. 15, 1992) ................................................................................ 3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) ...................................................................................................... 3

*Wilson v. LSB Indus., Inc.*,
   2019 WL 3542844 (S.D.N.Y. June 28, 2019) ........................................................................ 6

Court-appointed lead plaintiff Robert Partovy ("U.S. Lead Plaintiff"), and his counsel, Glancy Prongay & Murray LLP ("U.S. Lead Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 64-65, 68); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF Nos. 66-68, the "Fee and Expense Application").[1]

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's August 13, 2024, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 60; the "Preliminary Approval Order"), approximately 17,828 copies of the Court-approved U.S. Postcard Notice or U.S. Notice and U.S. Claim Form were disseminated to potential U.S. Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2]  In addition, the Court-appointed U.S. Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"): (i) caused the U.S. Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on September 23, 2024,[3] and (ii) the U.S. Notice, U.S. Claim Form, Stipulation, Preliminary Approval Order, and the Amended Complaint Class Action Complaint for Violations of the Federal Securities Laws (ECF

---

[1] Unless otherwise defined herein, all capitalized terms are defined in the Global Stipulation and Agreement of Settlement, dated as of February 27, 2024 ("Stipulation"; ECF No. 55-1), or in the Declaration of Garth Spencer in Support of: (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Spencer Declaration") (ECF No. 68).

[2] *See* Supplemental Declaration of Morgan Kimball Regarding: (A) Mailing of Notice; (B) Requests for Exclusion and Objections; and (C) Claim Forms Received to Date (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto), at ¶6.

[3] *See* ECF No. 68-1 (Declaration of Morgan Kimball Regarding: (A) Mailing of Notice; (B) Publication of the U.S. Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Initial Mailing Decl.")), at ¶10 & Ex. C.

No. 31), among other important case-related documents, to be posted on the Settlement Website (www.ReconAfricaUSSecuritiesSettlement.com).  *See* Initial Mailing Decl., ¶17.  The U.S. Postcard Notice, U.S. Notice, U.S. Summary Notice and Settlement Website informed U.S. Settlement Class Members of the November 28, 2024 deadline to: (i) submit an objection to the U.S. Settlement, U.S. Plan of Allocation, and/or Fee and Expense Application; or (ii) request exclusion from the U.S. Settlement Class.  *See id.*, ¶¶19-20, & Exs. A-C.

On November 14, 2024, fourteen (14) days prior to the objection deadline, U.S. Lead Plaintiff and U.S. Lead Counsel filed their opening papers in support of the U.S. Settlement, U.S. Plan of Allocation, and request for attorneys' fees and reimbursement of U.S. Litigation Expenses. The motions are supported by the declarations of U.S. Lead Plaintiff, U.S. Lead Counsel, and the U.S. Claims Administrator.  These papers are available on the public docket and on the Settlement Website.  *See* ECF Nos. 64-68; *see also* Settlement Website, Important Documents page.[4]

Following this extensive notice process, **_no_** U.S. Settlement Class Member has objected to the U.S. Settlement, the U.S. Plan of Allocation, or U.S. Lead Counsel's Fee and Expense Application.  Moreover, Epiq has only received one request for exclusion.  *See* Suppl. Mailing Decl., ¶11 & Ex. A.  The absence of any objections and the single opt-out by a U.S. Settlement Class Member provide strong evidence of the fairness and reasonableness of the proposed U.S. Settlement, U.S. Plan of Allocation, and Fee and Expense Application.  *See In re Signet Jewelers Limited Sec. Litig.*, 2020 WL 4196468, at \*6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); and at \*21 ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable.");

---

[4] https://www.reconafricaussecuritiessettlement.com/Home/Documents

*Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").[5]

For all the reasons set forth herein, and in the opening papers filed with the Court on November 14, 2024, U.S. Lead Plaintiff and his counsel respectfully request that the Court approve the U.S. Settlement, U.S. Plan of Allocation, and request for attorneys' fees and reimbursement of U.S. Litigation Expenses.

## II.    ARGUMENT

### A.    The Positive Reaction Of The U.S. Settlement Class Supports Approval Of The U.S. Settlement And U.S. Plan Of Allocation

"It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighted in considering its adequacy." *In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry."). "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Id*. at 118.

Here, the lack of objections, and single request for exclusion, weighs heavily in favor of the Court approving the U.S. Settlement. *See, e.g.*, *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006) ("Lack of objection is strong evidence of the settlement's fairness."); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("The virtual absence of objections and opt-outs, in light of the large size of the plaintiff classes, and the scope and complexity of the settlement, constitutes a ringing endorsement of the settlement

---

[5] Unless otherwise indicated, all internal quotations and citations are omitted.

by class members."); *In re Tenaris S.A. Sec. Litig.*, 2024 WL 1719632, at \*12 (E.D.N.Y. April 22, 2024) ("Courts recognize that in a securities class action, where the class likely contains sophisticated investors" class members "are in a position to object such that the absence of objections should be credited as an indication of a successful settlement." (cleaned up)); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at \*7 (S.D.N.Y. Dec. 18, 2019) ("The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement. Thus, this factor strongly supports approval of the Settlement."); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at \*10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").

U.S. Settlement Class Members' affirmative participation in the U.S. Settlement by submitting claims also indicates a positive reaction to the U.S. Settlement.  The claims filing deadline is January 9, 2024, and as of December 9, 2024, 573 U.S. Claims have been submitted by potential U.S. Settlement Class Members seeking to participate in the U.S. Settlement.  *See* Supp. Mailing Decl., ¶14.  Based on Epiq's preliminary review of 566 of the 573 U.S. Claims, 371 U.S. Claims are considered fully valid, 152 U.S. Claims are partially valid, and 43 are invalid. *Id.* at ¶15-16.  Seven (7) U.S. Claims are currently pending preliminary review, and in Epiq's experience "the vast majority of Claims are submitted close to, or on, the Claim filing deadline." *Id.* at ¶16.  "This is because most institutional investors, brokers, and other nominees typically file Claims electronically at or near the claims filing deadline." *Id.*[6]

---

[6] U.S. Lead Counsel will provide the Court with a further update on the status of U.S. Claims at the December 19, 2024 U.S. Settlement Hearing.

In addition, there has not been a single objection to the U.S. Plan of Allocation.  *See* Suppl. Mailing Decl., ¶12.  This reaction supports approval of the U.S. Plan of Allocation.  *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation.").

### B. The U.S. Settlement Class's Reaction Supports Approval Of The Fee And Expense Application

"Finally, numerous courts have noted that the lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *27 (S.D.N.Y. Nov. 8, 2010).  Thus, the absence of *any* objections to U.S. Lead Counsel's application for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses, including U.S. Lead Plaintiff's request for a PSLRA award in the amount of $12,000 to compensate him for the time and effort expended on behalf of the U.S. Settlement Class, supports a finding that the fee and expense request is fair and reasonable.  *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought.  As was true with the underlying settlement, this overwhelmingly positive

5

response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."); *Guevoura Fund*, 2019 WL 6889901, at \*22 ("The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested.").[7]

\*        \*        \*

In sum, the complete absence of objections—together with single opt-out—strongly militates in favor of a finding that the U.S. Settlement is fair, reasonable, and adequate, that the proposed U.S. Plan of Allocation is fair and equitable, and that U.S. Lead Counsel's Fee and Expense Application should be granted. *See Wilson v. LSB Indus., Inc.*, 2019 WL 3542844, at \*1-\*2 (S.D.N.Y. June 28, 2019) (awarding attorneys' fees of 33⅓% of $18,450,000 settlement fund, plus reimbursement of $1,169,501.84 in out-of-pocket expenses, and PSLRA awards to two plaintiffs in the aggregate amount of $40,100 where "[t]here were no objections to the requested attorneys' fees and reimbursement of Litigation Expenses.").

## III.    CONCLUSION

For the reasons set forth herein and in the previously-filed Final Approval Memorandum (ECF No. 65), the Fee and Expense Memorandum (ECF No. 67), and the Spencer Declaration (ECF No. 68), U.S. Lead Plaintiff and U.S. Lead Counsel respectfully request that the Court: (i) approve the U.S. Settlement and U.S. Plan of Allocation as fair, reasonable, adequate, and in the best interest of the U.S. Settlement Class; (ii) award attorneys' fees to U.S. Lead Counsel in the

---

[7] *See also In re Qudian Inc. Sec. Litig.*, 2021 WL 2328437, at \*2 (S.D.N.Y. June 8, 2021) (granting PSLRA awards of $25,000 to lead plaintiff, and $12,500 to class representative for "reasonable costs and expenses directly related to [their] representation of the Class"); *In re XL Fleet Corp. Sec. Litig.*, 2024 WL 1884483, at \*2  (S.D.N.Y. April 30, 2024) (granting PSLRA award of $25,000 to Lead Plaintiff and awards of $15,000 to each of the other four named plaintiffs); *Flag Telecom*, 2010 WL 4537550, at \*27 (granting requests for PSLRA awards of $100,000 to one lead plaintiff, and $5,000 to the other, where "[n]o objections to these requests have been filed.").

amount of 33⅓% of the U.S. Settlement Fund, plus expenses in the amount of $96,332.37; and (iii) award $12,000 to U.S. Lead Plaintiff (Robert Partovy) as reimbursement for time spent representing the U.S. Settlement Class.[8]

Dated: December 12, 2024

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Garth A. Spencer*
Joseph D. Cohen (*pro hac vice*)
Ex Kano S. Sams II (*pro hac vice*)
Garth A. Spencer (GS-0298)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
jcohen@glancylaw.com
esams@glancylaw.com
gspencer@glancylaw.com

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
glinkh@glancylaw.com

*Counsel for U.S. Lead Plaintiff Robert Partovy and the U.S. Settlement Class*

---

[8] The U.S. Settlement is conditioned on the entry of the [Proposed] Order and Judgment. *See* Stipulation, ¶¶47, 49(e); Ex. B. The [Proposed] Judgment Approving Class Action Settlement, along with a [Proposed] Order Approving U.S. Plan of Allocation of U.S. Net Settlement Fund, and a [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By: */s/ Garth A. Spencer*
Garth A. Spencer