**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IN RE RECONNAISSANCE ENERGY
AFRICA LTD. SECURITIES
LITIGATION

Case No. 1:21-cv-06176-NRM-RML

Honorable Nina R. Morrison

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES**
**AND REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came on for hearing on December 19, 2024 (the "U.S. Settlement Hearing") on U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses. The Court having considered all matters submitted to it at the U.S. Settlement Hearing and otherwise; and it appearing that notice of the U.S. Settlement Hearing substantially in the form approved by the Court was provided to all U.S. Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Global Stipulation and Agreement of Settlement, dated as of February 27, 2024 ("Stipulation"; ECF No. 55-1) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the action and all parties to this action, including all U.S. Settlement Class Members.

3. Notice of U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses was given to all U.S. Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the U.S. Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best

notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.    U.S. Lead Counsel is hereby awarded attorneys' fees in the amount of _____% of the U.S. Settlement Fund (which amount includes interest earned at the same rate as the U.S. Settlement Fund) and $_____ in reimbursement of counsel's out-of-pocket litigation expenses (which fees and expenses shall be paid from the U.S. Settlement Fund).  The Court finds these sums to be fair and reasonable.

5.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the U.S. Settlement Fund, the Court has considered and found that:

(a)    The U.S. Settlement has created a cash fund equal to $7,009,759 U.S. dollars, that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous U.S. Settlement Class Members who submit acceptable U.S. Claim Forms will benefit from the U.S. Settlement that occurred because of the efforts of U.S. Lead Counsel;

(b)    Approximately 17,828 potential U.S. Settlement Class Members and nominees were mailed the U.S. Postcard Notice or the U.S. Notice and U.S. Claim Form. The U.S. Postcard Notice and U.S. Notice both state that U.S. Lead Counsel would apply for attorneys' fees in an amount not to exceed 33⅓% of the U.S. Settlement Fund and reimbursement of U.S. Litigation Expenses in an amount not to exceed $143,000.  There were no objections to the requested attorneys' fees and reimbursement of U.S. Litigation Expenses;

(c)    U.S. Lead Counsel has conducted the litigation and achieved the U.S. Settlement with skill, perseverance and diligent advocacy;

(d)    The U.S. Action raised a number of complex issues;

2

(e)    Had U.S. Lead Counsel not achieved the U.S. Settlement there would remain a significant risk that U.S. Lead Plaintiff and the other members of the U.S. Settlement Class may have recovered less than the U.S. Settlement Amount, or nothing at all, from Defendants;

(f)    U.S. Lead Counsel devoted at least 1,378.65 hours through November 1, 2024, with a lodestar value of approximately $1,160,081.25, to achieve the U.S. Settlement; and

(g)    The amount of attorneys' fees awarded and expenses to be reimbursed from the U.S. Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.    U.S. Lead Plaintiff Robert Partovy is hereby awarded $_____ from the U.S. Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the U.S. Settlement Class.

7.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the U.S. Judgment.

8.    Exclusive jurisdiction is hereby retained over the parties and the U.S. Settlement Class Members for all matters relating to the U.S. Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.    In the event that the U.S. Settlement is terminated or the Effective Date of the U.S. Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.    There is no just reason for delay in the entry of this Order, and immediate entry by

3

the Clerk of the Court is expressly directed.


SO ORDERED this _____ day of _____, 2024.


                                        _____

                                        THE HONORABLE NINA R. MORRISON
                                        UNITED STATES DISTRICT JUDGE

4