UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In Re Reconnaissance Energy Africa Ltd. Securities Litigation*, Case No. 1:21-cv-06176-NRM-RML (the "U.S. Action");

WHEREAS, (a) lead plaintiff Robert Partovy ("U.S. Lead Plaintiff"), on behalf of himself and the U.S. Settlement Class (defined below), and (b) defendant Reconnaissance Energy Africa Ltd. ("ReconAfrica"), and James Jay Park, Scot Evans, Ian D. Brown, Carlos Escribano, Shiraz Dhanani, Mark Gerlitz, and James Granath (collectively, the "Individual Defendants"; and, together with ReconAfrica, the "Defendants"; and together with U.S. Lead Plaintiff, the "U.S. Parties") have determined to settle all claims asserted against Defendants in this U.S. Action with prejudice on the terms and conditions set forth in the Global Stipulation and Agreement of Settlement dated February 27, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the U.S. Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "U.S. Settlement");

WHEREAS, the Stipulation also provides for the settlement of claims asserted against ReconAfrica in related litigation pending in Canada in the Supreme Court of British Columbia, *Bowles v. Reconnaissance Energy Africa Ltd.*, Court File No. VLC-S-S-233808, subject to the approval of the Canadian Court;

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall

have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated August 13, 2024 (the "U.S. Preliminary Approval Order"), this Court: (a) preliminarily approved the U.S. Settlement; (b) certified the U.S. Settlement Class solely for purposes of effectuating the U.S. Settlement; (c) ordered that notice of the proposed U.S. Settlement be provided to potential U.S. Settlement Class Members; (d) provided U.S. Settlement Class Members with the opportunity either to exclude themselves from the U.S. Settlement Class or to object to the proposed U.S. Settlement; and (e) scheduled a hearing regarding final approval of the U.S. Settlement;

WHEREAS, due and adequate notice has been given to the U.S. Settlement Class;

WHEREAS, the Court conducted a hearing on December 19, 2024 (the "U.S. Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the U.S. Settlement are fair, reasonable and adequate to the U.S. Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the U.S. Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the U.S. Settlement, all oral and written comments received regarding the U.S. Settlement, and the record in the U.S. Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the U.S. Action, and all matters relating to the U.S. Settlement, as well as personal jurisdiction over all of the U.S. Parties and each of the U.S. Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes

a part hereof: (a) the Stipulation filed with the Court on February 27, 2024; and (b) the U.S. Notice, the U.S. Summary Notice, and the U.S. Postcard Notice, all of which were filed with the Court on November 14, 2024.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the U.S. Preliminary Approval Order certifying, for the purposes of the U.S. Settlement only, the U.S. Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the U.S. Settlement Class consisting of all persons and entities that purchased or otherwise acquired publicly traded ReconAfrica Securities on the U.S. OTC market, between February 28, 2019 and September 7, 2021, both dates inclusive, and were damaged thereby. Excluded from the U.S. Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of ReconAfrica and/or its predecessor Lund Enterprises Corp. during the U.S. Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of ReconAfrica and/or Lund; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. For the avoidance of doubt: (a) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants; and (b) while investors that purchased ReconAfrica Securities exclusively on the TSXV or Frankfurt markets are excluded from the U.S. Settlement Class, investors that purchased ReconAfrica Securities on the TSXV or Frankfurt

markets in addition to the U.S. OTC market may be members of the U.S. Settlement Class; provided, however, ReconAfrica Securities purchased on the TSXV or Frankfurt markets may only be compensated from the Canadian Settlement Fund and are not eligible for compensation from the U.S. Settlement Fund.  Also excluded from the U.S. Settlement Class is the entity listed on Exhibit 1 hereto, which is excluded from the U.S. Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the U.S. Preliminary Approval Order certifying U.S. Lead Plaintiff as the Class Representative for the U.S. Settlement Class and appointing U.S. Lead Counsel as Class Counsel for the U.S. Settlement Class.  U.S. Lead Plaintiff and U.S. Lead Counsel have fairly and adequately represented the U.S. Settlement Class both in terms of litigating the U.S. Action and for purposes of entering into and implementing the U.S. Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – As of December 9, 2024, approximately 17,828 potential U.S. Settlement Class Members and nominees were mailed the U.S. Postcard Notice or the U.S. Notice and U.S. Claim Form (collectively, the "U.S. Notice Packet").  *See* ECF No. 69-4, paragraph 6.  The Court finds that the dissemination of the U.S. Postcard Notice and U.S. Notice Packet, the online posting of the U.S. Notice, and the publication of the U.S. Summary Notice: (a) were implemented in accordance with the U.S. Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise U.S. Settlement Class Members of (i) the pendency of the U.S. Action; (ii) the effect of the proposed U.S. Settlement (including the Releases to be provided thereunder); (iii) U.S. Lead Counsel's motion for an award of attorneys' fees and reimbursement of U.S.

Litigation Expenses; (iv) their right to object to any aspect of the U.S. Settlement, the U.S. Plan of Allocation and/or U.S. Lead Counsel's motion for attorneys' fees and reimbursement of U.S. Litigation Expenses; (v) their right to exclude themselves from the U.S. Settlement Class; and (vi) their right to appear at the U.S. Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed U.S. Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the U.S. Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the U.S. Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the U.S. Action), and finds that the U.S. Settlement is, in all respects, fair, reasonable and adequate to the U.S. Settlement Class. The U.S. Parties are directed to implement, perform and consummate the U.S. Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The U.S. Action and all of the claims asserted against Defendants in the U.S. Action by U.S. Lead Plaintiff and the other U.S. Settlement Class Members are hereby dismissed with prejudice. The U.S. Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, U.S. Lead Plaintiff and all other U.S. Settlement Class Members (regardless of whether or not any individual U.S. Settlement Class Member submits a U.S. Claim

5

Form or seeks or obtains a distribution from the U.S. Net Settlement Fund), as well as their respective successors and assigns. The entity listed on Exhibit 1 hereto is excluded from the U.S. Settlement Class pursuant to request and is not bound by the terms of the Stipulation or this Judgment.

        9.      **Releases** – The Releases set forth in paragraphs 7 and 9 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

        (a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the U.S. Settlement, U.S. Lead Plaintiff and each of the other U.S. Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released U.S. Plaintiff's Claims on behalf of the respective U.S. Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released U.S. Plaintiff's Claim against the Defendants and the other Released Defendant Parties, and shall forever be enjoined from prosecuting any or all of the Released U.S. Plaintiff's Claims against any of the Released Defendant Parties. This Release shall not apply to any of the Excluded U.S. Claims (as that term is defined in paragraph 1(vv) of the Stipulation).

        (b)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the U.S. Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of this

Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against U.S. Lead Plaintiff and the other Released Plaintiff Parties, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.  This Release shall not apply to the entity listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the U.S. Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the U.S. Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the U.S. Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the U.S. Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the U.S. Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by U.S. Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this U.S. Action or in any other litigation, or

7

of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the U.S. Complaint would not have exceeded the U.S. Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the U.S. Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the U.S. Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the U.S. Parties for purposes of the administration, interpretation, implementation and enforcement of the U.S. Settlement; (b) the disposition of the U.S. Settlement Fund; (c) any motion for an award of attorneys' fees and/or U.S. Litigation Expenses by U.S. Lead Counsel in the U.S. Action that will be paid from the U.S.

Settlement Fund; (d) any motion to approve the U.S. Plan of Allocation; (e) any motion to approve the U.S. Class Distribution Order; and (f) the U.S. Settlement Class Members for all matters relating to the U.S. Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of U.S. Lead Counsel for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the U.S. Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, U.S. Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the U.S. Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of U.S. Settlement Class Members in connection with the U.S. Settlement. Without further order of the Court, U.S. Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the U.S. Settlement.

16. **Termination of Settlement** – If the U.S. Settlement is terminated as provided in the Stipulation or the Effective Date of the U.S. Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of U.S. Lead Plaintiff, the other U.S. Settlement Class Members and Defendants, and the U.S. Parties shall revert to their respective positions in the U.S. Action as of December 20, 2023, as provided in the Stipulation.

17. **Claims** – As of December 18, 2024, 682 U.S. Claims have been filed with the U.S. Claims Administrator, which, based on preliminary determinations that are subject to change, has

found that: (a) 441 U.S. Claims are valid; (b) 175 U.S. Claims are deficient, but may be cured; (c) 59 U.S. Claims are invalid; and (d) 7 U.S. Claims are pending processing. The Claims Administrator may continue to receive U.S. Claims after the January 9, 2025, U.S. Claims filing deadline. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (district court has discretion to grant late claims); *In re Signet Jewelers Limited Sec. Litig.*, 2021 WL 5357468, at *1 (S.D.N.Y. Nov. 16, 2021) (accepting "Late but Otherwise Eligible Claims"); *In re Luckin Coffee Inc. Sec. Litig.*, 2023 WL 3483762, at *1 (S.D.N.Y. April 21, 2023) (same). There must, however, be a final cut-off date after which no more U.S. Claims may be accepted so that a proportional distribution of the U.S. Net Settlement Fund may take place. *See In re Gypsum Antitrust Cases*, 565 F.2d at 1127 ("There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citation omitted). Accordingly, (a) no new U.S. Claims may be accepted after April 25, 2025 2025; and (b) no adjustments to U.S. Claims, which would result in an increased Recognized Loss Amount may be accepted after August 29, 2025. Should an adjustment be received that results in a lower Recognized Loss Amount, that adjustment will be made, and the Recognized Loss amount will be reduced accordingly.

18. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this U.S. Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this U.S. Action.

SO ORDERED this 30th day of December, 2024.

*/s/ NRM*

_____
THE HONORABLE NINA R. MORRISON
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**[List of Entities Excluded from the U.S. Settlement Class Pursuant to Request]**

1.     WesBanco Trust & Investment Services Tr UA Dtd 4-29-1986 with and for Edward W. Stifel, III