UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML<br><br>Honorable Nina R. Morrison |

**ORDER APPROVING**
**U.S. PLAN OF ALLOCATION OF U.S. NET SETTLEMENT FUND**

This matter came on for hearing on December 19, 2024 (the "U.S. Settlement Hearing") on U.S. Lead Plaintiff's motion to determine whether the proposed plan of allocation of the U.S. Net Settlement Fund ("U.S. Plan of Allocation") created by the U.S. Settlement achieved in the above-captioned class action (the "U.S. Action") should be approved. The Court, having considered all matters submitted to it at the U.S. Settlement Hearing and otherwise; and it appearing that notice of the U.S. Settlement Hearing substantially in the form approved by the Court was provided to all U.S. Settlement Class Members who or which could be identified with reasonable effort, and that a publication notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed U.S. Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Global Stipulation and Agreement of Settlement, dated as of February 27, 2024 ("Stipulation"; ECF No. 55-1) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order approving the proposed U.S. Plan of Allocation, and over the subject matter of the U.S. Action and all parties to the U.S. Action, including all U.S. Settlement Class Members.

3. Notice of U.S. Lead Plaintiff's motion for approval of the proposed U.S. Plan of Allocation was given to all U.S. Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the U.S. Settlement Class of the motion for approval of the proposed U.S. Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. At least 17,828 potential U.S. Settlement Class Members and nominees were mailed the U.S. Postcard Notice or the U.S. Notice and U.S. Claim Form. The U.S. Plan of Allocation was contained in the U.S. Notice, which was posted on the U.S. settlement website (www.ReconAfricaSecuritiesSettlement.com). No objections to the U.S. Plan of Allocation have been received. As of December 18, 2024, 682 U.S. Claims have been filed with the U.S. Claims Administrator, which, based on preliminary determinations that are subject to change, has found that: (a) 441 U.S. Claims are valid; (b) 175 U.S. Claims are deficient, but may be cured; (c) 59 U.S. Claims are invalid; and (d) 7 U.S. Claims are pending processing. The Claims Administrator may continue to receive U.S. Claims after the January 9, 2025, U.S. Claims filing deadline. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (district court has discretion to grant late claims); *In re Signet Jewelers Limited Sec. Litig.*, 2021 WL 5357468, at *1 (S.D.N.Y. Nov. 16, 2021) (accepting "Late but Otherwise Eligible Claims"); *In re Luckin Coffee Inc. Sec.*

*Litig.*, 2023 WL 3483762, at *1 (S.D.N.Y. April 21, 2023) (same). There must, however, be a final cut-off date after which no more U.S. Claims may be accepted so that a proportional distribution of the U.S. Net Settlement Fund may take place. *See In re Gypsum Antitrust Cases*, 565 F.2d at 1127 ("There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citation omitted). Accordingly, (a) no new U.S. Claims may be accepted after April 25, 2025; and (b) no adjustments to U.S. Claims, which would result in an increased Recognized Loss Amount may be accepted after August 29, 2025. Should an adjustment be received that results in a lower Recognized Loss Amount, that adjustment will be made, and the Recognized Loss amount will be reduced accordingly.

5. The Court hereby finds and concludes that the formula for the calculation of the claims of U.S. Claimants as set forth in the U.S. Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the U.S. Net Settlement Fund with due consideration having been given to administrative convenience and necessity.

6. The Court hereby finds and concludes that the U.S. Plan of Allocation is, in all respects, fair and reasonable to the U.S. Settlement Class.

7. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 30th day of December, 2024.

*/s/ NRM*

_____
THE HONORABLE NINA R. MORRISON
UNITED STATES DISTRICT JUDGE