UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RECONNAISSANCE ENERGY AFRICA LTD. SECURITIES LITIGATION | Case No. 1:21-cv-06176-NRM-RML<br><br>Honorable Nina R. Morrison |

**U.S. CLASS DISTRIBUTION ORDER**

Having considered all materials and arguments submitted in support of Lead Plaintiff's Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Morgan Kimball in Support of Lead Plaintiff's Motion for Class Distribution Order (the "Kimball Declaration"), and the Declaration of Lauren Barnes of the Public Justice Foundation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This U.S. Class Distribution Order incorporates by reference the definitions in the Global Stipulation and Agreement of Settlement dated February 24, 2024 (the "Stipulation"; ECF No. 55-1). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Kimball Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all U.S. Settlement Class Members.

3. As set forth in the Kimball Declaration, the administrative determinations of the U.S. Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the U.S. Claims Administrator accepting those Claims set forth in Exhibit D-1 of the Kimball Declaration are approved. Likewise, the administrative determinations of the U.S. Claims Administrator rejecting those U.S. Claims set forth in Exhibit D-2 of the Kimball Declaration are approved. For the avoidance of doubt, the Disputed Claims (U.S. Claims 404, 800000903, 800000904, and 800000905) are rejected.

4. The Court authorizes payment of $9,000 USD from the U.S. Settlement Fund to the U.S. Claims Administrator for the balance of the fees and expenses incurred, and to be incurred, in connection with the Initial U.S. Distribution process, as described in the Kimball Declaration.

5. The U.S. Distribution Plan for the U.S. Net Settlement Fund as set forth in the Kimball Declaration and accompanying exhibits is approved. Kimball Declaration ¶44. The balance of the U.S. Net Settlement Fund shall be distributed to Authorized U.S. Claimants. To encourage Authorized U.S. Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE." Authorized U.S. Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Kimball Declaration will irrevocably forfeit all recovery from the U.S. Settlement.

6. After the Initial U.S. Distribution of the U.S. Net Settlement Fund, the U.S. Claims Administrator shall make reasonable and diligent efforts to have Authorized U.S. Claimants cash their distribution checks. To the extent any monies remain in the fund six (6) months after the Initial U.S. Distribution, if cost-effective to do so and in consultation with U.S. Lead Counsel, Epiq will conduct a second distribution of the U.S. Net Settlement Fund (the "Second U.S. Distribution").

7. During the Second U.S. Distribution, any amounts remaining in the U.S. Net Settlement Fund after the Initial U.S. Distribution, after payment of Notice and Administration Expenses (including the estimated costs of such Second U.S. Distribution), Taxes, and any escrow fees, will be distributed: (i) first, if U.S. Lead Counsel, in consultation with Epiq, determines sufficient funds remain to warrant the processing of U.S. Claim Forms received after April 25, 2025, such claims will be processed, and any such late claims that are otherwise valid, together with any late adjustments to U.S. Claim Forms received after August 29, 2025, will be paid distribution amounts or additional distribution amounts to bring them into parity (in terms of the ratio of their Recognized Claims to their Distribution Amounts) with other Authorized U.S.

Claimants who have cashed their checks ("Post April 25 Authorized U.S. Claimants"); and (ii) second, on a *pro rata* basis to all Authorized U.S. Claimants who cashed their Initial U.S. Distribution check and would receive at least $10.00 USD from such distribution based on their *pro rata* share of the remaining funds after accounting for distributions to be made to the Post April 25 Authorized U.S. Claimants. If U.S. Lead Counsel, in consultation with Epiq, determines it is not cost effective to process U.S. Claim Forms received after April 25, 2025, or adjustments to Claim Forms received after August 29, 2025, those claims will be not be processed or adjusted, and the Second U.S. Distribution will be limited to Authorized U.S. Claimants in the Initial U.S. Distribution who cashed their Initial U.S. Distribution check and would receive at least $10.00 USD from such distribution based on their *pro rata* share of the remaining funds. After consulting with the U.S. Claims Administrator, Lead Counsel may approve further distributions, provided each Authorized U.S. Claimant has cashed their earlier check and would receive at least $10.00, if, after subtracting any extra settlement-administration costs, and after the payment of any taxes, the costs of preparing appropriate tax returns, and any escrow fees, another round of payments remains cost-effective.

8. At such time as U.S. Lead Counsel, in consultation with the U.S. Claims Administrator, determine that no additional distributions are cost-effective, then the funds will be donated to "the Public Justice Foundation, a non-sectarian, not-for-profit 501(c)(3) organization dedicated to, among other things, investor education and advocacy." *In re Stable Road Acquisition Corp. Sec. Litig.*, 2025 WL 924928, at *4 (C.D. Cal. Mar. 24, 2025); *In re Loop Industries, Inc. Sec. Litig.*, 2023 WL 6458976, at *2 (S.D.N.Y. Oct. 4, 2023) (same).

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration

or taxation of the U.S. Settlement Fund or the U.S. Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all U.S. Settlement Class Members and other U.S. Claimants, whether or not they are to receive payment from the U.S. Net Settlement Fund, are barred from making any further claims against the U.S. Net Settlement Fund, U.S. Lead Plaintiff, U.S. Lead Counsel, U.S. Plaintiff's Counsel, the U.S. Claims Administrator, the U.S. Escrow Agent, or any other agent retained by U.S. Lead Plaintiff or U.S. Lead Counsel in connection with the administration or taxation of the U.S. Settlement Fund or the U.S. Net Settlement Fund, or any other person released under the U.S. Settlement beyond the amounts allocated to them pursuant to the terms of this U.S. Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the U.S. Judgment, and this Order. *See Wilson v. LSB Indus., Inc.*, 2020 WL 5628039, at *2 (S.D.N.Y. Sept. 21, 2020) (providing for similar release); *In re Qudian Inc. Sec. Litig.*, 2022 WL 633863, at *2 (S.D.N.Y. Mar. 4, 2022); *Stein v. Eagle Bancorp, Inc.*, 2022 WL 4245185, at *2 (S.D.N.Y. Sept. 15, 2022).

10. The U.S. Claims Administrator is authorized to destroy: (a) paper or hard copies of the U.S. Claims and all supporting documentation one year after the Initial U.S. Distribution, or the Second U.S. Distribution, if that occurs; and (b) electronic copies of the U.S. Claims and all supporting documentation one year after all funds have been distributed.

**SO ORDERED** this 29th day of January 2026.

>       */s/ Nina R. Morrison*
> THE HONORABLE NINA R. MORRISON
> UNITED STATES DISTRICT JUDGE